

**RECEIVED**

JUL 2 6 2017

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## IN THE
## UNITED STATES DISTRICT COURT
## FOR THE
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

Lee Oties Love, Jr.

**1:17-cv-05482**
**Judge Sharon Johnson Coleman**
**Magistrate Judge M. David Weisman**

    Plaintiff

    V

Supreme Court of Illinois, Pamela E. Loza,
Luciano Panici, James P. Murphy, Joshua P. Haid   **Jury Demand:** $7.9 Million Dollars

  Defendants

## Complaint of Civil Rights Violations
## Trespassing of the Laws
## Treason
## Jim Crow Violations
## Judicial Corruption Conspiracy
## Unequal Protection of the Laws

To the Honorable Judges of the United States District Court for the Northern District:

    Complainant a United States Citizen, Lee Otis Love, Jr., hereby respectfully represents as Counsel Pro Se shows this court with corroboration/admissions and affidavit the noted reasons why this matter should be within this court's Jurisdiction; {Pursuant to **(A) Color (Title V11 of the Civil Rights Act of 1964 and 42 U.S.C. 1981)**
**(B) Race (Title V11 of the Civil Rights Act of 1964 and 42 U.S.C. 1981)**
  **Racial Discrimination, Racial Retaliation, Racial Hatred, Racial Oppression, Civil Rights Violations, Unequal Applications of the Laws, and Disparate Treatment on the basis of race, color or national origin (42 U.S.C. 1981).**

This court has Jurisdiction over the statutory violation alleged as conferred as follows: over **Title V11 claims by U.S.C. {1331, 28 U.S.C. {1343 (a) (3), and 42 U.S.C. {2000e-5 (F) (3); over 42 U.S.C. {1981 and {1983 by 42 U.S.C. {1988; over the A.D.E.A. by 42 U.S.C. {12117}.**

1

*1.)* In addition, alleged violations of the noted Sections the **7th Cir**. Held that the Cook County Courts were a Criminal enterprise. *U.S. v. Murphy, 768 F. 2d 1518, 1531 where precedent was enacted by Judges Frank H. Easterbrook, Richard D. Cudahy and former Chief judge Luther Merritt Swygert;*

## TRESPASSERS OF THE LAW

The Illinois Supreme Court has held that "if the magistrate has not such jurisdiction, then he and those who advise and act with him, or execute his process, are trespassers." Von Kettler et.al. v. Johnson, 57 Ill. 109 (1870) Under Federal law which is applicable to all states, the U.S. Supreme Court stated that if a court is "without authority, its judgments and orders are regarded as nullities. They are not voidable, but simply void; and form no bar to a recovery sought, even prior to a reversal in opposition to them. They constitute no justification; and all persons concerned in executing such judgments or sentences, are considered, in law, as trespassers." Elliot v. Piersol, 1 Pet. 328, 340, 26 U.S. 328, 340 (1828)

The Illinois Supreme Court held that if a court "could not hear the matter upon the jurisdictional paper presented, its finding that it had the power can add nothing to its authority, - it had no authority to make that finding." The People v. Brewer, 128 Ill. 472, 483 (1928).

In addition, when judges act when they do not have jurisdiction to act, or they enforce a void order (an order issued by a judge without jurisdiction), they become trespassers of the law, and are engaged in treason (see below).

The Court in Yates v. Village of Hoffman Estates, Illinois, 209 F. Supp. 757 (N.D. Ill. 1962) held that "not every action by a judge is in exercise of his judicial function. ... It is not a judicial function for a judge to commit an intentional tort even though the tort occurs in the courthouse." When a judge acts as a trespasser of the law, when a judge does not follow the law, the judge loses subject-matter jurisdiction and the judge's orders are void, of no legal force or effect.

The U.S. Supreme Court, in Scheuer v. Rhodes, 416 U.S. 232, 94 S. Ct. 1683, 1687 (1974) stated that "when a state officer acts under a state law in a manner violative of the Federal Constitution, he "comes into conflict with the superior authority of that Constitution, and he is in that case stripped of his official or representative character and is subjected in his person to the consequences of his individual conduct. The State has no power to impart to him any immunity from responsibility to the supreme authority of the United States." [Emphasis

2

supplied in original]. By law, a judge is a state officer. The judge then acts not as a judge, but as a private individual (in his person).

To: Supreme Court of Illinois, 200 East Capital Ave. Springfield IL. 62701-1721;

Pamela Elizabeth Loza 50 West Washington, Chicago, IL 60601, Room 3009;

James P. Murphy 555 West Harrison, Chicago, IL. 60607, Room 402;

Luciano Panici 16501 South Kedzie Parkway, Markam IL. 60428, Room 105;

Joshua P. Haid Sears/Willis Tower 233 South Wacker, Chicago IL. 60606 84th floor;

**PLEASE BE ADVISED** that on July 18, **2017,** A Civil Rights Complaint has been filed before the United States District Court.

Respectfully Submitted

Lee Oties Love, Jr.
8435 S. Peoria
Chicago, IL. 60620
773 783-5691

IN THE
UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

## CERTIFICATE OF SERVICE

I  Lee Oties Love, Jr, certify that I have on this day filed said Notice of Civil Complaint and Jurisdictional Statement before the Northern District Court of Illinois.

Dated July 18, 2017

_____

**Lee Oties Love, Jr.**
**Pro Se**

IN THE
UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Lee Oties Love, Jr.                          Civil Action #

                                             Hon:

    Plaintiff

      V

Supreme Court of Illinois, Pamela E. Loza,
Luciano Panici, James P. Murphy, Joshua P. Haid    **Jury Demand:** $7.9 Million Dollars

    Defendants

## CIVIL RIGHTS COMPLAINT ET AL

### Jurisdictional Statement

**Order entered: June 6, 2017**
**Notice of Civil Rights Complaint: July 18, 2017**

**Statute: Treason, Trespassing upon the Laws, Unequal Protection of the Laws Violations, Disparate Unequal Protection of the Laws, Civil Rights Violations, Jim Crow Violations, Judicial Abuse of Discretion, Racial Terrorism Conspiracy, Perjury, Admission of all facts by all Defendants, No Objections by any Defendants, Public, Political, Fraternal Corruption Conspiracies, Fraud on the Courts and other Un-Constitutional Lawless Violations.**

Plaintiff is appealing to the **United States District Court**, for a reversal and remand with instructions based on the foregoing stated above:

The **United States District Court** has the Jurisdiction, to correct any error, and establish any precedent in the law where deemed necessary, without fear of reprisals from any political organization, terrorist fraternal orders, elected or otherwise, for the mandate of their decision;

The **United States District Court** has the Jurisdiction and Wisdom to recognize when an individual has not been afforded sapiency in accordance to

the United States Constitution via a Democratic Party Machine or Republican Machine;

Plaintiff is before the **United States District Court** because as a"*Pro Se*" "*Informa Pauper's*" the admissions recorded in this instrument demonstrates under the Illinois Legal system Black and Brown lives don't matter and the Jim Crow methods still being exercised criminalizing persons of color for attempting to rise above racial injustice perpetrated on innocent persons.

Plaintiff is before the **United States District Court** because of the color of his skin all defendants have admitted to all criminal acts and civil rights violations but the judges have ignored all admissions affidavits, the Laws and laws the United States Constitution and Plaintiffs Civil Liberties, validating the veracity Plaintiff is a nobody merely because of his skin color, every ruling has been dispensated according to racial political guidelines;

For all of the aforementioned reasons is why Plaintiff is before the **United States District Court for Jurisdiction and Enforcement.**

I affirm the above as being true.

Respectfully Submitted, Pro Se

_____

Oties Lee Love, Jr.

IN THE
UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**AFFIDAVIT**

**In support of Civil Rights Complaint et al.**

**{Pursuant to 28 U.S.C.A. 1446 (a)}**

I Otis Lee Love, Jr., Pro Se, HAVE BEEN MANY TIMES DENIED IN ALL COURTS NEVER TRIED being duly sworn on oath states: That all Defendant's acted knowingly, intentionally, committed "Treason" "Trespassed upon the Laws" willfully and maliciously, due to his skin color and because they controlled all state judges and courts within the Democratic Political Machine and the outcome of every ruling involving any member of said party:

    A- Pursuant to **Sup Ct. Rule 272** *"if at the time of announcing final judgment the judge requires the submission of a form of written judgment to be signed by the judge et al" the judgment becomes final only when the signed judgment is filed—* Judges are bound by this rule before their court orders are valid;

1.) That on May 10, 2017, Clerk of the Illinois Sup. Ct. acknowledged receipt of the aforementioned, hereto attached, May 11, 2017 Notice from the Sup.Ct. Plaintiff filed a Motion for leave to file a Petition for Writ of Mandamus and/or issuance of a supervisory order vacating orders due to criminal acts of "fraud" trespassing upon the laws "treason," and recusing judges for "cause" due to bias and/or prejudicial conduct pursuant to S.H.A. 735 ILCS 5/2-1001(a) (2,3) (West 2006), and to impose sanctions/remands pursuant to Supreme Court Rule 137, S.H.A. Criminal Ch. 38, 33-3 with affidavit;

2.) That on June 6, 2017, Clerk of the **Illinois Sup. Ct**. sent the following document in violation of **Sup. Ct Rule 272** no judge's signature recorded demonstrating the document lacked jurisdiction over the parties due to it being void!

3.) That said Clerk of the **Sup. Ct**. tried to pass off an illegal document which stated, *"Today the following order was entered in the captioned case":*

    A- The aforementioned document was purportedly sent to the Cook County States' Attorney (Richard J. Daley Center Room 500), James P. Murphy, Joshua P. Haid, Luciano Panici, Pamela E. Loza and Timothy C. Evans

B- The Illinois Supreme Court held that if a court "could not hear the matter upon the jurisdictional paper presented, its finding that it had the power can add nothing to its authority, - and it had no authority to make that finding." The People v. Brewer, 128 Ill. 472, 483 (1928).

When judges act when they do not have jurisdiction to act, or they enforce a void order (an order issued by a judge without jurisdiction), they become trespassers of the law, and are engaged in treason.

C- That pursuant to the court transcript of July 5, 2017, **Page 18 Line 20-21** Judge Loza *"You don't get the original. You don't get my signature hard copy sir"*

D- That pursuant to the court transcript, **Page 3 Lines 3-5** Plaintiff, *"I get the Riverdale (phonetic) police officer's to escort me to her house. They won't do nothing because they say that my court order is not signed by you."*

E- That Judge Loza has admitted to and validated the verity of ***"Trespassing upon the Laws"*** and engaging in ***"Treason"*** pursuant to **Page 3 Lines 8-11** *"Excuse me Dear. Okay. You can always go to the clerk's office and get a certified copy. But you will not get a copy of my signature for many reasons. People tend to copy it. I don't like that."* Said Judge violated all *Rules of law Canon Ethics, Code of Judicial Conduct Rule 62 Scott, 377 Mass. 364, 386 N.E. 2d 218, 220 (1979) See Lopez-Alexander, Unreported Order No. 85-279 (Colo. May 3, 1985)* (Judge removed for, inter alia, a persistent pattern of abuse of the contempt power. The Mayor of Denver accepted the findings of the Denver County Court Judicial Qualification Commission that the judge's conduct could not be characterized as mere mistakes or errors of law and that the conduct constituted willful misconduct in office and conduct prejudicial to the administration of justice that brings the judicial office into disrepute). Canon Ethics where there is a pattern of disregard or indifference, which warrant discipline.

F- That all Defendants have admitted via State Laws all pleadings as being true and because the Illinois Supreme Court had an insurgent within the membership to mail from Springfield a Blank Court Order absent a Certified Signature or name Denying the unchallenged Petition for Writ of Mandamus et al. that said members of the Democratic party are demonstrating their hate for persons of color or independents outside the ethnicity of color has not changed;

G- That members of the Illinois Supreme Court and Judge Loza have demonstrated with the legal standard of the Preponderance of the Evidence

along with the Directed Evidence of said attachments described as Exhibits not having jurisdiction on the Plaintiff but have violated their oaths in office and has Induced others to become complicit in an "Organized Conspiracy" Inducing Reliance on other agencies and offices because of their criminal Civil rights actions. **Section 1983 of USCS contemplates the depravation of Civil Rights through the unconstitutional application of a law by conspiracy or otherwise. Mansell V. Saunders (CA 5 FLa) 372 F 2d 573, especially if the conspiracy was actually carried into effect and plaintiff was thereby deprived of any rights privileges, or immunities secured by the Constitution and laws, the gist of the action may be treated as one for the depravation of rights under 42 USCS 1983 Lewis V. Brautigam (CA 5 Fla) 227 F 2d 124, 55 Alr 2d 505.**

H-

# DEMOCRATIC PARTY HAS ROOTS IN VIOLENCE, RACISM AND BIGOTRY

DECEMBER 18, 2013| BY ROBERT GEHL

History can be an annoying, pernicious thing. Especially for those who try to hide it.

When I read this morning that a high school in the South was going to drop its racist, confederate name, I immediately thought of Democrats Strom Thurmond or Robert Byrd, who were Klan members and staunch segregationists.

But no ... the school is Nathan B. Forrest High School in Jacksonville, Fla. Forrest was a Confederate General and a leader of the Ku Klux Klan.

I decided to research a little bit into General Forrest and it turns out he was honored at the 1868 Democratic National Convention. In fact, the KKK was founded by Democrats to terrorize blacks and white Republicans.

The history of the Democratic Party is rooted in racism, violence, lynchings and bigotry. The National Review published an article detailing the racist history of the Democratic Party:

*May 22, 1856: Two years after the Grand Old party's birth, U.S. Senator Charles Sumner (R., Mass.) rose to decry pro-slavery Democrats. Congressman Preston Brooks (D., S.C.) responded by grabbing a stick and beating Sumner unconscious in the Senate chamber. Disabled, Sumner could not resume his duties for three years.*

*July 30, 1866: New Orleans's Democratic government ordered police to raid an integrated GOP meeting, killing 40 people and injuring 150.*

*September 28, 1868: Democrats in Opelousas, Louisiana killed nearly 300 blacks who tried to foil an assault on a Republican newspaper editor.*

*October 7, 1868: Republicans criticized Democrats' national slogan: "This is a white man's country: Let white men rule."*

*April 20, 1871: The GOP Congress adopted the Ku Klux Klan Act, banning the pro-Democrat domestic terrorist group.*

*October 18, 1871: GOP President Ulysses S. Grant dispatched federal troops to quell Klan violence in South Carolina.*

*September 14, 1874: Racist white Democrats stormed Louisiana's statehouse to oust GOP Governor William Kellogg's racially integrated administration; 27 are killed.*

*August 17, 1937: Republicans opposed Democratic President Franklin Delano Roosevelt's Supreme Court nominee, U.S. Senator Hugo Black (D., Al.), a former Klansman who defended Klansmen against race-murder charges.*

*February 2005: The Democrats' Klan-coddling today is embodied by KKK alumnus Robert Byrd, West Virginia's logorrhea U.S. senator and, having served since January 3, 1959, that body's dean. Thirteen years earlier, Byrd wrote this to the KKK's Imperial Wizard: "The Klan is needed today as never before and I am anxious to see its rebirth here in West Virginia." Byrd led Senate Democrats as late as December 1988. On March 4, 2001, Byrd told Fox News's Tony Snow:*

*"There are white niggers. I've seen a lot of white niggers in my time; I'm going to use that word." National Democrats never have arranged a primary challenge against or otherwise pressed this one-time cross-burner to get lost.*
*Contrast the KKKozy Democrats with the GOP. When former Klansman David Duke ran for Louisiana governor in 1991 as a Republican, national GOP officials scorned him. Local Republicans endorsed incumbent Democrat Edwin Edwards, despite his ethical baggage. As one Republican-created bumper sticker pleaded: "Vote for the crook: It's important!"*

*Republicans also have supported legislation favorable to blacks, often against intense Democratic headwinds:*

*In 1865, Congressional Republicans unanimously backed the 13th Amendment, which made slavery unconstitutional. Among Democrats, 63 percent of senators and 78 percent of House members voted: "No."*

*In 1866, 94 percent of GOP senators and 96 percent of GOP House members approved the 14th Amendment, guaranteeing all Americans equal protection of the law. Every congressional Democrat voted: "No."*

*February 28, 1871: The GOP Congress passed the Enforcement Act, giving black voters federal protection.*

*February 8, 1894: Democratic President Grover Cleveland and a Democratic Congress repealed the GOP's Enforcement Act, denying black voters federal protection.*

*January 26, 1922: The U.S. House adopted Rep. Leonidas Dyer's (R., Mo.) bill making lynching a federal crime. Filibustering Senate Democrats killed the measure.*

*May 17, 1954: As chief justice, former three-term governor Earl Warren (R., Calif.) led the U.S. Supreme Court's desegregation of government schools via the landmark Brown v. Board of Education decision. GOP President Dwight Eisenhower's Justice Department argued for Topeka, Kansas's black school children. Democrat John W. Davis, who lost a presidential bid to incumbent Republican Calvin Coolidge in 1924, defended "separate but equal" classrooms. September 24, 1957: Eisenhower deployed the 82nd Airborne Division to desegregate Little Rock's government schools over the strenuous resistance of Governor Orval Faubus (D., Ark.).*

*May 6, 1960: Eisenhower signs the GOP's 1960 Civil Rights Act after it survived a five-day, five-hour filibuster by 18 Senate Democrats.*

*July 2, 1964: Democratic President Johnson signed the 1964 Civil Rights Act after former Klansman Robert Byrd's 14-hour filibuster and the votes of 22 other Senate Democrats (including Tennessee's Al Gore, Sr.) failed to scuttle the measure. Illinois Republican Everett Dirksen rallied 26 GOP senators and 44 Democrats to invoke cloture and allow the bill's passage. According to John Fonte in the January 9, 2003, National Review, 82 percent of Republicans so voted, versus only 66 percent of Democrats.*

*True, Senator Barry Goldwater (R., Ariz.) opposed this bill the very year he became the GOP's presidential standard-bearer. However, Goldwater supported the 1957 and 1960 Civil Rights Acts and called for integrating Arizona's National Guard two years before Truman desegregated the military. Goldwater feared the 1964 Act would limit freedom of association in the private sector, a controversial but principled libertarian objection rooted in the First Amendment rather than racial hatred.*

*June 29, 1982: President Ronald Reagan signed a 25-year extension of the Voting Rights Act of 1965.*

*The Republican Party also is the home of numerous "firsts." Among them: Until 1935, every black federal legislator was Republican. America's first black U.S. Representative, South Carolina's Joseph Rainey, and our first black*

11

*senator, Mississippi's Hiram Revels, both reached Capitol Hill in 1870. On December 9, 1872, Louisiana Republican Pinckney Benton Stewart "P.B.S." Pinchback became America's first black governor.*

*August 8, 1878: GOP supply-siders may hate to admit it, but America's first black Collector of Internal Revenue was former U.S. Rep. James Rapier (R., Ala.).*

*October 16, 1901: GOP President Theodore Roosevelt invited to the White House as its first black dinner guest Republican educator Booker T. Washington. The pro-Democrat Richmond Times newspaper warned that consequently, "White women may receive attentions from Negro men." As Toni Marshall wrote in the November 9, 1995, Washington Times, when Roosevelt sought reelection in 1904, Democrats produced a button that showed their presidential nominee, Alton Parker, beside a white couple while Roosevelt posed with a white bride and black groom. The button read: "The Choice Is Yours."*
*GOP presidents Gerald Ford in 1975 and Ronald Reagan in 1982 promoted Daniel James and Roscoe Robinson to become, respectively, the Air Force's and Army's first black four-star generals.*

*November 2, 1983: President Reagan established Dr. Martin Luther King Jr.'s birthday as a national holiday, the first such honor for a black American. President Reagan named Colin Powell America's first black national-security adviser while GOP President George W. Bush appointed him our first black secretary of state.*

*President G.W. Bush named Condoleezza Rice America's first black female NSC chief, then our second (consecutive) black secretary of State. Just last month, one-time Klansman Robert Byrd and other Senate Democrats stalled Rice's confirmation for a week. Amid unanimous GOP support, 12 Democrats and Vermont Independent James Jeffords opposed Rice — the most "No" votes for a State designee since 14 senators frowned on Henry Clay in 1825.*

*By the way, if we're going to strip schools of the names of racists, Strom Thurmond High School in South Carolina and Robert C Byrd high school in West Virginia should be at the top of the list.*

4.) That Democratic Judge continuing the racist hatred perpetrated on innocent men of color as in the Plaintiff's case engaged in Treason and directed evidence of Trespassing upon the laws March 29, 2017 and May 31, 2017 Return of Body Attachment, hereto attached, court orders not signed in violation of Treason, said judge criminalized the Plaintiff for seeking visitation of his minor daughter;

5.) That said judge knowingly engaged in continuous criminal racist acts against the Plaintiff on July 5, 2017 whited out her name on an order of Oct. 21, 2013 validating the verity of said order being void and judge acting under her own racist private self and not as a State judge hereto attached;

6.) That Cook County Democratic judge having complete cognizance of racial injustice growing up in Albany Park and working in Logan Square with legal aid accepted the role of engaging in racist acts against the Plaintiff and those like him so as to be accepted by the true authors of the Democratic Machine party knowing she would never be admonished because of his skin color;

7.) That on July 5, 2017, Plaintiff appeared in judge Loza's court at a time football hall of famer Brian Urlacher was before her on a trial matter it was learned on this day that Judge Loza had a warrant against the Plaintiff;

    A- Judge Loza informed the Plaintiff if he dropped his Motion against her for disqualification she would quash the body attachment and forfeit the bond; otherwise, he would go to jail, Plaintiff agreed to her demands, the judge got a court reporter to transcribe the events, hereto attached, July 5, 2017 court order not signed.

**Section 1983 of USCS contemplates the depravation of Civil Rights through the unconstitutional application of a law by conspiracy or otherwise. Mansell V. Saunders (CA 5 FLa) 372 F 2d 573, especially if the conspiracy was actually carried into effect and plaintiff was thereby deprived of any rights privileges, or immunities secured by the Constitution and laws, the gist of the action may be treated as one for the depravation of rights under 42 USCS 1983 Lewis V. Brautigam (CA 5 Fla) 227 F 2d 124, 55 Alr 2d 505**

8.) That **Group Ex A** Motion before the **Illinois Sup. Ct**. not only did an attorney not object or deny but every judge and public official receiving knowledge or notice of the aforementioned acts closed their eyes and ears to the Democratic parties engaging in Treason and Trespassing upon the Laws;

9.) That Plaintiff prepared an affidavit hereto attached, July 13, 2017, Par 4 *"My attorney has prepared a motion in my defense demonstrating no domestic act has been perpetrated on my daughter and that my child's mother has fabricated the accounts so as to prevent me from seeking custody of my daughter because of alleged sex abuse allegations on my minor daughter while in her custody"*;

    A- Pursuant to the precedent already established, ***Carter v Mueller 457 N.E. 2d 1335 Ill. App. 1 Dist. 1983***, The Supreme Court of Illinois has held that: "The elements of a cause of action for fraudulent misrepresentation (sometimes referred to as "fraud and deceit" or deceit) are (1) False statement of material fact; (2) known or believed to be false by party making it; (3) intent to induce the other party to act; (4) action by the other party in reliance on the truth of the statement; and (5) damage to the other party resulting from such reliance;

B- Pursuant *to Brubakker v. Morrison, No. 1-9-1670, 1992 Ill. App. Lexis 2144 (1st Dist. Dec. 30, 1992).* Additionally, the fact that a false statement or omission is the result to an honest mistake is no defense to entry of a sanction. Et al.

C- *Pursuant to Vigus V. O'Bannon, 1886 8 N.E 788, 118 ILL 334. Hazelton V. Carolus, 1907 132 ILL. App. 512.*<u>Fraud admissibility</u> great latitude is permitted in proving fraud C.J.S. Fraud 104 ET Seg. Fraud 51-57. where a question of fraud and deceit is the issue involved in a case, great latitude is ordinarily permitted in the introduction of evidence, and courts allow the greatest liberality in the method of examination and in the scope of inquiry;

D- Hereto attached, **Ex 1**, case #120724 before the **Ill. Sup. Ct**. May 3, 2016 Joe Louis Lawrence v Hon Mary Lane Mikva, Judge of the Circuit Court of Cook County et al., etc. respondents Mandamus/Supervisory Order said Motion was granted only because said Motion requested leave to file in forma pauperis the order is in violation of Sup Ct. Rule 272 no judge signature;

E- Hereto attached, **Ex 2,** case #120724 before the **Ill. Sup. Ct**. May 18, 2016 Joe Louis Lawrence v Hon Mary Lane Mikva et al., Motion by petitioner, pro se to supplement motion for leave to file petition for writ of mandamus et al. Motion allowed the order is in violation of **Sup Ct Rule 272** no judge signature.

F- Hereto attached, **Ex 3,** case #120801 before the **Ill. Sup. Ct**. June 6, 2016, Emmanuel Bansa et al petitioners, v Hon Michael B. Hyman justice of the Appellate Court, first Dist., et al etc. respondents Mandamus Supervisory Order. The first African American to law clerk for the late Hon James Parsons of the Northern District Court was the attorney on this matter.

Motion by petitioners for leave to file petition for writ of mandamus and/or for issuance of a supervisory order vacating orders due to criminal acts of unlawfully selling home, and recusing judges for "cause" due to bias and/or prejudicial conduct pursuant to S.H.A. 735 ILCS 5/2-1001 (a) (2,3) (West 2006) to impose sanctions/remands pursuant to **Sup Ct Rule 137**, S.H.A. Criminal Ch. 38 33-3 with affidavit. Motion Denied. The order is in violation of **Sup Ct Rule 272** no judge signature.

G- Hereto attached, **Gr Ex 4** court order 88 D 079012 Hightower v Lawrence said order did not have a judges signature or attorney information and is a clear admission of judges engaging in <u>"Treason"</u> <u>"Trespassing"</u> upon the laws and to make matter worse there were never any paternity tests but the defendant was locked up five times for allegedly owing child support.

H- Hereto attached, **Gr Ex 5** court order with a valid signature **85 D 068184** dismissing said paternity suit where their paternity test had etc. Richard Daley was the States Attorney but because the judge was an African American judges in the Democratic Machine circumvented said court order and created the necessary documents criminalizing an innocent man of color because he stood for what was wrongfully done to him in the courts.

> Civil Rights Act of 1866- first section, enacted by the Senate and House of Representatives of the United States of America in Congress assembled. That all persons born in the United States and not subject to any foreign power, excluding Indians not taxed, are hereby declared to be citizens of the United States; and such citizens of every race and color, without regard to any previous condition of slavery or involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall have the same right, in every State and Territory in the United States, to make and enforce contracts, to sue, be parties, and give evidence, to inherit, purchase, lease, sell, hold and convey real and personal property, and to full and equal benefit of the laws and proceedings for the security of person and property, as is enjoyed by white citizens, and shall be subject to like punishment, pains, and penalties, and to none other, any law, statute, ordinances, regulation, or custom, to the contrary notwithstanding, Act of April 9, 1866, Ch. 31, 1, 14 Stat. 27, 42 U.S.C.A. 1981 (a).

In the 20th century, the Supreme Court began to overturn Jim Crow laws on constitutional grounds. In *Buchanan v. Warley* 245 US 60 (1917), the court held that a Kentucky law could not require residential segregation. The Supreme Court in 1946, in *Irene Morgan v. Virginia* ruled segregation in interstate transportation to be unconstitutional, in an application of the commerce clause of the Constitution. It was not until 1954 in *Brown v. Board of Education of Topeka* 347 US 483 that the court held that separate facilities were inherently unequal in the area of public schools, effectively overturning *Plessy v. Ferguson*, and outlawing Jim Crow in other areas of society as well. This landmark case consisted of complaints filed in the states of Delaware (*Gebhart v. Belton*); South Carolina (*Briggs v. Elliott*); Virginia (*Davis v. County School Board of Prince Edward County*); and Washington, D.C. (*Spottswode Bolling v. C. Melvin Sharpe*). These decisions, along with other cases such as *McLaurin v. Oklahoma State Board of Regents* 339 US 637 (1950), *NAACP v. Alabama* 357 US 449 (1958), and *Boynton v. Virginia* 364 US 454 (1960), slowly dismantled the state-sponsored segregation imposed by Jim Crow laws.

As the color line itself solidified at the turn of the nineteenth century, Jim Crow imposed on black people clear tactical disadvantages: restricted economic possibilities, narrow educational opportunities, inadequate housing options, high rates of death and disablement, persistent unemployment, and unrelenting poverty. Inasmuch as Jim Crow represented the race problem described by Gunnar Myrdal (1898–1987) in his 1944 treatise *The American Dilemma*, it was Jim Crow that created the race quandary; whites constructed the obstacles

African Americans confronted, while also blaming them for their conditions, denying them access to the resources of problem solving, and daring them—under threat of violence—to complain, protest, or advance.

Finally, protests or challenges to Jim Crow often proved futile, given law enforcement's complicity in the structure. From emancipation to the turn of the century, the Ku Klux Klan operated as a paramilitary arm of the Democratic Party in the South. The Klan, nightriders, red shirts, and other white terrorists intimidated African Americans with personal attacks, school burnings, and lynching's. African Americans rarely served as policemen, sheriffs, or deputies before the late 1940s. During the 1950s and 1960s, the connections between municipal and state governments, law enforcement, and racial violence were well known by officials and citizens alike. White officers were known to harass black people, disrupt black neighborhoods, and assault black women. Arrested for inflated charges, denied satisfactory counsel, and serving harsh sentences, African Americans were further disadvantaged in the courtroom. Rarely did they receive good counsel, nor could they serve on juries. When black lawyers could appear in the courtroom to argue cases, white judges and juries rarely listened. All-white juries decided against black defendants, even in the most obvious cases of innocence, but rarely convicted white defendants, despite evidence of guilt. African Americans—including the innocent—suffered the harsher punishments of extended jail time, forced farm labor, and peonage. Even women could be placed on the chain gangs working the roads and tracks across the South.

The Chicago Daily Law Bulletin, Wednesday April 26, 2006, **Page 1**, Illinois Political Machines help breed corruption, Associated Press writer Deanna Bellandi states, *"Illinois is apparently a Petri dish for corruption. It is a real breeding ground".*

That *Chicago is the most Corrupt City in America*, Huffington Post, Internet Newspaper, February 23, 2012; University of Illinois Professor Dick Simpson; *"The two worst crime zones in Illinois are the governor's mansion…..and the City Council Chambers in Chicago." Simpson a former Chicago Alderman told the AP "no other State can match us."*

Turner 24 F. Cas. 337 (No. 14247) C.C.D. Md. 1867) The "equal benefit" clause is cited in what would appear to be the earliest reported case enforcing the section. The plaintiff was an emancipated slave who was indentured as an apprentice to her former master. Although both whites and blacks could be indentured as an apprentice, under the law of Maryland, indentured blacks were not accorded the same educational benefits as whites and, unlike whites, were subject to being transferred to any other person in the same county. Circuit Judge Chase granted a writ of habeas corpus upon finding that the purported apprenticeship was in fact involuntary servitude and a denial under the Civil Rights Act of 1866 of the "full and equal benefit of all laws.

Despite the United States Constitution and Civil Rights Act Plaintiff has not been treated as a citizen of the United States in that whites under this

Political System has been able to circumvent the laws and commit Terrorist Acts of Treason Trespassing upon the laws at will because they are the majority in control of Chicago, Ill. Political system;

Democrats within the Political Machine do not want an educated man of color or Heterosexual to be gainfully employed, provide for his family or live freely where they desire, in that they are criminalized in the aforementioned manner so as to destroy men of color by any means necessary, See Dr Emmanuel and Connie Bansa unlawfully, See **Ex L and N** as innocent African American Otis Lee Love, Jr. have been impacted by members of the Democratic Machine who share a racial hate towards men of color pretending to like them only when there is an election:

10.) That said case demonstrates multiple acts of systemic applications of constitutional violations, in that judges and State Agencies acted as decision makers possessing final authority, Brown v. Bryan County, OKL., 67 F. 3d 1174 (1995), Stokes v. Bullins, 844 F. 2d 269, 275 (5th Cir. 1988), Wassum v. City of Bellaire, Texas, 861 F. 2d 453, 456 (5th Cir. 1988), Benavides v. County of Wilson, 955 F. 2d 968, 972 (5th Cir.) cert. denied,__ U.S.__, 113 S.Ct. 79, 121 L. Ed. 2d 43 (1992), "Liability will accrue for the acts of a municipal official when the official possess "final policymaking authority" to establish municipal policy with respect to the conduct that resulted in a violation of constitutional rights. Pembaur v. City of Cincinnati, 475 U.S. 469, 483, 106 S. Ct. 1292, 1300, 89 L.Ed. 2d 452

A- That not one African American, Negroe or anyone in competent authority opened their mouths to admonish anyone associated in these deliberate heinous acts perpetrated by members of the Democratic Political Machine

Lynching has taken on a different identity as demonstrated in this case while groups of whites stand by frolicking at a Black man hanging from a tree from a rope, racial injustice where several judges are trying to Bully and intimidate the Plaintiff because he is not inferior.

The same level of Democratic Racial Hatred is still being spewed in a Terrorist fashion as many are still ignoring the plights of innocent men of color victimized by these same acts.

In the wake of extensive investigations by Federal Law enforcement authorities revealing widespread corruption in the Illinois court system ("Operation Greylord") and elsewhere, indicating not only that significant professional misconduct was occurring but also that the requirement to report misconduct was frequently ignored, particularly in the cases of judges with regard to the conduct of other judges.

11.) That by virtue of the legal standard Preponderance of the Evidence the Law is clear judges have committed fraud on all legal entities and has done so

with Contempt for the laws of the United States Constitution, in that due to their ethnicity and political affiliation to the *"Democratic Political Machine"* makes them invincible and untouchable by any court or Federal Government;

B- That the Attorney General of the State of Illinois and States Attorney along with the Chief Judge of the Circuit Court all closed their eyes to the plethora of Terrorists Acts lodged at the Plaintiff;

C- That Pursuant to **Sup Ct. Rule 272** *"if at the time of announcing final judgment the judge requires the submission of a form of written judgment to be signed by the judge et al" the judgment becomes final only when the signed judgment is filed*— Judges are bound by this rule before their court orders are valid;

D- Where the trial court requests that a written judgment be prepared, and where the attorney who obtains the judgment prepares it and submits it to the judge for approval and entry, the judge's oral announcement of his decision and the reasons thereof have no effect; the judgment is not the act of the court until it is signed or approved and entered of record. *In re Marriage of Dwan, App 1st Dist. 1982, 64 Ill. Dec 340, 108 Ill. App 3d 808, 439 N. E. 2d 1005.*

12.) That said Defendants and all parties associated in these matters unanimously with Contempt for the United States Constitution and this Federal Court without legal constitutional authority has demonstrated their resolve and necessary methodologies of what they are willing to do and have done upholding Terrorism and all related acts ignored and disregarded the facts affidavits and court transcripts;

    a. That said Judges of the Illinois Supreme Court and Circuit Court Appellate Courts violated all Rules of law Canon Ethics, Code of Judicial Conduct Rule 62 Scott, 377 Mass. 364, 386 N.E. 2d 218, 220 (1979) See Lopez-Alexander, Unreported Order No. 85-279 (Colo. May 3, 1985) (Judge removed for, inter alia, a persistent pattern of abuse of the contempt power. The Mayor of Denver accepted the findings of the Denver County Court Judicial Qualification Commission that the judge's conduct could not be characterized as mere mistakes or errors of law and that the conduct constituted willful misconduct in office and conduct prejudicial to the administration of justice that brings the judicial office into disrepute). Canon Ethics where there is a pattern of disregard or indifference, which warrant discipline.

    b. The Supreme Court of Georgia removed a judge from office for disregarding defendant's Constitutional rights, including refusing to set appeal bonds for two defendant's in timely fashion, issuing bench warrants without probable cause, and forcing a defendant to enter a guilty plea in the absence of Counsel. The Court stated, that the judge's "cavalier disregard of these defendants' basic and fundamental constitutional rights exhibits an intolerable degree of judicial

incompetence, and a failure to comprehend and safeguard the very basis of our constitutional structure Id at 735 See also In re <u>Hammel,</u> 668 N.E. 2d 390 (N.Y. 1996). (Judge removed for improperly jailing defendants for their alleged failure to pay fines and make restitution which the judge had imposed, disregarding the defendant's basic constitutional rights).

13.)        A judge's disrespect for the rules of court demonstrates disrespect for the law. Judges are disciplined under Canon 2A for violating court rules and procedures. Judge ignored mandated witness order in attempt to accommodate witnesses' schedules; Citing Canon 2A the court noted, "[a] court's indifference to clearly stated rules breeds disrespect for and discontent with our justice system. Government can not demand respect of the laws by its citizens when its tribunals ignore those very same laws")

### U. S Sup Court Digest 24(1) General Conspiracy

**U.S. 2003**. Essence of a conspiracy is an agreement to commit an unlawful act.—U.S. v. Jimenez Recio, 123 S. Ct. 819, 537 U.S. 270, 154 L.Ed.2d 744, on remand 371F.3d 1093

*Agreement to commit an unlawful act, which constitutes the essence of a conspiracy, is a distinct evil that exist and be punished whether or not the substantive crime* ensues.-Id.
<u>*Conspiracy poses a threat to the public over and above the threat of the commission of the relevant substantive crime, both because the combination in crime makes more likely the commission of other crimes and because it decreases the part from their path of criminality.-Id.*</u>

### CONSPIRACY

Fraud maybe inferred from nature of acts complained of, individual and collective interest of alleged conspirators, situation, intimacy, and relation of parties at time of commission of acts, and generally all circumstances preceding and attending culmination of claimed conspiracy **Illinois Rockford Corp. V. Kulp, 1968, 242 N.E. 2d 228, 41 ILL. 2d 215.**

## CANON 1

A judge should uphold the integrity and independence of the judiciary. The integrity and independence of judges depend in turn upon their acting without fear or favor. Although judges should be independent, they should comply with the law, as well as provisions of this code. Public confidence in the impartiality of the judiciary is maintained by the adherence of each judge to this responsibility. Conversely, violation of this code diminishes public confidence in the judiciary and thereby does injury to the system of government under law.

Adoption of E.L.. "A VOID JUDGEMENT OR ORDER" is one that is entered by a court lacking jurisdiction over the parties or the subject matter, or lacking the inherent power to enter the particular order of judgment or where the ORDER was procured by "FRAUD". That no judge ever had proper jurisdiction on the Plaintiff.

Mississippi Comm'n on Judicial Performance v. Fletcher, *686 So. 2d 1075 (Miss. 1996)*; Mississippi Comm'n on Judicial Performance v. Byers, *757 So. 2d 961 (Miss. 2000) inquiry concerning a judge, 462 S.E. 2d 728 (GA 1995) Dash, 564 S.E. 2d 672 S.C.2002).*

That certain Judges of the Illinois Democratic Machine party have satisfied by the preponderance of evidence and met the full criteria's of Biasness, Prejudice and Civil Rights Violations, Terrorists acts at Plaintiff, in that 794 S.W. 2d 692 (Mo. App. 1990) "No system of justice can function at its best or maintain broad public confidence if a litigant can be compelled to submit his case in a court where the litigant sincerely believes the judge is incompetent or prejudicial ..........{T}hat is the price to be paid for a judicial system that seeks to free a litigant from a feeling of oppression". State ex Rel. McNary V. Jones, 472 S. W. 2d 637, 639-640 (Mo. App. 1971) Indeed, the right to disqualify a judge is "one of the keystones of our legal administration edifice" State ex Rel. Campbell V. Cohn, 606 S.W. 2d 399-401 (Mo. App. 1980). It is vital to public confidence in the legal system that the decisions of the court are not only fair, but also appear fair. Thus whether the disqualification of a judge hinges on a statute or rule in favor of the right to disqualify. A liberal construction is necessary if we wish to promote and maintain public confidence in the judicial system. Kohn, 606 S.W. at 401; State ex Rel. Ford Motor Co. V. Hess S.W. 2d 147, 148 (Mo. App1987).

**See that is why, the Ku Klux Klan Act of 1871 (was enacted) - Section 1 (42 U.S.C.) 1983.**

"Of all the Civil Rights legislation enacted in the aftermath of the Civil War, none has had a greater contemporary impact than the Ku Klux Klan Act of 1871. The Act grew out of a special one-paragraph message sent to the 42d Congress on March 23, 1871, by President Ulysses S. Grant, urgently requesting the enactment of legislation".

**Section 2 (42 U.S.C.) In the House of Representatives.**

"Congressional Debate of the second section of the Ku Klux Klan Act was more extensive and enduring than that of Section 1; As originally presented, Sec. 2 made it a felony for any "two or more persons" to conspire to commit certain enumerated crimes "in violation of the rights and privileges, or immunities of any person, to which he is entitled under the Constitution and laws of the United States.

"Throughout the debates, supporters of the Act made repeated references to the depredations of the Ku Klux Klan; Victims of these atrocities included not only blacks but white Republicans as well. The crimes that were perpetrated, therefore, were not viewed

as isolated occurrences, but as part of an "Organized Conspiracy....Political in its origin and aims", "crimes perpetrated by concert and agreement, by men in large numbers acting with a common purpose for the injury of a certain class of citizens entertaining certain political principles, id, at 457 *(remarks of Rep. Coburn). See also e.g., id. At 437 (remarks of Rep. Cobb) ("None but Democrats belong or can belong to these societies") et al.,*

"Where these gangs of Assassins show themselves the rest of the people look on, if not with sympathy, at least with forbearance. The boasted courage of the South is not courage in their presence. Sheriffs, having eyes to see, see not; judges, having ears to hear, hear not; witnesses conceal the truth or falsify it; grand or petit juries act as if they might be accomplices. In the presence of these gangs all the apparatus and machinery of civil government, all the processes of justice, skulk away as if government and justice were crimes and feared detection. Among the most dangerous things an injured party can do is to appeal to justice. Of the uncounted scores and hundreds of atrocious mutilations and murders it is credibly stated that not one has been punished. Cong. Globe, supra note 2, app. At 78 *(remarks of Rep. Perry). ("While murder is stalking abroad in disguise, while whippings and lynching's and banishment have been visited upon unoffending American citizens, the local administrations have been found inadequate or unwilling to apply the proper corrective") et al., .... And the State made no successful effort to bring the guilty to punishment or afford protection or redress to the outraged and innocent.")*

## REPORTING JUDICIAL MISCONDUCT
## CANON 3D (1)

Under Section **3D (1),** a judge who receives information that indicates "a substantial likelihood that another judge *"has violated the Code of Judicial "should take appropriate action"*. The Canon does not require the judge to hold a hearing and make a definitive decision that a violation has occurred before the reporting requirement is triggered and at least one state's judicial ethics committee has advised that the reporting requirement is triggered when the judge has "sufficient information" to conclude that a "substantial issue" has been raised that a violation has occurred, Mass. Comm. On Judicial Ethics, Op. 2002-04 (2002)

**"Appropriate action"** may include direct communication with the judge who has committed the violation and reporting the violation to the appropriate or other agency or body. See Commentary to Canon 3D (1). "Appropriate authority" is the authority with responsibility for initiation of disciplinary proceedings with respect to the violation reported. Some jurisdictions' rules specify to whom a judge must report misconduct. For instance, Massachusetts Rule 3D (1) provides that if a judge becomes aware of another judge's unprofessional conduct he must report his knowledge to the Chief Justice of the Massachusetts Supreme Court and the court of which the judge in question is a member.

Note that the term "knowledge", as defined in the Terminology Section, denotes actual knowledge of the fact in question and as such, a person's knowledge may be inferred from circumstances. In drafting Section 3D (1), the Committee rejected the suggestion that the criteria of raising substantial question as to honesty or trustworthiness be applied in the context of reporting

judicial misconduct as well, on the grounds that those criteria are implicit in the present criterion of raising a substantial question as to a judge's fitness for office.

**Under Section 4 of the Ku Klux Klan Act of 1871:**
The President had additional power in case of rebellion within a state to suspend the writ of habeas corpus and to declare and enforce marital law. *Cong. Globe, supra note 1, at 317.* With respect to a definition of rebellion, Section 4 provided;

"Whenever in any State or part of a State......unlawful combinations........shall be organized and armed, and so numerous and powerful as to be able, by violence, to either overthrow or set at defiance the constituted authorities of such State, or when the constituted authorities are in complicity with or shall connive at the unlawful purposes of such powerful and armed combinations; and whenever, by reason of either or all of the causes aforesaid, the conviction of such offenders and the preservation of the public safety shall become.... Impracticable, in every such case such combinations shall be deemed a rebellion against the Government of the United States...."

<u>Wherefore the Foregoing Reasons</u>, Plaintiff prays for the following relief:

1.) Plaintiff requests that this Honorable Court accept Jurisdiction or alternatively transfer this matter to a jurisdiction outside of Illinois and Invoke authority Instanter;

2.) Impose Sanctions/Remands against and all parties for Contempt of the United States Constitution for their crimes against the Plaintiff/Government;

3.) Punitive Damages, due to Fraud Criminal Conspiracies Civil Rights Violations by all applicable parties associated in said matter;

4.) Have this case tried by a Jury and not ruled by any bench trial;

5.) Order the United States Marshall's to effect service on all named parties.

6.) Order all Defendants to absorb the costs of the enforcement of this matter;

7.) Order a Hearing to ascertain all Defendants responsible for Perjury and others for their roles in said Treason offenses perpetrated in State and County Courts for Remands Instanter;

8.) Order that all orders entered against the Plaintiff entered by all judges for the foregoing acts within without jurisdiction be Void Instanter;

9.) That all parties be charged with Terrorism Treason and other related crimes for ignoring acts recorded within;

10.) Alternatively, allow Plaintiff to amend said Complaint to satisfy this Honorable Court's requirement for jurisdiction;

11.) Order that said parties be tried as Domestic Terrorists;

That because of the heinous acts Plaintiff have been harmed by said Civil Rights Violations and no one objected to said assertions put before any tribunal, Plaintiff is seeking $7.9 Million Dollars as punitive damages; Smith v. Wade, 461 U.S. 30, 35, 103 S. Ct. 1625, 1629, 75 L Ed 2d 632 (1983) Justice Brennen "The threshold standard for allowing punitive damages for reckless or callous indifference applies even in a case, such as here, where the underlying standard of liability for compensatory damages because is also one of recklessness. There is no merit to petitioner's contention that actual malicious intent should be the standard for punitive damages because the deterrent purposes of such damages would be served only if the threshold for those damages is higher in every case than the underlying standard for liability in the first instance. The common-law rule is otherwise, and there is no reason to depart from the common-law rule in the context of {1983}"

Finally, this Affidavit is best closed by a jurist who has stated"; Citing Canon 2A the court noted, "[a] court's indifference to clearly stated rules breeds disrespect for and discontent with our justice system. Government cannot demand respect of the laws by its citizens when its tribunals ignore those very same laws")

> Federal Court **FEDERAL JUDGE GETTLEMAN**: stated, Tuesday March 10, 2009, where he found Superintendent of police Jody Weiss in Contempt of Court and Ordered the City to Pay $100,000.00, _**"No one is above the Law"**_, he cited a 1928 decision by Supreme Court Justice Louis Brandeis, that said, "If the Government becomes the law breaker, it breeds Contempt for the Law, It invites everyman to become a law unto himself. It invites Anarchy."

The Chicago Daily Law Bulletin, Wednesday April 26, 2006, **Page 1**, Illinois Political Machines help breed corruption, Associated Press writer Deanna Bellandi states, _"Illinois is apparently a Petri dish for corruption. It is a real breeding ground"._

That _Chicago is the most Corrupt City in America_, Huffington Post, Internet Newspaper, February 23, 2012; University of Illinois Professor Dick Simpson, _"The two worst crime zones in Illinois are the governor's mansion.....and the City Council Chambers in Chicago." Simpson a former Chicago Alderman told the AP "no other State can match us."_

# Corruption

Chicago has a long history of political corruption,[11] dating to the incorporation of the city in 1833.[12] It has been a de facto monolithic entity of the Democratic Party from the mid 20th

century onward.[13][14] Research released by the University of Illinois at Chicago reports that Chicago and Cook County's judicial district recorded 45 public corruption convictions for 2013, and 1642 convictions since 1976, when the Department of Justice began compiling statistics. This prompted many media outlets to declare Chicago the "corruption capital of America".[15] Gradel and Simpson's *Corrupt Illinois* (2015) provides the data behind Chicago's corrupt political culture.[16][17] They found that a tabulation of federal public corruption convictions make Chicago "undoubtedly the most corrupt city in our nation",[18] with the cost of corruption "at least" $500 million per year.[19]


**FURTHER AFFIANTH SAYETH NOT**


NOTARY                                        Respectfully Submitted


                                              _____
                                              Lee Oties Love, Jr.
                                              8435 S. Peoria
                                              Chicago, IL. 60620
                                              773 783-5691



# SUPREME COURT OF ILLINOIS

### SUPREME COURT BUILDING
### 200 East Capitol Avenue
### SPRINGFIELD, ILLINOIS 62701-1721

**CAROLYN TAFT GROSBOLL**
Clerk of the Court

(217) 782-2035
TDD: (217) 524-8132

May 11, 2017

FIRST DISTRICT OFFICE
160 North LaSalle Street, 20th Floor
Chicago, IL 60601-3103
(312) 793-1332
TDD: (312) 793-6185

Lee Oties Love, Jr.
8435 S. Peoria
Chicago, IL 60620

      In re:    Love v. Loza
                122254

Dear Lee Oties Love, Jr.:

      This office has received and filed as of May 10, 2017 the following in the above entitled cause:

      Motion by petitioner, pro se, for leave to file petition for writ of mandamus and/or for issuance of a supervisory order vacating orders due to criminal acts of "fraud," trespassing upon the laws," "treason," and recusing judges for "cause" due to bias and/or prejudicial conduct pursuant to S.H.A. 735 ILCS 5/2-1001(a)(2,3)(West 2006), and to impose sanctions/remands pursuant to Supreme Court Rule 137, S.H.A. Criminal Ch. 38, 33-3, with affidavit.

      Any future filings or correspondence filed in the Supreme Court must include the Supreme Court case number on all documents.

      Very truly yours,

*Carolyn Taft Grosboll*

Clerk of the Supreme Court

cc:   Cook County State's Attorney (Richard J. Daley Center Room 500)
     Hon. James Patrick Murphy
     Joshua P. Haid
     Hon. Luciano Panici
     Hon. Pamela E. Loza
     Hon. Timothy Charles Evans

***Consider e-filing..... visit www.illinoiscourts.gov***



# SUPREME COURT OF ILLINOIS

SUPREME COURT BUILDING
200 East Capitol Avenue
SPRINGFIELD, ILLINOIS 62701-1721

CAROLYN TAFT GROSBOLL
Clerk of the Court

(217) 782-2035
TDD: (217) 524-8132

June 06, 2017

FIRST DISTRICT OFFICE
160 North LaSalle Street, 20th Floor
Chicago, IL 60601-3103
(312) 793-1332
TDD: (312) 793-6185

Lee Oties Love, Jr.
8435 S. Peoria
Chicago, IL 60620

In re:   Love v. Loza
         122254

Today the following order was entered in the captioned case:

> Motion by petitioner, pro se, for leave to file petition for writ of mandamus and/or for issuance of a supervisory order vacating orders due to criminal acts of "fraud," "trespassing upon the laws," "treason," and recusing judges for "cause" due to bias and/or prejudicial conduct pursuant to S.H.A. 735 ILCS 5/2-1001(a)(2,3)(West 2006), and to impose sanctions/remands pursuant to Supreme Court Rule 137, S.H.A. Criminal Ch. 38, 33-3, with affidavit. <u>Denied</u>.

Order entered by the Court.

Very truly yours,

Carolyn Taft Grosboll

Clerk of the Supreme Court

cc:   Cook County State's Attorney(  Richard J. Daley Center Room 500)
      Hon. James Patrick Murphy
      Joshua P. Haid
      Hon. Luciano Panici
      Hon. Pamela E. Loza
      Hon. Timothy Charles Evans

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
DOMESTIC RELATIONS DIVISION

Illinois Department of Healthcare and Family Services ex rel.,

_Bill Thane_

[ ] Petitioner / [ ] Counter-Respondent,

Docket No.: _13D080433_

–vs–

_Natasha Broomfield_

[ ] Respondent / [ ] Counter-Petitioner.

IV-D No.: C _____

Cal. No.: _99._

## RETURN OF BODY ATTACHMENT ORDER

THIS MATTER coming before the court on the return of a Body Attachment Order entered earlier by the court; the court having jurisdiction and the parties being advised in the premises:

THE COURT FINDS:

[X] _Petitioner voluntarily appeared & warrant of 3/29/2017_
_is quashed_

IT IS HEREBY ORDERED:

1. [X] The Body Attachment Order known as Sheriff's Attachment/Warrant No. _____ entered on
   [X] _March 29_, 20 _17_ is hereby vacated and/or recalled.
   Hearing on all matters pending before this court are continued to _May 31_, 20 _17_
   at _9 30_ (a.m)/p.m., located at:

   [X] DALEY CENTER: 50 WEST WASHINGTON, CHICAGO, ILLINOIS 60602, ROOM _3004_
   [ ] DISTRICT 2: 5600 OLD ORCHARD ROAD, SKOKIE, ILLINOIS
   [ ] DISTRICT 3: 2121 EUCLID, ROLLING MEADOWS, ILLINOIS
   [ ] DISTRICT 4: 1500 MAYBROOK DRIVE, MAYWOOD, ILLINOIS
   [ ] DISTRICT 5: 10220 S. 76TH AVENUE, BRIDGEVIEW, ILLINOIS
   [ ] DISTRICT 6: 16501 S. KEDZIE PARKWAY, MARKHAM, ILLINOIS

2. [X] Respondent/Obligor is to be released from the custody of the Cook County Sheriff's Department on this Warrant/Body Attachment ONLY.

3. [X] Respondent or Counter-Respondent must appear on the next court date or a Body Attachment Order shall issue.

4. [ ] The escrow of $ _____ deposited shall be sent immediately from the Clerk of the Circuit Court Bond Department to the Office of the Clerk of the Circuit Court, Child Support Division, Richard J. Daley Center, 50 West Washington Street, Room LL01, Chicago, Illinois 60602, to be applied toward child support arrears.

5. [X] Other _Petitioner represents he is starting tomorrow_
   _and he must pay his child support obligation_
   _Both parties must appear at next court date_

Dated: [X] _____

KIMBERLY M. FOXX # 17052
State's Attorney of Cook County

By: _____
Assistant State's Attorney,
28 North Clark Street, Suite 300
Chicago, Illinois 60602
(312) 345-2200
sao.csed@cookcountyil.gov

SAO 400-27 [Rev. 12/16]

I HEREBY CERTIFY THE ABOVE TO BE CORRECT
DOROTHY BROWN APR 17 2017
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

This order is the command of
the Circuit Court and
violation thereof is subject
to the penalty of the law.

ENTERED: _____

Judge Pamela E. Loza

APR 17 2017

JUDGE'S SIGNATURE          JUDGE'S NO.

Circuit Court-2004

ORDER 1 OF 2

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
DOMESTIC RELATIONS DIVISION

Illinois Department of Healthcare and Family Services ex rel.,

*Lee Love*

Docket No.: 13 D 80423

[ ] Petitioner / [ ] Counter-Respondent,

-vs-

*Natasha Broomfield*

IV-D No.: C

Cal. No.: 99

[ ] Respondent / [ ] Counter-Petitioner.

## RETURN OF BODY ATTACHMENT ORDER

**THIS MATTER** coming before the court on the return of a Body Attachment Order entered earlier by the court; the court having jurisdiction and the parties being advised in the premises:

**THE COURT FINDS:**

[ ] _____

**IT IS HEREBY ORDERED:**

1. [X] The Body Attachment Order known as Sheriff's Attachment/Warrant No. _OOOOO_ entered on _May 31_, 20 _17_ is hereby vacated and/or recalled. *quashed*

   [ ] Hearing on all matters pending before this court are continued to _____, 20 ____ at _____ a.m./p.m., located at:

   [ ] **DALEY CENTER:** 50 WEST WASHINGTON, CHICAGO, ILLINOIS 60602, ROOM _____

   [ ] **DISTRICT 2:** 5600 OLD ORCHARD ROAD, SKOKIE, ILLINOIS

   [ ] **DISTRICT 3:** 2121 EUCLID, ROLLING MEADOWS, ILLINOIS

   [ ] **DISTRICT 4:** 1500 MAYBROOK DRIVE, MAYWOOD, ILLINOIS

   [ ] **DISTRICT 5:** 10220 S. 76TH AVENUE, BRIDGEVIEW, ILLINOIS

   [ ] **DISTRICT 6:** 16501 S. KEDZIE PARKWAY, MARKHAM, ILLINOIS

2. [ ] Respondent/Obligor is to be released from the custody of the Cook County Sheriff's Department on this Warrant/Body Attachment ONLY.

3. [X] *Petitioner* Respondent or Counter-Respondent must appear on the next court date or a Body Attachment Order shall issue.

4. [ ] The escrow of $ _____ deposited shall be sent immediately from the Clerk of the Circuit Court Bond Department to the Office of the Clerk of the Circuit Court, Child Support Division, Richard J. Daley Center, 50 West Washington Street, Room LL01, Chicago, Illinois 60602, to be applied toward child support arrears.

5. [ ] Other: _____ I HEREBY CERTIFY THE ABOVE TO BE CORRECT.

DOROTHY BROWN JUL 05 2017
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

This order is the command of the Circuit Court and violation thereof is subject to the penalty of the law.

Dated: _____

**KIMBERLY M. FOXX # 17052**
State's Attorney of Cook County

By: _____
Assistant State's Attorney, (Attorney for HFS)
28 North Clark Street, Suite 300
Chicago, Illinois 60602
(312) 345-2200
sao.csed@cookcountyil.gov

**ENTERED:** _____

Judge Pamela E. Loza

JUL 05 2017

**JUDGE'S SIGNATURE**          **JUDGE'S NO.**

Circuit Court-2004

SAO 400-27 [Rev. 12/16]

ORDER 1 OF 2

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION

Lee Love,

    Petitioner,

v.

Natasha Broomfield,

    Respondent.

Case No. 13D080423

Calendar 99

Judge Pamela E. Loza

OCT 2 1 2013

Circuit Court – 2004

### ORDER

THIS MATTER coming on to be heard on the Petition of Petitioner for Custody and Visitation, both parties being present and under oath and the court being advised of the premises:

DOES HEREBY ORDER:

A. That the parties are ordered to attend Focus and Mediation and the return date is set for January 15, 2014 at 9:30 am in CL-12 for mediation return.
B. That Petitioner shall have temporary visitation with the parties minor child, KAYLEE LOVE, every Wednesday from 3pm to 7pm and alternating weekends, commencing this weekend from Friday at 7 pm to Sunday at 7pm.
C. That Petitioner shall be responsible for taking the parties daughter to ballet school on Saturdays.
D. That Petitioner is responsible for the drop off and pick up of the minor child from either Respondent's residence or school, Calvin Christian School in South Holland, Illinois.
E. That Petitioner shall pay Respondent as and for temporary child support without prejudice to a full hearing in the amount of $96.00 bi-weekly.

Judge Pamela E. Loza

JUL 0 5 2017

Circuit Court-2004

Entered: 10/21/2013

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION

Lee Love,

      Petitioner,

v.

Natasha Broomfield,

      Respondent.

Case No. *13D080423*

Calendar 99

## ORDER

THIS MATTER coming on to be heard without notice, the Petitioner having filed a two part Petition, the first count is a Petition for Substitution of Judge for Cause and the second is a Petition for Indirect Civil Contempt against the Respondent for her failure to allow the Petitioner parenting time with the parties minor child, KAYLEE. The Petitioner appeared without notice today and the notice of motion to Respondent's attorney notices that this matter is set for July 24, 2017 at 9:30am. This court on May 31, 2017 issued a Body Attachment Order against Petitioner and set the bond at a $500C. The Petitioner under oath states that he wishes to withdraw Count one of the Petitioner he filed today and the court being advised of the premises:

DOES HEREBY ORDER:

  A.   That the Order for Body Attachment entered on May 31, 2017 is quashed and the bond is recalled.

  B.   That Count 1 of the Petitioner's Petition filed on July 5, 2017 is withdrawn.

  C.   That the Petitioner's Petition against the Respondent for her failure to allow parenting time pursuant to the Order of October 21, 2013 is set for presentment on July 24, 2017 at 9:30 am in 3009 of the Richard J. Daley Center, 50 W. Washington Street, Chicago, Illinois 60602.

  D.   That Petitioner must send Respondent's attorney a copy of his pleading filed today along with a copy of today's court order.

  E.   That that Order of this court of October 21, 2013 remains in full force and effect.

Judge Pamela E. Loza

Entered: *7/5/2017*

JUL 0 5 2017

Judge # 2004   Circuit Court-2004

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

STATE OF ILLINOIS )
                    )
COUNTY OF COOK )

## AFFIDAVIT

I Lee Oties Love, Jr. being duly sworn on oath states:

1. That I have never committed any domestic relations violations upon my child's mother nor my daughter;

2. The court wants me to admit to a counselor that, I have committed the aforementioned crime in order that, I see my daughter.

3. I am being compelled against my will by Judges Loza, Murphy, Panici to admit to a crime that, I have never committed, I have filed a Complaint against her and other judges before the Judicial Inquiry Board who have criminalized me for speaking against racial injustice levied at me in the courts for speaking up and seeking visitation of my daughter.

4. My attorney has prepared a motion in my defense demonstrating, no domestic act has been perpetrated on my daughter and that my child's mother has fabricated the accounts so as to prevent me from seeking custody of my daughter because of alleged sex abuse allegations on my minor daughter while in her custody.

5.

## FURTHER AFFIANT SAYETH NAUGHT

Under penalties as provided by law pursuant to 735 1265 5\1-109, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters, the undersigned certifies as aforesaid that he verily believes the same to be true.

Lee Oties Love, Jr.

Notary

*Lee Oties Love J.*
7/13/17



# SUPREME COURT OF ILLINOIS

SUPREME COURT BUILDING
200 East Capitol Avenue
SPRINGFIELD, ILLINOIS 62701-1721

CAROLYN TAFT GROSBOLL
Clerk of the Court

(217) 782-2035
TDD: (217) 524-8132

FIRST DISTRICT OFFICE
160 North LaSalle Street, 20th Floor
Chicago, Illinois 60601-3103
(312) 793-1332
TDD: (312) 793-6185

May 3, 2016

Mr. Joe Louis Lawrence
P.O. Box 490075
Chicago, IL 60649-0075

> In re:  Joe Louis Lawrence, petitioner, v. Hon. Mary L. Mikva, Judge of
> the Circuit Court of Cook County, et al., etc., respondents.
> Mandamus/Supervisory Order.
> No. 120724

Today the following order was entered in the captioned case:

> Motion by petitioner, pro se, for leave to file in forma pauperis and waive filing fee.
> Motion Allowed.
>
> Order entered by Justice Theis.

cc:   All Counsel of Record

EX
1



# SUPREME COURT OF ILLINOIS

SUPREME COURT BUILDING
200 East Capitol Avenue
SPRINGFIELD, ILLINOIS 62701-1721

CAROLYN TAFT GROSBOLL
Clerk of the Court

(217) 782-2035
TDD: (217) 524-8132

May 18, 2016

FIRST DISTRICT OFFICE
160 North LaSalle Street, 20th Floor
Chicago, Illinois 60601-3103
(312) 793-1332
TDD: (312) 793-6185

Mr. Joe Louis Lawrence
P.O. Box 490075
Chicago, IL 60649-0075

TODAY THE FOLLOWING ORDER WAS ENTERED:

No. 120724 - Joe Louis Lawrence, petitioner, v. Hon. Mary L.
Mikva, Judge of the Circuit Court of Cook County,
et al., etc., respondents.

Motion by petitioner, pro se, to supplement
motion for leave to file petition for writ of
mandamus and/or for issuance of a supervisory
order vacating orders and recusing Judge
Valderrama for "cause" due to bias and/or
prejudicial conduct pursuant to S.H.A. 735 ILCS
5/2-1001(a)(2,3)(West 2006), and to impose
sanctions pursuant to Supreme Court Rule 137
instanter. Motion <u>allowed</u>.

Order entered by Justice Freeman.

EX
2

cc: All attorneys of Record



# SUPREME COURT OF ILLINOIS

SUPREME COURT BUILDING
200 East Capitol Avenue
SPRINGFIELD, ILLINOIS 62701-1721

CAROLYN TAFT GROSBOLL
Clerk of the Court

(217) 782-2035
TDD: (217) 524-8132

FIRST DISTRICT OFFICE
160 North LaSalle Street, 20th Floor
Chicago, Illinois 60601-3103
(312) 793-1332
TDD: (312) 793-6185

June 6, 2016

Mr. Joseph Preston Harris
Joseph P. Harris and Associates
417 South Des Plaines Avenue
Suite 165
Forest Park, IL 60130

In re: Emmanuel Bansa et al., petitioners, v. Hon. Michael B. Hyman, Justice of the Appellate Court, First District, et al., etc., respondents. Mandamus/Supervisory Order. No. 120801

Today the following order was entered in the captioned case:

Motion by petitioners for leave to file petition for writ of mandamus and/or for issuance of a supervisory order vacating orders due to criminal acts of unlawfully selling home, and recusing judges for "cause" due to bias and/or prejudicial conduct pursuant to S.H.A. 735 ILCS 5/2-1001(a)(2,3)(West 2006) to impose sanctions/remands pursuant to Supreme Court Rule 137, S.H.A. Criminal Ch. 38, 33-3 with affidavit. Motion Denied.

Order entered by the Court.

cc: All Counsel of Record

Ex
3

**ORDER**

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

*Hightower*

v.

*Lawrence*

NO. 88 D 79017

### ORDER

This Cause Coming on to be heard on Motion of the Plaintiff to Default the defendant And the Court having heard the testimony under Oath of the Plaintiff in Support of her Complaint for Paternity And Also Considered the Blood Test Results from Cook County Hospital And American Red Cross

Atty No.
Name
Attorney for
Address
City
Telephone

EX
4

ENTERED
CLERK OF THE CIRCUIT COURT
MORGAN M. FINLEY

MAY 18 1988

ENTER: MAY 18 1988   D. ADOLPHUS RIVERS
DEPUTY CLERK

Judge                    Judge's No.

*Page One of Two Page Order*

**MORGAN M. FINLEY, CLERK OF THE CIRCUIT COURT OF COOK COUNTY**

**ORDER**

CC 2

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Hightower

v.

Lawrence

No. 88 D 79012

Page 2 of 2 ORDER Page Order

It is Therefore Ordered

1. That the defendant was served on 2/23/88 with substituted service and has failed to Appear or Otherwise plead and is Therefore deemed to be in default.

2. Notice of This hearing was personally served on defendant on 5/15/88

3. The Court finds based on the sworn testimony + Exhibits that Joseph Lawrence Jr is the father of Tycee Hightower born 11/21/83

4. Custody of The minor child is awarded to the plaintiff and defendant is given Reasonable Rights of Visitation

5. The Cause is Continued to 6/29/88 at 9 am for The determination of Former Support, for the determination of Medical and other expense, Reimbursement to plaintiff

Atty No.

Name

Attorney for

Address

City

Telephone

ENTER:

MORGAN M. FINLEY

MAY 1 8 1988

Deputy Judge

MAY 18 1988 D. ADOLPHUS RIVERS

Judge's No.

MORGAN M. FINLEY, CLERK OF THE CIRCUIT COURT OF COOK COUNTY

'rint     https://us-mg5.mail.yahoo.com/neo/launch?rand=fh8i7k99iker0#880...

8700113626

Frances Hynlauer
Petitioner.

vs.

Joseph C Laurence JR.
Respondent.

No. 85D068189

NA-206-00-0000308916 O.

ENTERED
SEP 17 1987
D. ADOLPHUS RIVERS-205

SEP 17 19

## ORDER OF NON-SUIT

THIS CAUSE coming to be heard on the matter of child support, due notice having been given, the respondent (not) being present in open court, the court having jurisdiction of the parties and the subject matter, the court being advised in the premises: plaintiff (not) being present and the State having made a motion for non-suit predicated upon one or more of the following reasons:

_____ Plaintiff is no longer receiving public assistance

_____ Plaintiff, a non-recipient of public assistance expressed her intention not to pursue this cause further

___X___ Plaintiff has failed to cooperate in the prosecution of this cause in that she failed to appear on today's date and also one or more other scheduled court appearances; or appointments on _8-20-87; 1-30-87, 3-5-87, 6-9-87 7-30-

_____ Other cause for non-suit exists, namely_____

IT IS HEREBY ORDERED:

That the State's motion for non-suit is sustained for the reasons stated above.

RICHARD M. DALEY 80670
State's Attorney of Cook County
By: _____
32 West Randolph - Suite 1200
Chicago, Illinois 60601
312/580-3200
TITLE IV-D CASE NAME

ENTER _September 17, 1987_

_____
JUDGE       JUDGE'S NO. 396

EX 5

RECEIVED

MAY 1 0 2017

CLERK
SUPREME COURT
CHICAGO

## IN THE
## SUPREME COURT OF ILLINOIS

| | | |
|---|---|---|
| Lee Oties Love, Jr. | ) | Appeal from the Circuit Court of Cook County |
| | ) | Domestic Relations Division |
| Plaintiff-Appellee | ) | Gen No. 13- D 80423 |
| | ) | |
| | ) | Hon Pamela Elizabeth Loza |
| | ) | |
| Natasha Broomfield | ) | |
| | ) | |
| V. | ) | |
| Defendant- Appellant | ) | |
| | ) | |
| | ) | |
| | ) | |

### MOTION FOR LEAVE TO FILE
### PETITION FOR WRIT OF MANDAMUS
### FOR ISSUANCE OF A SUPERVISORY ORDER VACATING
ORDERS DUE TO DUE TO CRIMINAL ACTS "FRAUD" "TRESPASSING UPON THE LAWS" "TREASON" AND RECUSING JUDGES for "CAUSE" DUE TO BIAS AND OR PREJUDICE CONDUCT PURSUANT TO S.H.A. 735 ILCS 5/2—1001 (a) (2, 3) (WEST 2006) TO IMPOSE SANCTIONS/REMANDS PURSUANT TO SUPREME COURT RULE 137 S.H.A. CRIMINAL CH. 38, 33-3 W/AFFIDAVIT

To the Honorable Justices of the Supreme Court of the State of Illinois:

Now comes Plaintiff-Appellee Lee Oties Love, Jr. your Petitioners, being represented Pro se, the people of the State of Illinois, by the relator herein Illinois, a Citizen, a Resident and an elector of the City of Chicago, County of Cook, and State of Illinois, by Lee Oties Love, Jr., respectfully asks leave of this court to file a Petition for Writ of M. .damus et, al; and that summons issue as provided by law.

Respectfully submitted,

*Lee Oties Love Jr.*

Lee Oties Love, Jr

Lee Oties Love, Jr.
8435 S. Peoria
Chicago, IL. 60620
773 783-5691

**IN THE**
**SUPREME COURT OF ILLINOIS**

| | |
|---|---|
| Lee Oties Love, Jr. | ) Appeal from the Circuit Court of Cook County |
| | ) Domestic Relations Division |
| Plaintiff-Appellee | ) Gen No. 13-80423 |
| | ) |
| | ) Hon Pamela Elizabeth Loza |
| | ) |
| Natasha Broomfield | ) |
| | ) |
| V. | ) |
| Defendant- Appellant | ) |
| | ) |
| | ) |
| | ) |

**MOTION FOR WRIT OF MANDAMUS**
**FOR ISSUANCE OF A SUPERVISORY ORDER VACATING**
**ORDERS DUE TO DUE TO CRIMINAL ACTS "FRAUD" "TRESPASSING**
**UPON THE LAWS" "TREASON" AND RECUSING JUDGES for "CAUSE" DUE**
**TO BIAS AND OR PREJUDICE CONDUCT PURSUANT TO S.H.A. 735 ILCS**
**5/2—1001 (a) (2, 3) (WEST 2006) TO IMPOSE SANCTIONS/REMANDS**
**PURSUANT TO SUPREME COURT RULE 137 S.H.A. CRIMINAL CH. 38, 33-3**
**W/AFFIDAVIT**

   Now comes Plaintiff-Appellee, Otis Love, Jr., a United States Citizen by and through himself Pro se respectfully moves this Honorable Court to enter an Order for a Writ of Mandamus /Issuance of a Supervisory Order Vacating Orders due to Criminal Acts "Fraud" "Trespassing upon the Laws" "Treason" and Recusing Judges for "Cause" due to Bias and or Prejudice Conduct Pursuant to **S.H.A. 735 ILCS 5/2—1001 (a) (2,3) (West 2006)** Impose Sanctions/Remands Pursuant to **Supreme Court Rule 137 S.H.A. Criminal CH. 38, 33-3** with affidavit in the above entitled cause.

   Reasons in support of this motion are set forth in the attached affidavit.

          Respectfully Submitted,

       By: *Lee Oties Love Jr.*

         Lee Oties love, Jr.
         Pro Se /Appellee

**STATE OF ILLINOIS**    )
                                )
**COUNTY OF COOK**    )

## AFFIDAVIT

I  Lee Otis Love, Jr, being first duly sworn on oath depose and states as follows:

1.) Appellant filed for an Emergency Order of Petition in Cir. Ct. **Ref** as **Gr Ex A,** Court order **Ref** as **Ex B** denying said petition because it was filed as a retaliation in a vindictive manner where, Appellee had filed a complaint against her for tax fraud and was found guilty of tax fraud fined $130,000.00, hereto attached, **Ex C** said complaint seeking $4400;

2.) That **Ex B** has never been vacated by any court and is properly signed pursuant to **Supreme Ct. Rule 272.**

3.) That Appellant was not satisfied with the judge's ruling forum shopped another judge and filed for another Petition for Order of Protection, Dec. 11, 2014, hereto attached, **Gr Ex D,** copy of the receipt indicates case no # 2014 OP 77503;

4.) That throughout the documents **Ref** in **Gr Ex D** said case number 2014 OP 77503 It was scratched out and case #13 D 080423 was recorded on a note and on the Order of Protection;

5.) That Judge James Patrick Murphy without authority or jurisdiction signed **Page 3 Ref** as **Gr Ex E** signing the Emergency Order of Protection;

6.) That the Cir. Ct. acted outside of its judicial discretion and authority, in that, his jurisdiction was limited within the scope of case #2014 OP 77503, had he investigated the matter he would have noticed Judge Lawler had denied the same Petition **Ref** as **Ex B;**

7.) Pursuant to **Supreme Court Rule 71,** Sufficient for Removal, conduct which does not constitute a criminal offense maybe sufficiently violative of the Judicial Canons to warrant removal for cause. *Napolitano v. Ward, 457 F 2d 279 (7th Cir)*

8.) The **7th Cir.** Held that the Cook County Courts were a Criminal enterprise. *U.S. v. Murphy, 768 F. 2d 1518, 1531 where precedent was enacted by Judges Frank H. Easterbrook, Richard D. Cudahy and former Chief judge Luther Merritt Swygert;*

9.) In furtherance to the above Appellee was never served that the Appellant had filed for another Emergency Order of Protection and the judge ignored the errors which have now culminated into an "Organized Criminal Conspiracy", in that, Judge Loza continued to Trespass upon the laws and engage in acts outside of her

jurisdiction and had a hearing on the aforementioned where a transcript was had recording all criminal episodes based upon **"Fraud"** making it a Void Order, in that, she continued to demonstrate in her actions as a Democratic judge in Cook County nobody will admonish her simply because of Appellees ethnicity, in that **Gr Ex L** and **M** are in violation of **Supreme Court Rule 272** none of the orders have signatures. **ILL. App. (1ˢᵗ Dist. 2000). A "VOID JUDGEMENT OR ORDER" is one that is entered by a court lacking jurisdiction over the parties or the subject matter, or lacking the inherent power to enter the particular order of judgment, or where the order was procured by FRAUD- in re Adoption of E.L., 248 ILL. Dec. 171, 733 N.E.2d 846, 315 ILL. App. 3d 137- Judgm 7, 16, 375.**

10.)     The aforementioned acts were premeditated and fully maliciously calculated, in that, these matters were precipitated out of allegations of alleged sexual abuse on said 4 year old minor, hereto attached, **Gr Ex F**;

    A- Appellee was wrongfully charged with <u>Robbery Case #14 600837401</u>, hereto attached, **Ex G** and <u>Domestic Battery Class A 15 C 6-60043</u>, hereto attached **Gr Ex H** Sentencing order from judge Luciano Panici where a police report was filed, hereto attached **Ex I**, Appellee alleges Appellant has a play uncle working at the Calumet police Department and Alpha Kappa Alpha sorority sisters she brags about in the court system that is able to assist her;

    B- That **Ex I** unequivocally reflect how calculating said Appellant has been able to deploy some of the most racist hateful judges in the Democratic Machine as they **"FIXED"** said case making sure the Appellee never provided evidence demonstrating allegations of sexual abuse on said minor daughter in Appellants custody;

    C- Appellee have depleted over $50,000.00 in monies from legal representation defending himself from these unlawful criminal allegations which has culminated into Civil Rights violations, attorneys John Fitzgerald Lyke, Jr. former Assistant States Attorney now an Associate Judge in Cook County and Heather Widell who defended Appellee against the charges of Robbery the States attorney was trying to give the Appellee 2-5 years on a charge he never committed on the Appellant robbery charges were dropped;

    D- Appellee had Ruth Ramirez and Associates, Keith L. Spence and Nick Economics who prepared said <u>Motion to Vacate and/or Modify Plenary Order of Protection</u> et al., hereto attached, **Ref** as **Gr Ex J**, and an **<u>Affidavit Notarized</u>** detailing how said judges Loza Murphy and Panici were trying to compel said Appellee to admit to a crime he never

committed to justify criminalizing him for speaking up and seeking visitation for his daughter;

Properly alleged facts within an affidavit that are not contradicted by counter affidavit are taken as true, despite the existence of contrary averments in the adverse party's pleadings. *Professional Group Travel, Ltd. v. Professional Seminar Consultants Inc., 136 ILL App 3d 1084, 483 N.E. 2d 1291; Buzzard v. Bolger, 117 ILL App 3d 887, 453 N.E. 2d 1129 et al.*

E- Appellee made allegations to the DCFS regarding the allegations of sexual abuse on his little girl they described the act as "Medical Neglect" hereto attached, **Ref as Ex K**

11.) That pursuant to **Gr Ex J**, Counsel erred in that no court had jurisdiction on the Appellee where said **Gr Ex B, L** and **M** demonstrate said judge became a law unto herself;

A- Appellant testified on Dec 29, 2014 in open court, **Page 25**, of the Court transcript, **Ref as Gr Ex N** by Mr. Haid, Appellants attorney, **Line 4** What was in your purse? Appellant my life. My wallet, my I.D's and my debit card, personal papers.

B- While the Appellee was Remanded into custody before Judge Bowden **Ref as Ex G**, the **States Attorney** informed the court they found the Appellants purse and all of her possessions intact at a dumpster near 13th and Michigan in Chicago, where the judge released him without posting any bond;

C- Appellee lost his residence his jobs because he was reporting to court ordered anger management classes and court; moreover, he was on Welfare judge Loza ordered Public Aid to charge him with defrauding welfare forcing him off, said judge has used her robe to engage in criminal acts of hatred and vicious authority to engage in racial hatred acting as a terrorist making sure Appellee remained Oppressed by any means necessary;

D- Appellee was Remanded into custody Judge Loza had issued a warrant against Appellee where she never had jurisdiction or authority

12.) That Appellant was able to Induce Reliance upon certain individuals and some of the judges did not need any Inducement due to their racial hatred for men of color and no regard for African American children which is indicative to how the Appellee was treated trying to protect his daughter;

13.) That Judge Patrick Murphy knowing said case was in fact a violation of Appellees Civil Rights did not want his name recorded under the correct captioned case #2014 OP 77503 but instead under the fabricated case 13 D 80423 where no judge had jurisdiction on the Appellee for all Civil rights Violations keeping him from seeing his natural biological daughter;

A-

That because of the above; **Fraud admissibility** great latitude is permitted in proving fraud C.J.S. Fraud 104 ET Seg. Fraud 51-57. where a question of fraud and deceit is the issue involved in a case, great latitude is ordinarily permitted in the introduction of evidence, and courts allow the greatest liberality in the method of examination and in the scope of inquiry *Vigus V. O'Bannon, 1886 8 N.E 788, 118 ILL 334. Hazelton V. Carolus, 1907 132 ILL. App. 512.*

### INDUCING RELIANCE

To prevail in a cause of action for fraud, plaintiff must prove that defendant made statement of material nature which was relied on by victim and was made for purposes of inducing reliance, and that victim's reliance led to his injury. **Parsons V. Winter, 1986, 1 Dist., 491 N.E. 2d 1236, 96 ILL Dec. 776, 142 ILL App 3d 354, Appeal Denied.**

**In Carter V. Mueller 457 N.E. 2d 1335 ILL. App. 1 Dist. 1983** The Supreme Court has held that: "The elements of a cause of action for fraudulent misrepresentation (sometimes referred to as "fraud and deceit" or deceit) are: (1) False statement of material fact; (2) known or believed to be false by the party making it; (3) intent to induce the other party to act; (4) action by the other party in reliance on the truth of the statement; and (5) damage to the other party resulting from such reliance.

14.) That many Judges are collectively acting outside of their discretion and is undermining the very laws installed to make the jurisprudence of the courts operate with integrity and in an unbiased manner, justice seems to lie in the court of the beholder not in accordance to any rules or civil procedure.

### U. S Sup Court Digest 24(1) General Conspiracy

**U.S. 2003.** Essence of a conspiracy is an agreement to commit an unlawful act.—U.S. v. Jimenez Recio, 123 SCt. 819, 537 U.S. 270, 154 L.Ed.2d 744, on remand 371 F.3d 1093

*Agreement to commit an unlawful act, which constitutes the essence of a conspiracy, is a distinct evil that exist and be punished whether or not the substantive crime ensues.-Id.*

*Conspiracy poses a threat to the public over and above the threat of the commission of the relevant substantive crime, both because the combination in crime makes more likely the commission of other*

*crimes and because it decreases the part from their path of*
*criminality.-Id.*

A-  U.S 2003. Essence of a conspiracy is an agreement to commit an unlawful
act.-U.S. v. Jimenez Recio; 123 SCt. 819, 537 U.S. 270, 154, L. Ed.2d 744,
on remand 371 F.3d 1093;

Agreement to commit an unlawful act, which constitutes the essence of a
conspiracy, is a distinct evil that exist and be punished whether or not the
substantive crime ensues,-id.

Conspiracy poses a threat to the public over and above the threat of the
commission of the relevant substantive crime, both because the combination
in crime makes more likely the commission of other crimes and because it
decreases the part from their path of criminality-id;

B-  **Conspirators to be guilty of offense need not have entered into**
**conspiracy at same time or have taken part in all its actions.** *People V.*
*Hardison, 1985, 911 Dec. 162, 108.* Requisite mens rea elements of
conspiracy are satisfied upon showings of agreement of offense with intent
that offense be committed; Actus reas element is satisfied of act in
furtherance of agreement *People V. Mordick, 1981, 50 ILL, Dec. 63.*

C-  Section 1983 of U.S.C.S. contemplates the depravation of Civil Rights
through the Unconstitutional Application of a Law by conspiracy or
otherwise. Mansell v. Saunders (CA 5 F 1A) 372 F 573, especially if the
conspiracy was actually carried into effect, where an action is for a
conspiracy to interfere with Civil Rights under 42 U.S.C.S. 1985 (3), or for
the depravation of such rights under 42 U.S.C.S. 1983, if the conspiracy
was actually carried into effect and plaintiff was thereby deprived of any
rights, privileges, or immunities secured by the United States Constitution
and Laws, the gist of the action maybe treated as one for the depravation of
rights under 42 U.S.C.S. 1983, Lewis v. Brautigam (CA 5 F 1a) 227 F 2d
124, 55 Alr 2d 505, John W. Strong, 185, 777-78 (4 th ed. 1992).

Finally, this document is best closed by a jurist who has stated"; Citing Canon 2A the court
noted, "[a] court's indifference to clearly stated rules breeds disrespect for and discontent with
our justice system. Government cannot demand respect of the laws by its citizens when its
tribunals ignore those very same laws")

Most recently stated in Federal Court **FEDERAL JUDGE GETTLEMAN**: stated,
Tuesday March 10, 2009, where he found Superintendent of police Jody Weiss in
Contempt of Court and Ordered the City to Pay $100,000.00, *"No one is above the*
*Law",* he cited a 1928 decision by Supreme Court Justice Louis Brandeis, that said,
*"If the Government becomes the law breaker, it breeds Contempt for the Law, It*
*invites everyman to become a law unto himself. It invites Anarchy."*

The Chicago Daily Law Bulletin, Wednesday April 26, 2006, **Page 1**, Illinois Political Machines help breed corruption, Associated Press writer Deanna Bellandi states, *"Illinois is apparently a Petri dish for corruption. It is a real breeding ground"*.

That *Chicago is the most Corrupt City in America*, Huffington Post, Internet Newspaper, February 23, 2012; University of Illinois Professor Dick Simpson, *"The two worst crime zones in Illinois are the governor's mansion.....and the City Council Chambers in Chicago."* Simpson a former Chicago Alderman told the AP *"no other State can match us."*

## FURTHER AFFIANTH SAYETH NOT

Under penalties as provided by law pursuant to 735 1265 5/1 -109, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters, the undersigned certifies as aforesaid that he verily believe the same to be true.

Respectfully submitted,

*Lee Otis Love Jr.*
Lee Otis Love, Jr.


Lee Otis Love, Jr.
8435 S. Peoria
Chicago, IL. 60620
773 783-5691

NOTARY

```
"OFFICIAL SEAL"
MARTHA HAMILTON
Notary Public, State of Illinois
My Commission Expires 8/24/2018
```

**IN THE
SUPREME COURT OF ILLINOIS**

| | |
|---|---|
| Lee Oties Love, Jr. | ) Appeal from the Circuit Court of Cook County |
| | ) Domestic Relations Division |
| Plaintiff-Appellee | ) Gen No. 13-80423 |
| | ) |
| | ) Hon Pamela Elizabeth Loza |
| | ) |
| Natasha Broomfield | ) |
| | ) |
| V. | ) |
| Defendant- Appellant | ) |
| | ) |
| | ) |
| | ) |

**PETITION FOR WRIT OF MANDAMUS
FOR ISSUANCE OF A SUPERVISORY ORDER VACATING
ORDERS DUE TO DUE TO CRIMINAL ACTS "FRAUD" "TRESPASSING
UPON THE LAWS" "TREASON" AND RECUSING JUDGES for "CAUSE" DUE
TO BIAS AND OR PREJUDICE CONDUCT PURSUANT TO S.H.A. 735 ILCS
5/2—1001 (a) (2, 3) (WEST 2006) TO IMPOSE SANCTIONS/REMANDS
PURSUANT TO SUPREME COURT RULE 137 S.H.A. CRIMINAL CH. 38, 33-3
W/AFFIDAVIT**

To the Honorable Justices of the Supreme Court of the State of Illinois.

Now comes Plaintiff –Appellee, Lee Otis Love, Jr, a United States Citizen through himself Pro se your Petitioner, the people of the State of Illinois, a citizen, a resident and an Elector of the City of Chicago, County of Cook, and State of Illinois, respectfully represents and shows to your Honors the following:

1.) That said Appellee never received Notice or Knowledge that Appellant had filed Counsel nor the Defendants have Never received any Notices of a Sale date or Hearing before the **Cir. Ct** May 10, 2016, ref as **Ex T** and **Ex U** nor have Counsel or the Defendants received any of the Orders from the Court granting the aforementioned and that the parties have become a law unto themselves, judges ignored the laws, became a law unto themselves, acted outside of their discretion and judicial immunity provisions violating Canon Ethics and all of the Supreme Court Rules;

2.) That **Ex S** unequivocally demonstrate how Defendant's home was stolen in an elaborate scheme with judicial support, file stamped April 25, 2016 and May 2, 2016 for court appearance May 10, 2016;

A- That a Clerk in Dorothy Browns office of Chancery provided a printout, last page of **Ex S**, 5-10-2016 judge Otto unlawfully Approved Sale and Order of Possession no signed Court Order was filed, he had no jurisdiction, engaged in an "Organized Conspiracy" colluding with the attorneys using his robe stealing Defendant's home;

B- That **Ex T** and **Ex U** was absent a certified signature violating **Sup. Ct. Rule 272** but was mailed allegedly; thereby violating other laws because said order is not in fact LEGAL;

3.) That said Plaintiffs have engaged in an elaborate "Organized Conspiracy" so as to steal Defendants home taking advantage of the fact they were indigent and elderly, hereto attached **Gr Ex** Motion filed in the **Cir Ct** before Judge Otto validating the verity of judge colluding in a Criminal Corruption scheme;

**4.)** That **Gr. Ex H** demonstrates how the attorneys all have violated **Ethics**
All Illinois lawyers must be familiar with the **Illinois Rules of Professional Conduct**, and trail lawyers must be particularly familiar with the rules that apply specially to them.

**RPC 3.3, entitled "Conduct Before a Tribunal," sets forth the standards to be followed by the trial lawyer during "battle." Section (a) of that rule states:**

(a) **In appearing in a professional capacity before a tribunal, a lawyer shall not:**

(1) make a statement of material fact or law to a tribunal which the lawyer knows or reasonably should know is false;

(2) fail to disclose to a tribunal a material fact know to the lawyer when disclosure is necessary to avoid assisting a criminal or fraudulent act by the client;

(3) fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel;

(4) Offer evidence that the lawyer knows to be false. If a lawyer has offered material evidence and comes to know of its falsity, the lawyer shall take reasonable remedial measures;

(5) participate in the creation or preservation of evidence when the lawyer knows or reasonably should know the evidence is false ;

(6) counsel or assist the client in conduct the lawyer knows to be illegal of fraudulent;

(7) engage in other illegal conduct or conduct in violation of these Rules;

(8) fail to disclose the identities of the clients represented and of the persons who employed the lawyer unless such information is privileged or irrelevant;

(9) intentionally degrade a witness or other person by stating or alluding to personal facts concerning that person which are not relevant to the case;

(10)    in trial, allude to any matter that the lawyer does not reasonably believe is relevant or that will not be supported by admissible evidence, assert personal knowledge of facts in issue except when testifying as a witness, or state a personal opinion as to the justness of a cause, the credibility of a witness, the culpability of a civil litigant or the guilt or innocence of and accused, but a lawyer may argue, on analysis of evidence, for any position or conclusion with respect to the matter stated herein;

5.) That said judges and attorneys have satisfied the legal standard Preponderance of the Evidence have exhausted a plethora of unlawful acts using their robes upholding criminal acts being a part of an **"Organized Conspiracy"** trying to steal Defendant's home;

6.) That due to "Fraud" Systemic Racism and alleged Political Terrorist Intimidation, **Supreme Court Rule 383** is necessary because the Affidavits and Exhibits attached demonstrates the need for this court to tear down the walls of Injustice, Corruption and Racism in that those Judges and lawyers who cannot uphold the integrity of their duties and oath as an attorney and judge need to seek employment in another profession; alternatively, be remanded into custody.

7.) Where applicable judges and lawyers who ignore the laws and act outside of the laws don't belong in the profession   Scott, 377 Mass. 364, 386 N.E. 2d 218, 220 (1979) See Lopez-Alexander, Unreported Order No. 85-279 (Colo. May 3, 1985) (Judge removed for, inter alia, a persistent pattern of abuse of the contempt power. The Mayor of Denver accepted the findings of the Denver County Court Judicial Qualification Commission that the judge's conduct could not be characterized as mere mistakes or errors of law and that the conduct constituted willful misconduct in office and conduct prejudicial to the administration of justice that brings the judicial office into disrepute). Canon Ethics where there is a pattern of disregard or indifference, which warrant discipline.
Vaughn 462 S.E. 2d 728 (Ga. 1995), The Supreme Court of Georgia removed a judge from office for disregarding defendant's constitutional rights.

8.) In the wake of extensive investigations by Federal Law enforcement authorities revealing widespread corruption in the Illinois court system ("Operation Greylord") and elsewhere, indicating not only that significant professional misconduct was occurring but also that the requirement to report misconduct was frequently ignored, particularly in the cases of judges with regard to the conduct of other judges. **Lisa L. Milord, The Development of the ABA,**

**Judicial Code 24-25 (1992)**

9.) Furthermore, when testing for the "appearance of impropriety" the Court has a criteria that must be met, __Commentary Canon__ 2, 2A 2C, this Commentary in Canon 2C clearly and unequivocally demonstrate the Court's posture towards the membership no judge in any of the lower courts were able to lawfully Dismiss or Deny any of the, Motions presented in a Legally upright manner, in that, they had to act outside of judicial discretion, and outside of the judicial immunity provisions afforded to them denying the Defendants claims;

**WHEREAS,** your petitioner prays that __Writ of Mandamus__ /**Issuance of a Supervisory** Order Vacating Orders due to Criminal Acts Unlawfully Selling home and Recusing judges for "Cause" due to Bias and or Prejudice Conduct Pursuant to **S.H.A. 735 ILCS 5/2—1001 (a) (2,3) (West 2006)** due to another judge making deliberate Errors not wanting to Recuse said Judge and Impose Sanctions/Remands Pursuant to **Supreme Court Rule 137 S.H.A. Criminal Ch. 38, 33-3 and a Rule to Show Cause be issued** on all attorneys and judges complicit in these acts in the above entitled cause.

Respectfully submitted,

*Lee Otis Love Jr.*
Lee Otis Love, Jr.

Lee Otis Love, Jr.
8435 S. Peoria
Chicago, IL. 60620
773 783-5691

**IN THE**
**SUPREME COURT OF ILLINOIS**

| | | |
|---|---|---|
| Lee Oties Love, Jr. | ) | Appeal from the Circuit Court of Cook County |
| | ) | Domestic Relations Division |
| Plaintiff-Appellee | ) | Gen No. 13- D 80423 |
| | ) | |
| | ) | Hon Pamela Elizabeth Loza |
| | ) | |
| Natasha Broomfield | ) | |
| | ) | |
| V. | ) | |
| Defendant- Appellant | ) | |
| | ) | |
| | ) | |
| | ) | |

SUGGESTIONS IN SUPPORT OF THE PETITION
Along with
MEMORANDUM OF LAW IN SUPPORT OF THE RELIEF REQUESTED

# TRESPASSERS OF THE LAW

The Illinois Supreme Court has held that "if the magistrate has not such jurisdiction, then he and those who advise and act with him, or execute his process, are trespassers." Von Kettler et.al. v. Johnson, 57 Ill. 109 (1870) Under Federal law which is applicable to all states, the U.S. Supreme Court stated that if a court is "without authority, its judgments and orders are regarded as nullities. They are not voidable, but simply void; and form no bar to a recovery sought, even prior to a reversal in opposition to them. They constitute no justification; and all persons concerned in executing such judgments or sentences, are considered, in law, as trespassers." Elliot v. Piersol, 1 Pet. 328,

340, 26 U.S. 328, 340 (1828)

The Illinois Supreme Court held that if a court "could not hear the matter upon the jurisdictional paper presented, its finding that it had the power can add nothing to its authority, - it had no authority to make that finding." The People v. Brewer, 128 Ill. 472, 483 (1928).

When judges act when they do not have jurisdiction to act, or they enforce a void order (an order issued by a judge without jurisdiction), they become trespassers of the law, and are engaged in treason (see below).

The Court in Yates v. Village of Hoffman Estates, Illinois, 209 F. Supp. 757 (N.D. Ill. 1962) held that "not every action by a judge is in exercise of his judicial function. ... It is not a judicial function for a judge to commit an intentional tort even though the tort occurs in the courthouse." When a judge acts as a trespasser of the law, when a judge does not follow the law, the judge loses subject-matter jurisdiction and the judge's orders are void, of no legal force or effect.

The U.S. Supreme Court, in Scheuer v. Rhodes, 416 U.S. 232, 94 S. Ct. 1683, 1687 (1974) stated that "when a state officer acts under a state law in a manner violative of the Federal Constitution, he "comes into conflict with the superior authority of that Constitution, and he is in that case stripped of his official or representative character and is subjected in his person to the consequences of his individual conduct. The State has no power to impart to him any immunity from responsibility to the supreme authority of the United States." [Emphasis supplied in original]. By law, a judge is a state officer. The judge then acts not as a judge, but as a private individual (in his person).

The petition and the procedure in this case are based upon former proceedings in which this court granted the writ prayed. *People V. Fischer, 303 Ill 430, 135 NE 751 et, al.*

The supervisory authority of the Supreme Court of Illinois: A powerful tool for the court and practitioner alike. April 2012 Vol. 57, No. 9, Ill State Bar Ass.

In **Philip Morris, USA, Inc. v. Byron, 226 Ill.2d 416 (2007),** albeit in dissent, Justice Freeman, joined by now Chief Justice Kilbride, stated that "[g]enerally this court will not issue a s ,ervisory order absent a finding that (i) the normal appellate process will not afford adequate relief, (ii) the dispute involves a matter important to the administration of justice, or (iii) our intervention is necessary in order to prevent an inferior tribunal from acting beyond the scope of its authority." **226 Ill.2d at 422** (citation omitted)

Justice Freeman and Chief Justice Kilbride thus appear to have treated the lack of adequate appellate relief situation as an alternative basis for granting a supervisory order rather than simply a factor modifying the other two bases for granting such an order. This expanded formulation of the supervisory order standard is a logical extension given the Rule's constitutional underpinnings. After all, as noted above, the Illinois Constitution states that "supervisory authority over all courts is vested in the

Supreme Court" without any reference to the normal appellate process. **Ill. Const. 1970, art. VI, Sec. 16**

Mandamus is an appropriate remedy to compel compliance with mandatory legal standards. **People ex rel. Birkett v. Konetski, 233 Ill.2d 185, 192-93 (2009)** ("Mandamus relief will not be granted unless the petitioner shows a clear right to the requested relief, a clear duty of the public officer to act, and clear authority of the public officer to comply with the order." (Emphasis in original).

### Rule 383 and the Standards the Court Utilizes in Considering Motions for Supervisory Order:

**Rule 383** provides, at its most basic, that "[a] motion requesting the exercise of the Supreme Court's supervisory authority shall be supported by explanatory suggestions and shall contain or have attached to it the lower court records or other pertinent material that will fully present the issues."**Rule 383(a)** After stating the requirements for service, the Rule provides a relatively expedited period for objection— seven days when service of the motion is made by facsimile or 14 days when service is accomplished by mail or commercial carrier. **Rule 383(c)** Additionally, the Rule allows oral argument at the discretion of the court. **Rule 383(d)**

The formulation of the standard for supervisory orders in Suria is very broad. Suria provides that a supervisory order may be granted in any situation where a trial or appellate court acted in excess of its authority or abused its discretionary authority. **Suria, 112 Ill. 2d at 38**.

Justice Freeman and former Chief Justice Kilbride thus appear to have treated the lack of adequate appellate relief situation as an alternative basis for granting a supervisory order rather than simply a factor modifying the other two bases for granting such an order. This expanded formulation of the supervisory order standard is a logical extension given the Rule's constitutional underpinnings. After all, as noted above, the Illinois Constitution states that "supervisory authority over all courts is vested in the Supreme Court" without any reference to the normal appellate process. **Ill. Const. 1970, art. VI, Sec. 16.**

The supervisory authority of the Supreme Court of Illinois: A powerful tool for the court and practitioner alike By Matthew R. Carter, Winston & Strawn LLP 2 Trial Briefs | **April 2012, Vol. 57, No. 9**

As the foregoing analysis reveals, the court has absolute authority to act when it feels so compelled. Moreover, the instances where the Supreme Court has issued supervisory orders are so eclectic that diligent litigators should consider it a tool to achieve timely relief in critical situations

The petition proceeds in conformity with the instructions of this court in ***People V. Haas, 239 Ill 320, 87 NE 1111,*** with respect to the presentation of original petition for Mandamus et al;

The issue presented in this original petition for Mandamus involves a matter of great public importance in that it concerns the power conferred upon county judges by the City Election Act to punish judges and clerks as for contempt because of misbehavior or misconduct in their respective offices.

Petitioner respectfully submits that the court should grant leave to file the Petition for Writ of Mandamus et al; duly signed and verified and herewith presented with a petition, and with these suggestions and Memorandum of Law in support of the relief requested, and that a summons issue in conformity with the law, to the respondents returnable within a short time to be fixed by this court, so that in this proceeding the powers of the County judges under the City Election Act may be definitely and promptly determined.

## REPORTING JUDICIAL MISCONDUCT

I.  **Sup Ct. Rule 71, Sufficient for Removal**, conduct which does not constitute a criminal offense may be sufficiently violative of the Judicial canons to warrant removal for cause. **Napolitano v. Ward, 457 F 2d 279 (7th Cir.), cert denied, 409 U.S. 1037, 93 S. Ct. 512, 34 L. Ed. 2d 486 (1972).**

**Sup Ct. Rule 63 (C) (1). S.H.A. 735 ILCS 5/2-----1001 (a) (3);**

In Re **Marriage of O'Brien 912 N.E. 2d 729 (Ill App. 2 Dist. 2009),** When a party moves for substitution of the trial judge for cause based upon an alleged violation of rule setting forth mandatory bases for recusal, the movant need only show the existence of that factor and that an objective, reasonable person would conclude that the judge's impartiality might reasonably be questioned, and need not show actual prejudice.

Canon
3 D (2) Reporting Lawyer Misconduct
        Fravel v. Haughey, 727 So. 2d 1033 (Fla. App. Ct. 1999), Illinois Judicial Ethics Op. 2001-06 (2001)

## Acts constituting direct, criminal contempt

A wide variety of acts may constitute a direct, criminal contempt. And act may be criminal contempt even though it is also an indictable crime. *Beattie v. People,* 33 Ill. App 651, 1889 WL 2373 (1st Dist. 1889). As is making false representations to the court. *People v. Katelhut,* 322 Ill. App. 693, 54 N.E.2d 590 (1st Dist. 1944). Misconduct of an officer of the court is punishable as contempt. *People ex rel. Rusch v. Levin,* 305 Ill. App. 142, 26 N.E. 2d 895 (1st Dist. 1939).

**Official misconduct is a criminal offense; and a public officer or employee commits misconduct, punishable by fine, imprisonment, or both, when, in his official capacity, he intentionally or recklessly fails to perform any mandatory duty as required by law; or knowingly performs an act which he knows he is forbidden by law to perform; or with intent to obtain a personal advantage for himself or another, he performs an act in excess of his lawful authority ....S.H.A. Ch 38 33-3.**

## False statements

Censure was recommended sanction for attorney who engaged in conduct involving dishonesty, made statement of material fact or law to tribunal which she knew or reasonably should have known to be false, and failed to disclose to tribunal a material fact known to her when disclosure was necessary to avoid assisting criminal or fraudulent act by client, given that attorney's misconduct was not result of dishonest or corrupt motive, but of misguided attempt to accommodate clients.   99 Ill.Atty.Reg. & Disc.Comm. SH11

Three-year suspension was recommended sanction for attorney who engaged in conduct involving dishonesty and fraud, made statement of material fact to tribunal which he knew or reasonably should have known was false, and offered evidence that he knew to be false and failed to take reasonable remedial measures. 96 Ill.Atty.Reg. & Disc.Comm. SH 358.

Disbarment was recommended sanction for attorney who engaged in conduct involving dishonesty, made false statements of material fact or law to tribunal which she knew were false and engaged in conduct which tended to defeat administration of justice. 95 Ill Atty.Reg. & Disc.Comm. CH 877.

Censure was recommended sanction for attorney who made statements of material fact or law known was false, and engaged in conduct which was prejudicial to the administration of justice. 95 Ill Atty.Reg. & Disc.Comm. CH 504

One-year suspension was recommended sanction for attorney who made statement of material fact which he knew was false in appearing in professional capacity before tribunal, made a statement of material fact which he knew to be false in course of representing client, and engaged in conduct involving dishonesty.  95 Ill Atty.Reg. & Disc.Comm. CH 191.

Disbarment was recommended sanction for attorney who engaged in serious misconduct by making misrepresentation during his divorce proceedings and who was a recidivist.  94 Ill.Atty.Reg. & Disc.Comm. SH469

## Fraud on court

Two-year suspension, retroactive to beginning of interim suspension, was recommended sanction for attorney who made statement of material fact or law to tribunal which lawyer knew or reasonably should have known to be false, instituted criminal charges as prosecutor when he knew or reasonably should have known that charges were not supported by probable cause, committed criminal act that reflected adversely upon lawyer 's honesty, trustworthiness, or fitness as lawyer, engaged in conduct involving dishonesty, fraud, deceit, or

misrepresentation, engaged in conduct prejudicial to administration of justice, and engaged in conduct which tended to bring courts or legal profession into disrepute.  96 Ill. Atty. Reg. & Disc. Comm. CH 118.

Jim Crow Laws are still being enacted and enforced in Chicago, Illinois Courts Black and Brown lives simply don't matter and it is clear now in these proceedings being elderly is worse because the laws are used against said parties to destroy or displaced them in society unless you are in a position to pay off certain politicians or abide by their rules and doctrines of Corrupt politicians or Terrorists operating behind the scenes making sure the events recorded never come to **"Light"** exposing the truth how the courts are under siege by so many judges closing their eyes to the realities of injustice, being perpetrated on the innocent and indigent.

In the 20th century, the Supreme Court began to overturn Jim Crow laws on constitutional grounds. In *Buchanan v. Warley* 245 US 60 (1917), the court held that a Kentucky law could not require residential segregation. The Supreme Court in 1946, in *Irene Morgan v. Virginia* ruled segregation in interstate transportation to be unconstitutional, in an application of the commerce clause of the Constitution. It was not until 1954 in *Brown v. Board of Education of Topeka* 347 US 483 that the court held that separate facilities were inherently unequal in the area of public schools, effectively overturning *Plessy v. Ferguson*, and outlawing Jim Crow in other areas of society as well. This landmark case consisted of complaints filed in the states of Delaware (*Gebhart v. Belton*); South Carolina (*Briggs v. Elliott*); Virginia (*Davis v. County School Board of Prince Edward County*); and Washington, D.C. (*Spottswode Bolling v. C. Melvin Sharpe*). These decisions, along with other cases such as *McLaurin v. Oklahoma State Board of Regents* 339 US 637 (1950), *NAACP v. Alabama* 357 US 449 (1958), and *Boynton v. Virginia* 364 US 454 (1960), slowly dismantled the state-sponsored segregation imposed by Jim Crow laws.

Respectfully submitted,

Lee Oties Love, Jr.

Lee Oties Love, Jr.
8435 S. Peoria
Chicago, IL. 60620
773 783-5691

## IN THE
## SUPREME COURT OF ILLINOIS

| | |
|---|---|
| Lee Oties Love, Jr. | ) Appeal from the Circuit Court of Cook County |
| | ) Domestic Relations Division |
| Plaintiff-Appellee | ) Gen No. 13- D 80423 |
| | ) |
| | ) Hon Pamela Elizabeth Loza |
| | ) |
| Natasha Broomfield | ) |
| | ) |
| V. | ) |
| Defendant- Appellant | ) |
| | ) |
| | ) |
| | ) |

## MOTION FOR WRIT OF MANDAMUS
### FOR ISSUANCE OF A SUPERVISORY ORDER VACATING
ORDERS DUE TO CRIMINAL ACTS "FRAUD" "TRESPASSING UPON THE
LAWS" "TREASON" AND RECUSING JUDGES for "CAUSE" DUE TO BIAS
AND OR PREJUDICE CONDUCT PURSUANT TO S.H.A. 735 ILCS 5/2—1001 (a)
(2, 3) (WEST 2006) TO IMPOSE SANCTIONS/REMANDS PURSUANT TO
SUPREME COURT RULE 137 S.H.A. CRIMINAL CH. 38, 33-3 W/AFFIDAVIT

### DRAFT ORDER

This matter having come on to be heard on Writ of Mandamus /Issuance of a
Supervisory Order Vacating Orders due to Criminal Acts "Fraud" "Trespassing upon the
Laws" "Treason" and  Recusing Judges for "Cause" due to Bias and or Prejudice
Conduct Pursuant **to S.H.A. 735 ILCS 5/2—1001 (a) (2,3) (West 2006)** and Impose
Sanctions/Remands Pursuant to **Supreme Court Rule 137 S.H.A. Criminal Ch. 38, 33-3** and Court being fully advised in the premises;

It <u>is HEREBY Ordered</u> that <u>Writ of Mandamus /Issuance of a Supervisory Order
Vacating Orders  and Recusing Judge  for Cause et al is Granted/      Denied</u>

_____

Justice

_____

Justice

**IN THE
SUPREME COURT OF ILLINOIS**

| | |
|---|---|
| Lee Oties Love, Jr.    ) | Appeal from the Circuit Court of Cook County |
| ) | Domestic Relations Division |
| Plaintiff-Appellee    ) | Gen No. 13-80423 |
| ) | |
| ) | Hon Pamela Elizabeth Loza |
| ) | |
| Natasha Broomfield    ) | |
| ) | |
| V.    ) | |
| Defendant- Appellant    ) | |
| ) | |
| ) | |
| ) | |

## CERTIFICATE OF SERVICE

**PETITION FOR WRIT OF MANDAMUS
FOR ISSUANCE OF A SUPERVISORY ORDER VACATING
ORDERS DUE TO DUE TO CRIMINAL ACTS "FRAUD" "TRESPASSING
UPON THE LAWS" "TREASON" AND RECUSING JUDGES for "CAUSE" DUE
TO BIAS AND OR PREJUDICE CONDUCT PURSUANT TO S.H.A. 735 ILCS
5/2—1001 (a) (2, 3) (WEST 2006) TO IMPOSE SANCTIONS/REMANDS
PURSUANT TO SUPREME COURT RULE 137 S.H.A. CRIMINAL CH. 38, 33-3
W/AFFIDAVIT**

   **YOU ARE HEREBY NOTIFIED** that Petitioner Appeals to the Illinois Supreme
Court, for an Order on **Petition for Writ of Mandamus for Mandatory
Injunction/Issuance of a Supervisory Order Vacating Orders due to Criminal Acts
"Fraud" "Trespassing upon the Laws  Treason and To Impose Sanctions et al. , I**
Oties L. Love, Jr in this cause hereby certify that, I Have caused the following on
said service list to receive the Petition et al., and all of it's attachments by depositing
them in a Post Office via regular mail, or hand delivery May 10th, 2017 to the
following:

Respectfully submitted,

*Lee Oties Love Jr.*

Lee Oties Love, Jr.

Lee Oties Love, Jr.
8435 S. Peoria
Chicago, IL. 60620
773 783-5691

**IN THE**
**SUPREME COURT OF ILLINOIS**

| | |
|---|---|
| Lee Oties Love, Jr. | )    Appeal from the Circuit Court of Cook County |
| | )        Domestic Relations Division |
| Plaintiff-Appellee | )        Gen No. 13-80423 |
| | ) |
| | )      Hon Pamela Elizabeth Loza |
| | ) |
| Natasha Broomfield | ) |
| | ) |
| V. | ) |
| Defendant- Appellant | ) |
| | ) |
| | ) |
| | ) |

## EXHIBIT LIST

1.) **Gr. Ex. A,** Petition for Order of Protection, (9-29-2014) judge Christopher E. Lawler

2.) **Ex. B,** Court Order signed (9-29-2014) judge Lawler

3.) **Gr. Ex. C** Complaint seeking $4400.00 Cir. Ct.

4.) **Gr. Ex D** Order of Protection Receipt 2014 OP 77503 w/ all documents relating to Order of Protection Petition 16 pages;

5.) **Ex. E,** Court Order Judge signing Court Order with <u>13 D 80423 scratching out 2014 OP 77503;</u>

6.) **Gr. Ex F,** Ingalls Memorial Hospital Discharge Instructions 9-26-2014.

7.) **Ex G.** Recognizance Bond $20,000.00;

8.) **Gr. Ex. H,** Sentencing Order et al. judge Panici signed Dec. 17, 2015; 4 pages;

9.) **Gr Ex. I,** Calumet Police Department (filed Dec 10, 2014);

10.) **Ex J,** Motion to Vacate and or Modify Order of Protection et al;

**Service List: Courtesy Copies**
TO: THE following

By **Mail /Personal Delivery**

**FBI**
**2111 S. Roosevelt Rd.**
**Chicago, IL. 60612**

**US Attorney**
**219 S. Dearborn, 5th floor**
**Chicago, Il. 60604**

Judge Pamela Elizabeth Loza
50 West Washington, 3009
Chg. IL 60602

Chief Judge Timothy C. Evans
50 West Washington, 3000
Chg. IL 60602

States Attorney
Kimberly Foxx
50 West Washington, 500
Chg. IL. 60602

Judge James P. Murphy
555 West Randolph, 402
Chg. IL. 60607

Judge Luciano Panici
16501 S. Kedzie Pkwy., 105
Markham Illinois, 60428

Joshua P. Haid
Sears/Willis Tower
233 S. Wacker, 84th floor
Chg. IL. 60606

Under penalties as provided by law pursuant to **735 1265 5/1 -109**, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters, the undersigned certifies as aforesaid that he verily believe the same to be true.

*Lee Oties Love Jr.*

Lee Oties Love, Jr.
8435 S. Peoria
Chicago, IL. 60620
773 783-5691

May 10, 2017

"OFFICIAL SEAL"
MARTHA HAMILTON
Notary Public, State of Illinois
My Commission Expires 8/24/2018

**Notary**

11.) **Gr. Ex K**, Notarized Affidavit June 7, 2016;

12.) **Gr. Ex L**, Court Order not signed by Judge Loza (Dec 29, 2014,) ordering Appellee to attend domestic violence counseling, in violation of **Sup. Ct. Rule 272**

**13.)** **Ex. M**, Court Order not signed by Judge Loza (Dec 29, 2014) in violation of **Sup. Ct. Rule 272**

14.) **Ex. N**, Court Transcript capturing judge and attorney as well as Appellant complicit in unlawful acts Dec. 29, 2014;

15.) **Ex. O**, DCFS Notification of a Suspected Child Abuse and /or Neglect Document; "Medical Neglect"

16.) **Ex. P**, Letter from Salvation Army to Officer Lillian Jackson Cook County Adult Probation re Appellee not being eligible for program;

17.) **Ex. Q**, Court Order brazenly signed by Judge Loza (Jan 4, 2017);

**18.)** **Ex. R**, Return of Body Attachment Order not signed by judge Loza (April 17, 2014); In violation of **Sup Ct. Rule 272**

Respectfully submitted,

*Lee Oties Love Jr.*

Lee Oties Love, Jr.

Lee Oties Love, Jr.
8435 S. Peoria
Chicago, IL. 60620
773 783-5691

Petition: 1 of 5 Pages    3501                                    (2/28/05) CCG N800 A

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

People ex rel. _____

_____ on behalf of

_____ self and/or on behalf of

*Natasha Broomfeld*                    Petitioner

v.

*Lee Love*

_____ Respondent

Case No. **13D80423**

☒ Independent Proceeding

☐ Other Civil Proceeding

   (specify) _____

☐ Criminal Proceeding

☐ Juvenile Proceeding

FILED
2014 SEP 29 P 2:
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
SIXTH...

### PETITION FOR ORDER OF PROTECTION
(Fill in lines and check boxes as applicable)

Now comes the Petitioner *Natasha Broomfeld* on his/her own behalf or on behalf of

*Myron Love* _____, an adult who cannot file a petition because of age, health, disability or inaccessibility on his/her own behalf, pursuant to the Illinois Domestic Violence Act (IDVA), and moves this Honorable Court to issue an Order of Protection in this cause and in support thereof states as follows:

### ALLEGATIONS

THIS COURT HAS JURISDICTION OF THE SUBJECT MATTER AND OVER ALL NECESSARY PERSONS, WITH APPROPRIATE VENUE, BECAUSE:

A. ☒ Petitioner resides at *14420 S. Emerald Ave.      Riverdale*
                                    (Street Address, City)

in the County of *Cook* State of *IL* ; OR

☐ Petitioner resides at _____
                                      (Street Address, City)

in the County of _____ State of _____ ; and _____

the person on whose behalf this Petition is brought, resides at _____
                                      (Street Address, City)

in the County of _____ State of _____ ; OR

☐ Petitioner's address is omitted pursuant to statute. [Alternative address for notice of any motion is _____ ]

B. ☐ Respondent resides at *8435 S. Peoria      Chicago, IL*
                                      (Street Address, City)

in the County of *Cook* State of *IL* .

C. Respondent stands in relationship to the Petitioner or alleged abused person as/as:

☐ Spouse;
☐ Child;
☐ Sharing or formerly sharing a common dwelling;
☒ Sharing a blood relationship through a child;

☐ Former spouse;
☐ Having or allegedly having a child in common;
☐ Having or having had a dating or engagement relationship;
☐ Personal assistant to person with disabilities or a person who has responsibility for a high-risk adult with disabilities;

☐ Parent;
☐ Stepchild;
☐ Other person related by blood or marriage.

*EX
A*

### DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

1. CLERK OF THE CIRCUIT COURT                    Case No. _____

Petition: 2 of 5 Pages                                                                 (2/28/05) CCG N800 B

D. ☐ There is no other pending court action involving the parties OR

☒ there is another pending court action involving the parties in _Daley Center - 50 W. Washington Rm CL12_ Court,

County of _Cook_ State of _IL_ known as Case No. _____

E. ☒ As referred to herein, "the minor child/ren" are _Kaylee Love (4)_

_____

☒ The Court has jurisdiction over the minor child/ren because:

☒ 1. the State of Illinois

☒ a. is the home state (as defined in the Illinois Uniform Child Custody Jurisdiction Act) of the child/ren at the time of the commencement of this proceeding, or

☐ b. had been the child/ren's home state within 6 months before commencement of the proceeding and the child is absent from this State because of his/her removal or retention by a person claiming his/her custody or for other reasons, and parent or person acting as parent continues to live in this state;

OR

☐ 2. it is in the best interest of the child that a court of this State assume jurisdiction because the child and his/her parents, or the child and at least one contestant, have significant connection with this State, and there is available in this State substantial evidence concerning the child's present or future care, protection, training and personal relationships;

OR

☐ 3. the child is physically present in this State and

☐ a. the child has been abandoned, or

☐ b. it is necessary in an emergency to protect the child because s/he has been subjected to or threatened with mistreatment, abuse or is otherwise neglected or dependent;

OR

☐ 4. it appears that no other state would have jurisdiction under prerequisites substantially in accordance with paragraphs 1, 2 or 3, or another state has declined to exercise jurisdiction on the grounds that this State is the more appropriate forum to determine the custody of the child, and it is in the best interest of the child that this Court assume jurisdiction.

F. ☐ No "father and child relationship" (pursuant to the Illinois Parentage Act of 1984) has been established with the following child/ren:

G. ☒ The primary caretaker of the minor child/ren is or has been _Natasha Broomfield_

H. ☒ Venue in civil proceedings is appropriate because:

☒ Petitioner resides in the County of Cook, State of Illinois; OR

☒ Respondent resides in the County of Cook, State of Illinois; OR

☐ the alleged abuse occurred in the County of Cook, State of Illinois; OR

☐ the Petitioner is temporarily located in the County of Cook, State of Illinois, to avoid further abuse, and could not obtain safe, accessible, and adequate temporary housing in the county of his/her residence.

PETITIONER ALLEGES AS TO RESPONDENT THAT:

I. ☒ the following individuals are alleged to be persons who need to be protected from abuse by Respondent: _Natasha Broomfield and Kaylee Love_

J. ☒ Respondent has acted in the following manner towards the Petitioner:
[State details of incident(s) of abuse (including time and place), as well as effects of incident(s) on Petitioner.]

Incident(s): _On Sept 26, 2014 the respondent call my cell phone saying he was going to beat my ass if I let my nephew Markee can touch my daughter between her legs. In addition to this he has pulled out again on my dad on Aug 9, 2013 alledging that he was trying to keep him away from his daughter. On July 4, 2014 he shoved me in front of the Riverdale police station while I was trying to console my sick daughter. He constantly harrasses me calling the police trying to get possesion of my daughter when he is not supposed to have her._

Effect(s): _Fear of future abuse. Physical and emotional trauma_

_____

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Case No. _____

Copy Distribution - White: 1. ORIGINAL - COURT FILE  Canary: 2. PETITIONER'S COPY  Pink: 3. RESPONDENT'S COPY

K. ☒ Petitioner should be granted exclusive possession of the residence, the special venue rules of sec. 209(b) of IDVA (applicable only in civil proceedings) having been met, because:

   ☒ Petitioner has a right to occupancy and Respondent has no right to occupancy  OR

   ☐ Both parties have a right to occupancy; and, considering the risk of further abuse by Respondent interfering with the Petitioner's safe and peaceful occupancy, the balance of hardships favors the Petitioner because of the following relevant factors:

      ☐ Availability, accessibility, cost, safety, adequacy, location and other characteristics of alternative housing for each party and any minors or other dependents; and/or

      ☐ Effect on each party's employment; and/or

      ☐ Other factors, as follows: _____

L. ☒ Respondent should be ordered to stay away from Petitioner and the protected persons.
   ☒ Respondent should be prohibited from entering or remaining present at Petitioner's school, place of employment or (specify): Calvin Christian School - South Holland IL because:

      ☒ Respondent has no right to enter/remain present at such place(s); OR
      ☐ The balance of hardships favors the Petitioner in prohibiting the Respondent from entering or remaining at such place(s).

M. ☐ The likelihood of future abuse would be minimized by appropriate counseling.

N. ☐ Petitioner should be granted physical care of the minor child/ren or granted other appropriate relief because there exists a danger that the minor child/ren will be:

      ☐ abused or neglected; and/or
      ☐ separated in an unwarranted manner from the child/ren's primary caretaker; and/or
      ☐ unprotected as to his/her/their well-being.

O. ☐ Petitioner should be granted temporary legal custody of the minor child/ren.

P. ☒ The Respondent's visitation with the minor child/ren should be restricted or denied because the Respondent has or is likely to:

      ☒ abuse or endanger the minor child/ren during visitation; and/or
      ☒ use visitation as an opportunity to abuse or harass Petitioner or Petitioner's family or household members; and/or
      ☒ improperly conceal or detain the minor child/ren; and/or
      ☒ otherwise act in a manner that is not in the best interest of the minor child/ren.

Q. ☐ There exists a danger that the minor child/ren will be removed from this jurisdiction or concealed within the State.

R. ☒ Respondent has knowledge of the whereabouts of, or access to, the minor child/ren.

S. ☐ Petitioner should be granted exclusive possession of the following items of personal property:

_____
_____

because:
☐ Petitioner, not Respondent, owns such property; OR
☐ sharing the property creates a further risk of abuse or is impractical; the balance of hardships favors temporary possession by Petitioner; and
   ☐ Petitioner and Respondent own the property jointly, or
   ☐ the property is alleged to be marital property and a proceeding has been filed under the IMDMA.

T. ☒ An order should be granted protecting the following items of personal property: 2006 Subaru Tribeca (B1K-40R)

_____

because:
☒ Petitioner, not Respondent, owns such property; or
☐ The balance of hardships favors Petitioner, and
   ☐ Petitioner and Respondent own the property jointly, or
   ☐ The property is alleged to be marital property and a proceeding has been filed under the IMDMA.

U. ☐ Respondent be ordered to stay away from the following protected animals. (Detail the animals by name, type and description.): _____

V. ☐ The Petitioner should be granted exclusive possession of the following animals. (Detail the animals by name, type and description.): _____

_____
_____

because:
☐ Petitioner, not Respondent, owns such property; OR
☐ sharing the property creates a further risk of abuse or is impractical; the balance of hardships favors temporary possession by Petitioner; and
   ☐ Petitioner and Respondent own the property jointly, or
   ☐ the property is alleged to be marital property and a proceeding has been filed under the IMDMA.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Case No. _____

FILED - 6
2014 SEP 29 PM 2:41
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF THE JUDICIAL CIRCUIT DISTRICT

Petition: 4 of 5 Pages

(5/26/09) CCG N800 D

W. ☐ Respondent has a legal obligation to support Petitioner and/or the minor child/ren, and Respondent is able to provide such support.

X. ☐ As a direct result of the above described abuse, Petitioner has suffered certain losses, incurred certain expenses, and/or has been provided temporary shelter/counseling services, as follows:

_____

_____

_____

X(1) ☐ There is a threat to the safety and well-being of Petitioner's family or household when Respondent enters or remains on the premises while under the influence of alcohol or drugs.

X(2). ☐ Respondent should be ordered to surrender any and all firearms to the local law enforcement agency. If Respondent is a law enforcement officer, any and all firearms must be surrendered to Respondent's employer.

Y. ☐ Respondent should be denied access to school or other records of the minor child/ren because:
   ☐ Respondent is or will be prohibited from having contact with the minor child/ren; or
   ☐ Petitioner's address is omitted pursuant to statute; or
   ☐ it is necessary to prevent abuse or wrongful removal or concealment of the minor child/ren.

Z. ☒ Allegations for other injunctive relief: No contact by any means with Petitioner and minor child.

AA. ☐ Disclosure of Petitioner's address would risk further abuse to her/him or to another protected person, or such disclosure would reveal the confidential location of a shelter for domestic violence victims.

**Additional Allegations for Emergency Orders Only**

   ☐ (i) For requested remedies 1, 3, 5, 7, 8, 9, 11, 14, 15, and 17, the harm which that remedy is intended to prevent would be likely to occur if Respondent were given any prior notice, or greater notice than was actually given of Petitioner's efforts to obtain judicial relief.

   ☐ (ii) For requested remedy 2, the immediate danger of further abuse of Petitioner by Respondent if Petitioner chose or had chosen to remain in the household while Respondent was given any prior notice or greater notice than was actually given, outweighs the hardship to Respondent of an emergency order granting Petitioner exclusive possession of the residence or household.

   ☐ (iii) For requested remedy 10, improper disposition of the personal property would be likely to occur if Respondent were given any prior notice or notice than was actually given of Petitioner's effort to obtain judicial relief, or that Petitioner has an immediate and pressing need for possession of that property.

**REMEDIES REQUESTED**

PETITIONER REQUESTS THAT THE COURT FIND THAT THE FOLLOWING ARE PROTECTED PERSONS:

Natasha Broomfield, Kaylee Love (4)

_____

WHEREFORE, PETITIONER REQUESTS THE ENTRY OF AN ORDER OF PROTECTION SETTING FORTH THE FOLLOWING REMEDIES:

☒ 1. With respect to Petitioner and other Protected Persons, Respondent should be prohibited from committing the following:
   ☒ Physical abuse;   ☒ Harassment;   ☐ Interference with personal liberty;   ☐ Intimidation of a dependent;
   ☐ Willful deprivation;   ☐ Neglect;   ☐ Exploitation;   ☒ Stalking.

☒ 2. Petitioner should be granted exclusive possession of the residence and Respondent should be prohibited from entering or remaining at such premises: (Address) ~~XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX~~

☒ 3. ☒ a. Respondent should be ordered to stay away from Petitioner and other protected persons; and/or
   ☒ b. Respondent should be prohibited from entering or remaining at Calvin Christian School in South Holland, IL while any Protected Person is present; and/or
   ☐ c. Respondent should be allowed access to the residence on (date) _____ at (time) _____ in the presence of (name) _____ to remove items of clothing, personal adornments, medications used exclusively by the Respondent and other items, as follows: _____

☐ 4. Respondent should be ordered to undergo counseling for a period of time to be determined by this court. (Not available in Emergency Order)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Case No. _____

Copy Distribution - White: 1. ORIGINAL - COURT FILE   Canary: 2. PETITIONER'S COPY   Pink: 3. RESPONDENT'S COPY

☐ 5. ☐ a. Petitioner should be granted physical care and possession of the minor child/ren; and/or
   ☐ b. Respondent should be ordered to:
      ☐ return the minor child/ren _____ to the physical care of
      _____ ; and/or
      ☐ not remove the minor child/ren _____ from
      the physical care of Petitioner or _____ .

☐ 6. Petitioner should be granted temporary legal custody of the minor child/ren _____ .
   *(Not available in Emergency Order)*

☒ 7. ☐ a. Respondent should be awarded visitation rights on the following dates and times or under the following conditions or parameters:
   *(No order shall merely refer to the term "reasonable visitation".)*
   _____
   _____

   ☐ b. Respondent's visitation should be restricted as follows:
   _____
   _____

   ☒ c. Respondent's visitation should be ~~denied~~ *Reserved*

☒ 8. Respondent should be prohibited from removing the minor child/ren from Illinois or concealing them within Illinois.
☐ 9. Respondent should be ordered to appear in this Court with/without the child/ren on a date certain.
☐ 10. Petitioner should be granted exclusive temporary possession of the following personal property and the Respondent should be ordered to deliver to Petitioner said property that is in Respondent's possession or control, to wit: _____

☒ 11. Respondent should be ordered not to take, encumber, conceal, damage or otherwise dispose of any of the following real or personal property,
   to wit: _2006 Subaru Tribeca (4DR-BLK)_

☐ 12. Respondent should be ordered to pay temporary support for Petitioner and/or the minor child/ren of the parties as follows $ _____
   per _____ , starting _____ payable ☐ through the Clerk of the Circuit Court or ☐ directly to Petitioner. *(Not available in Emergency Order)*

☐ 13. Respondent should be ordered to pay $ _____ respecting losses and expenses within the scope of Sec. 214(b)(13) of the IDVA
   to _____ on or before _____ . *(Not available in Emergency Order)*

☐ 14. Respondent should be prohibited from entering or remaining at the household or residence located at _____ while under
   the influence of alcohol or drugs and so constituting a threat to the safety and well-being of any Protected Person.

☐ 14.5. Respondent must be ordered to surrender any and all firearms to the local law enforcement agency (i.e., police department). If the Respondent is a law enforcement officer, any and all firearms must be surrendered to Respondent's employer. *(All surrendered firearms shall remain confiscated for a period not to exceed two (2) years.)*

☐ 15. Respondent should be denied access to school or any other records of the minor child/ren and prohibited from inspecting, obtaining or attempting to inspect or obtain such records.

☐ 16. Respondent should be ordered to pay $ _____ to the following shelter _____
   on or before _____ . *(Not available in Emergency Order)*

☒ 17. Respondent should be further enjoined as follows:
   _Absolutely no contact by any means with Petitioner and minor child._

_____     X _[signature]_
**Signature of Attorney or State's Attorney**     **Signature of Petitioner**

UNDER THE PENALTIES OF PERJURY AND AS PROVIDED BY LAW PURSUANT TO SECTION 1-109 OF THE CODE OF CIVIL PROCEDURE, THE UNDER-SIGNED CERTIFIES THAT THE STATEMENTS SET FORTH IN THIS INSTRUMENT ARE TRUE AND CORRECT, EXCEPT AS TO MATTERS STATED TO BE ON INFORMATION AND BELIEF AND AS TO SUCH MATTERS THE UNDERSIGNED BELIEVES THE SAME TO BE TRUE.

Dated: _9/24_ , _2014_     X _[signature]_
Atty. No.: _____ Attorney/(or Pro Se Petitioner):     **Signature of Petitioner**
Name: _Natasha Brombeed_
Address: _14020 S. Emerald R._
City/State/Zip: _Riverdale, Il 60827_
Telephone: _(312) 433-1001_

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Case No. _____

Copy Distribution - White: 1. ORIGINAL - COURT FILE  Canary: 2. PETITIONER'S COPY  Pink: 3. RESPONDENT'S COPY

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION**

IN RE THE ☐ MARRIAGE ☐ CUSTODY
☐ SUPPORT OF: ☒ ORDER OF PROTECTION

No. _____

Calendar _____

Please serve the Respondent at:

Natasha Broomfield
PETITIONER
AND

Lee Love
RESPONDENT

8435 S. Peoria
Chicago IL

2120 - Summons - Retd. P.S.
2121 - Alias Summons - Retd. P.S.
2700 - Return of Service P.S. - Ord. of Protect.

2220 - Summons - Retd. N.S.
2221 - Alias Summons - Retd. N.S.
2702 - Return of Service N.S. - Ord. of Protect.

## SUMMONS

**TO THE RESPONDENT:**

The Petitioner has filed a legal proceeding against you for one or more of the following:

☐ Dissolution of Marriage ☐ Legal Separation ☐ Declaration of Invalidity ☒ Custody ☐ Child Support
☐ Order of Protection under the Illinois Domestic Violence Act ☐ Praecipe for Summons *☐ Other: _____

**YOU ARE SUMMONED** and required to file your **WRITTEN APPEARANCE AND RESPONSE** in the Office of the Clerk of the Circuit Court Located at:

☐ Richard J. Daley Center
  50 W. Washington, Room 802
  Chicago, IL 60602

☐ Domestic Violence Court
  555 W. Harrison Street
  Chicago, IL 60607

☐ Child Support
  28 N. Clark, Room 200
  Chicago, IL 60602

☐ District 2 - Skokie
  5600 Old Orchard Road
  Skokie, IL 60077

☐ District 3 - Rolling Meadows
  2121 Euclid
  Rolling Meadows, IL 60008

☐ District 4 - Maywood
  1500 Maybrook Drive
  Maywood, IL 60153

☐ District 5 - Bridgeview
  10220 S. 76th Avenue
  Bridgeview, IL 60455

☒ District 6 - Markham
  16501 S. Kedzie Pkwy.
  Markham, IL 60426

no later than ☐ 30 days ☒ 7 days after service of this summons, not counting the day of service.

**IF YOU FAIL TO FILE YOUR WRITTEN APPEARANCE WITHIN THE TIME STATED ABOVE, A DEFAULT JUDGMENT MAY BE ENTERED AGAINST YOU AND THE COURT MAY GRANT THE PETITIONER ALL OR PART OF THE RELIEF THAT S/HE IS REQUESTING IN HER OR HIS PETITION.**

**TO THE OFFICER:** This summons must be returned by the officer or other person to whom it was given for service, with endorsement thereon of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed.

Atty. Code No.: _____
Name: Natasha Broomfield
Atty. for Petitioner:
Address: 14470 S. Emerald Ave
City/State/Zip: Riverdale, IL 60827
Telephone: (312) 933-1041

WITNESS,
**DOROTHY BROWN** SEP 2 0 2014
_____
Circuit Court Clerk
Date of Service: _____
[To be inserted by officer on copy left with respondent or other person]

| SEE REVERSE SIDE |

**Service by Facsimile Transmission will be accepted at: _____
                                                           (Area Code) (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
Copy Distribution - White: 1. ORIGINAL - COURT FILE Canary: 2. COPY Pink: 3. COPY Gold: 4. COPY

Name: Natasha Broomfield          Case Number: 13D80423

He has called DCFS making allegations of medical

neglect to our daughter

FILED - 6
CLERK OF THE CIRCUIT COURT
SIXTH MUNICIPAL DISTRICT
2014 SEP 29  PM 2:41
DOROTHY BROWN
CLERK

Denial/Dismissal/Continuance Order                                          (10/4/11) CCDV 0007

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**DOMESTIC VIOLENCE DIVISION**

*Natasha Broomfield*
                                    Petitioner

No. 13D80423

*Lee Love*
                                    Respondent

Respondent's D.O.B _____

☐ Independent Petition
☐ Criminal Proceeding

**DENIAL/DISMISSAL CONTINUANCE ORDER**
Orders of Protection, Stalking No Contact Orders, Civil No Contact Orders

This case coming on to be heard on the Petitioner's request for an Emergency (Order of Protection, Stalking No Contact Order, Civil No Contact Order) and this Court being fully advised,

**THE COURT FINDS THAT:**

☐ PETITIONER is present in court.

☐ PETITIONER is not present in court.

☐ RESPONDENT received no notice of the petition and is not present.

☐ Petitioner has not established that there is a good cause to grant the remedies requested regardless of prior service of process or of notice upon RESPONDENT.

☐ Petitioner presented insufficient evidence of an Emergency (Order of Protection/Stalking No Contact Order/Civil No Contact Order) and does not meet the standards provided by the statute.

☐ Petitioner is not a protected party as defined by the statute.

**THE COURT HAVING JURISDICTION OF THE SUBJECT MATTER IT IS HEREBY ORDERED THAT:**

☐ Petitioner's oral motion for leave to withdraw the petition is allowed and the cause is dismissed.
                    5553            5665            5653
☑ Petition for an Emergency (Order of Protection/Stalking No Contact Order/Civil No Contact Order) is (denied/dismissed).
                    5652            5666            5654
☐ Petition for a Plenary (Order of Protection/Stalking No Contact Order/Civil No Contact Order) is (denied/dismissed).
                    4411            4431            4421
☐ Petition for a Plenary (Order of Protection/Stalking No Contact Order/Civil No Contact Order) shall remain pending and is continued for hearing after service of process and/or notice upon the RESPONDENT.

☐ This case is continued to: _____, _____ at _____ a.m./p.m. in the Court
                                    (date)                              (time)

located at _____
                    (Courthouse Address)                              (Room No.)

☐ Alias Summons to issue.

Atty. No.: _____        Pro Se 99500           ENTERED:        Judge Christopher E. Lawler
Name: _____                                                    SEP 29 2014
Address: _____                                    Dated: _____ Circuit Court - 2098
City/State/Zip: _____
Telephone: _____                           _____
                                                           Judge                    Judge's No.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Complaint-Verified **(This form replaces CCMD-8A)**     CCM N008-50M-2/25/05( )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Lee Oties Love JR.
**Plaintiff(s)**

v.

Natasha Broomfield
**Defendant(s)**

No. 2013M003806
CALENDAR/ROOM 0709
TIME 09:00
Contract Statutory Action
Amount Claimed $ 4,400.00
Return Date 11/8/13

## COMPLAINT

The Plaintiff(s) claim(s) as follows: Natasha Broomfield has did my taxes the last two tax teems 2011-2012. Each year I have owed in State and Federal and they have taken My refund on what IRS said I owed. I recently found out I was one of the eighty people Natasha Broomfield was fined and charged by IRS. 80 people x $500 = $40,000 fine. By law Natasha Broomfield was suppose to amend my taxes free. Natasha Broomfield commited fraud and claims on my state and Federal taxe I Came to Natasha Broomfield when I was contacted by the IRS. Natasha Broomfield commited fraud on my child tax credit 8332 foem for my daughter Kaylee Mi Love, Natasha Broomfield commited fraud, false deductions, Public / Political Corruption. Also False / Altered Documents, Unreported Income, By federal law and IRS Natasha Broomfield was suppose to amend my 2011-2012 Tax deficiency, Tax Return (notice CP3219A) Because Natasha Broomfield lied and commited false exemption & deductions on Paid Preparer's signature Print / type preparer's name and PTIN Number, address, Firm EIN number, Natasha Broomfield was fined, charged found guilty of Federal IRS of $130,000 Compan By IRS Comptroller Michael Frazin.

_____, certify that I am the _____
(Name)                                          (Name of Attorney if applicable)

laintiff in the above entitled action. The allegations in this complaint are true.

EX
C

tty. No.: _____     **Pro Se 99500**     Dated: 10/22/13 , _____

tty. (or Pro Se Plaintiff):
ame: Lee Oties Love Jr.
ddress: 8435 S. Peoria
ity/State/Zip: Chicago Illinois 60620
elephone: (773) 573-9804 or (773) 783-5691

Signature *Lee Oties Love Jr.*

☐ Under penalties as provided by law pursuant to 735 ILCS 5/1-109 the abovesigned certifies that the statements set forth herein are true and correct.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

GR
EX
D

THE HONORABLE DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
COOK COUNTY, IL

DATE: 12/11/2014  TIME: 2:17PM
TN: 0021-0001  RN: 00071177
DIST: 01 DIV: Domestic Relations
DVC1-130 CASHIER: MIRZAP  CR#: 530

ATTORNEY NO: 09500
AD DAMNUM:  $0.00
CASE NO: 2014DP77503  CALENDAR: 71

CASE TOTAL: $337.00

CASE TYPE: Order of Protection
Automation  $15.00
Document Storage  $15.00
Law Library  $21.00
Dispute Resolution  $1.00
Arbitration  $10.00
Base Filing Fee 6  $240.00
Court Services  $25.00
Children Waiting Rm  $10.00
NO FEE  $337.00
CHANGE  $0.00

13D080 422

On or about September 26, 2014, the resp called me alleging that my daughter had been sexually assaulted by my 6 yr. old nephew. The resp called me a "Bitch" and continued by yelling at me. Resp said "If [my nephews] touch Kaylee again between her legs I'm going to beat you and kill you".

From the period of October – November 2014, the resp sent me harassing messages, calling me a tax fraud and white collar criminal. Resp. said that I was a bad mother.

On or about July 4th 2014, the resp and I were exchanging our child at the Riverdale Police Dept. As I attempted to console my daughter, because she had a stomach ache, resp snatched her from me and pulled/shoved me. In front of my daughter resp. called me a "Bitch" and "porch-monkey".

Resp. is easily angered and then becomes aggressive. Resp. calls the police on me for running a little late (even when I notify him). I fear for my and my daughter's life. Resp. has used a gun and shot at my brother and father. Resp. has a gun. I fear further abuse.

Summons **Appearance Fee** *506-00* (06/24/13) CCDR N001

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION    *13D 080423*

IN RE THE ☐ MARRIAGE ☐ CIVIL UNION ☐ CUSTODY   No. *~~13D 077503~~*
☐ SUPPORT OF: ☒ ORDER OF PROTECTION

**Natasha Broomfield**
PETITIONER

Calendar ____ *99*

AND

Please serve the Respondent at:

*8435 S. Peoria*

**Lee O. Love**
RESPONDENT

*Chicago IL 60620*

2120 - Summons - Retd. P.S.          2220 - Summons - Retd. N.S.
2121 - Alias Summons - Retd. P.S.    2221 - Alias Summons - Retd. N.S.
2700 - Return of Service P.S. - Ord. of Protect.    2702 - Return of Service N.S. - Ord. of Protect.

☐ **SUMMONS**    ☐ **ALIAS SUMMONS**

**TO THE RESPONDENT:**

The Petitioner has filed a legal proceeding against you for one or more of the following:

☐ Dissolution of Marriage/Civil Union ☐ Legal Separation ☐ Declaration of Invalidity ☐ Custody ☐ Child Support
☒ Order of Protection under the Illinois Domestic Violence Act ☐ Praecipe for Summons *☐ Other: _____

YOU ARE SUMMONED and required to file your WRITTEN APPEARANCE AND RESPONSE in the Office of the Clerk of the Circuit Court Located at:

☐ Richard J. Daley Center       ☒ Domestic Violence Court       ☐ Child Support
   50 W. Washington, Room 802       555 W. Harrison Street             28 N. Clark, Room 200
   Chicago, IL 60602                Chicago, IL 60607                  Chicago, IL 60602

☐ District 2 - Skokie            ☐ District 3 - Rolling Meadows    ☐ District 4 - Maywood
   5600 Old Orchard Road            2121 Euclid                        1500 Maybrook Drive
   Skokie, IL 60077                 Rolling Meadows, IL 60008          Maywood, IL 60153

☐ District 5 - Bridgeview        ☐ District 6 - Markham
   10220 S. 76th Avenue             16501 S. Kedzie Pkwy.
   Bridgeview, IL 60455            Markham, IL 60426

no later than ☐ 30 days ☒ 7 days after service of this summons, not counting the day of service.

**IF YOU FAIL TO FILE YOUR WRITTEN APPEARANCE WITHIN THE TIME STATED ABOVE, A DEFAULT JUDGMENT MAY BE ENTERED AGAINST YOU AND THE COURT MAY GRANT THE PETITIONER ALL OR PART OF THE RELIEF THAT S/HE IS REQUESTING IN HER OR HIS PETITION.**

**TO THE OFFICER:** This summons must be returned by the officer or other person to whom it was given for service, with endorsement thereon of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed.

Atty. Code No.: _____

Name: *Natasha Broomfield*

Atty. for Petitioner: _____

Address: *14420 S. Emerald*

City/State/Zip: *Riverdale IL 60827*

Telephone: _____

WITNESS, *11-11-14*

_____
Circuit Court Clerk

Date of Service: _____
[To be inserted by officer on copy left with respondent or other person]

**Service by Facsimile Transmission will be accepted at: _____

                                    (Area Code)  (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Copy Distribution - White: 1. ORIGINAL - COURT FILE  Canary: 2. COPY  Pink: 3. COPY  Gold: 4. COPY

Petition: 1 of 5 Pages    3501

(2/28/05) CCG N800 A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

13D080423

People ex rel. _____

_____ on behalf of

_____ self and/or on behalf of

Natasha Broomfield

**Petitioner**

v.

Lee O. Love

**Respondent**

Case No. 14OP77523

[X] **Independent Proceeding**

[ ] **Other Civil Proceeding**
    (specify) _____

[ ] **Criminal Proceeding**

[ ] **Juvenile Proceeding**

### PETITION FOR ORDER OF PROTECTION
(Fill in lines and check boxes as applicable)

Now comes the Petitioner **Natasha Broomfield** on his/her own behalf or on behalf of

_____, a minor child, or on behalf of _____

_____, an adult who cannot file a petition because of age, health, disability or inaccessibility on his/her own behalf, pursuant to the Illinois Domestic Violence Act (IDVA), and moves this Honorable Court to issue an Order of Protection in this cause and in support thereof states as follows:

### ALLEGATIONS

THIS COURT HAS JURISDICTION OF THE SUBJECT MATTER AND OVER ALL NECESSARY PERSONS, WITH APPROPRIATE VENUE, BECAUSE:

A. [X] Petitioner resides at **14420 S. Emerald Riverdale 60827**
(Street Address, City)

in the County of **Cook** State of **IL** ; OR

[ ] Petitioner resides at _____
(Street Address, City)

in the County of _____ State of _____ ; and

the person on whose behalf this Petition is brought, resides at _____
(Street Address, City)

in the County of _____ State of _____ ; OR

[ ] Petitioner's address is omitted pursuant to statute. [Alternative address for notice of any motion is _____

B. [X] Respondent resides at **8435 S. Peoria Chicago 60620**
(Street Address, City)

in the County of **Cook** State of **IL** .

C. Respondent stands in relationship to the Petitioner or alleged abused person/as:

[ ] Spouse;

[ ] Child;

[ ] Sharing or formerly sharing a common dwelling;

[ ] Sharing a blood relationship through a child;

[ ] Former spouse;

[X] Having or allegedly having a child in common;

[ ] Having or having had a dating or engagement relationship;

[ ] Personal assistant to person with disabilities or a person who has responsibility for a high-risk adult with disabilities;

[ ] Parent;

[ ] Stepchild;

[ ] Other person related blood or marriage.

**FILED**

DEC 1 1 2014

**DOROTHY BROWN**
**CLERK OF CIRCUIT COURT**

### DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Copy Distribution - White: 1. ORIGINAL - COURT FILE  Canary: 2. PETITIONER'S COPY  Pink: 3. RESPONDENT'S COPY

Petition: 1 of 5 Pages   0007
3501

(2/28/05) CCG N800 A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

People ex rel. _____ 9980 _____

_____ on behalf of

_____ self and/or on behalf of

Natasha Broomfield _____ Petitioner

v.

Lee O. Love _____ Respondent

13D080423

Case No. 14007753

☒ Independent Proceeding
☒ Other Civil Proceeding
(specify) Parentage
☐ Criminal Proceeding
☐ Juvenile Proceeding

### PETITION FOR ORDER OF PROTECTION   3501
(Fill in lines and check boxes as applicable)

Now comes the Petitioner Natasha Broomfield on his/her own behalf or on behalf of

_____, a minor child, or on behalf of

_____, an adult who cannot file a petition because of age, health, disability or inaccessibility on his/her own behalf, pursuant to the Illinois Domestic Violence Act (IDVA), and moves this Honorable Court to issue an Order of Protection in this cause and in support thereof states as follows:

### ALLEGATIONS

THIS COURT HAS JURISDICTION OF THE SUBJECT MATTER AND OVER ALL NECESSARY PERSONS, WITH APPROPRIATE VENUE, BECAUSE:

A. ☒ Petitioner resides at 14420 S. Emerald Riverdale 60827
(Street Address, City)

in the County of Cook State of IL ; OR

☐ Petitioner resides at _____
(Street Address, City)

in the County of _____ State of _____ ; and

the person on whose behalf this Petition is brought, resides at _____
(Street Address, City)

in the County of _____ State of _____ ; OR

☐ Petitioner's address is omitted pursuant to statute. [Alternative address for notice of any motion is _____ .]

B. ☒ Respondent resides at 8435 S. Peoria Chicago 60620
(Street Address, City)

in the County of Cook State of IL

C. Respondent stands in relationship to the Petitioner or alleged abused person/as:

☐ Spouse;
☐ Child;
☐ Sharing or formerly sharing a common dwelling;
☐ Sharing a blood relationship through a child;

☐ Former spouse;
☒ Having or allegedly having a child in common;
☐ Having or having had a dating or engagement relationship;
☐ Personal assistant to person with disabilities or a person who has responsibility for a high-risk adult with disabilities;

☐ Parent;
☐ Stepchild;
☐ Other person related by blood or marriage.

**FILED**

DEC 11 2014

**DOROTHY BROWN**
CLERK OF CIRCUIT COURT

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Copy Distribution - White: 1. ORIGINAL - COURT FILE  Canary: 2. PETITIONER'S COPY  Pink: 3. RESPONDENT'S COPY

**K.** ☒ Petitioner should be granted exclusive possession of the residence, the special venue rules of sec. 209(b) of IDVA (applicable only in civil proceedings) having been met, because:

☒ Petitioner has a right to occupancy and Respondent has no right to occupancy OR

☐ Both parties have a right to occupancy and, considering the risk of further abuse by Respondent interfering with the Petitioner's safe and peaceful occupancy, the balance of hardships favors the Petitioner because of the following relevant factors:

☐ Availability, accessibility, cost, safety, adequacy, location and other characteristics of alternative housing for each party and any minors or other dependents; and/or

☐ Effect on each party's employment; and/or

☐ Other factors, as follows: _____

_____

**L.** ☒ Respondent should be ordered to stay away from Petitioner and the protected persons.

☒ Respondent should be prohibited from entering or remaining present at Petitioner's school, place of employment or (specify) 1850 W. Roosevelt ; Calvin Christian School 528 E 161st Pl because:
South Holland IL.

☒ Respondent has no right to enter/remain present at such place(s); OR

☐ The balance of hardships favors the Petitioner in prohibiting the Respondent from entering or remaining at such place(s).

**M.** ☒ The likelihood of future abuse would be minimized by appropriate counseling.

**N.** ☐ Petitioner should be granted physical care of the minor child/ren or granted other appropriate relief because there exists a danger that the minor child/ren will be:

☐ abused or neglected; and/or

☐ separated in an unwarranted manner from the child/ren's primary caretaker; and/or

☐ unprotected as to his/her/their well-being.

**O.** ☐ Petitioner should be granted temporary legal custody of the minor child/ren.

**P.** ☐ The Respondent's visitation with the minor child/ren should be restricted or denied because the Respondent has or is likely to:

☐ abuse or endanger the minor child/ren during visitation; and/or

☐ use visitation as an opportunity to abuse or harass Petitioner or Petitioner's family or household members; and/or

☐ improperly conceal or detain the minor child/ren; and/or

☐ otherwise act in a manner that is not in the best interest of the minor child/ren.

**Q.** ☐ There exists a danger that the minor child/ren will be removed from this jurisdiction or concealed within the State.

**R.** ☒ Respondent has knowledge of the whereabouts of, or access to, the minor child/ren.

**S.** ☐ Petitioner should be granted exclusive possession of the following items of personal property:

_____

_____

because:

☐ Petitioner, not Respondent, owns such property; OR

☐ sharing the property creates a further risk of abuse or is impractical; the balance of hardships favors temporary possession by Petitioner; and

☐ Petitioner and Respondent own the property jointly, or

☐ the property is alleged to be marital property and a proceeding has been filed under the IMDMA.

**T.** ☒ An order should be granted protecting the following items of personal property:
2006 Subaru Tribeca Black

_____

because:

☒ Petitioner, not Respondent, owns such property; or

☐ The balance of hardships favors Petitioner, and

☐ Petitioner and Respondent own the property jointly, or

☐ The property is alleged to be marital property and a proceeding has been filed under the IMDMA.

**U.** ☐ Respondent be ordered to stay away from the following protected animals. (Detail the animals by name, type and description.): _____

_____

**V.** ☐ The Petitioner should be granted exclusive possession of the following animals. (Detail the animals by name, type and description.):

_____

_____

because:

☐ Petitioner, not Respondent, owns such property; OR

☐ sharing the property creates a further risk of abuse or is impractical; the balance of hardships favors temporary possession by Petitioner; and

☐ Petitioner and Respondent own the property jointly, or

☐ the property is alleged to be marital property and a proceeding has been filed under the IMDMA.

13D080423

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Case No: Htop77503

W. ☐ Respondent has a legal obligation to support Petitioner and/or the minor child/ren, and Respondent is able to provide such support.

X. ☐ As a direct result of the above described abuse, Petitioner has suffered certain losses, incurred certain expenses, and/or has been provided temporary shelter/counseling services, as follows:

_____

_____

_____

X(1). ☐ There is a threat to the safety and well-being of Petitioner's family or household when Respondent enters or remains on the premises while under the influence of alcohol or drugs.

X(2). ☒ Respondent should be ordered to surrender any and all firearms to the local law enforcement agency. If Respondent is a law enforcement officer, any and all firearms must be surrendered to Respondent's employer.

Y. ☒ Respondent should be denied access to school or other records of the minor child/ren because:
   ☐ Respondent is or will be prohibited from having contact with the minor child/ren; or
   ☐ Petitioner's address is omitted pursuant to statute; or
   ☒ it is necessary to prevent abuse or wrongful removal or concealment of the minor child/ren.

Z. ☒ Allegations for other injunctive relief:
   No Contact by any means
   _____
   _____

AA. ☐ Disclosure of Petitioner's address would risk further abuse to her/him or to another protected person, or such disclosure would reveal the confidential location of a shelter for domestic violence victims.

### Additional Allegations for Emergency Orders Only

☐ (i) For requested remedies 1, 3, 5, 7, 8, 9, 11, 14, 15, and 17, the harm which that remedy is intended to prevent would be likely to occur if Respondent were given any prior notice, or greater notice than was actually given of Petitioner's efforts to obtain judicial relief.

☐ (ii) For requested remedy 2, the immediate danger of further abuse of Petitioner by Respondent if Petitioner chose or had chosen to remain in the household while Respondent was given any prior notice or greater notice than was actually given, outweighs the hardship to Respondent of an emergency order granting Petitioner exclusive possession of the residence or household.

☐ (iii) For requested remedy 10, improper disposition of the personal property would be likely to occur if Respondent were given any prior notice or greater notice than was actually given of Petitioner's effort to obtain judicial relief, or that Petitioner has an immediate and pressing need for possession of that property.

### REMEDIES REQUESTED

PETITIONER REQUESTS THAT THE COURT FIND THAT THE FOLLOWING ARE PROTECTED PERSONS:

Natasha Broomfield, Kaylee Love (4)

_____

_____

WHEREFORE, PETITIONER REQUESTS THE ENTRY OF AN ORDER OF PROTECTION SETTING FORTH THE FOLLOWING REMEDIES:

☒ 1. With respect to Petitioner and other Protected Persons, Respondent should be prohibited from committing the following:
   ☒ Physical abuse;   ☒ Harassment;   ☒ Interference with personal liberty;   ☒ Intimidation of a dependent;
   ☐ Willful deprivation;   ☐ Neglect;   ☐ Exploitation;   ☒ Stalking.

☒ 2. Petitioner should be granted exclusive possession of the residence and Respondent should be prohibited from entering or remaining at such premises:
   (Address) 14420 S. Emerald Riverdale IL 60827

☒ 3. ☒ a. Respondent should be ordered to stay away from Petitioner and other protected persons; and/or
   ☒ b. Respondent should be prohibited from entering or remaining at 1850 W. Roosevelt; Calvin C. School
   528 E 161st Pl South Holland IL _____ while any Protected Person is present; and/or
   ☐ c. Respondent should be allowed access to the residence on (date) _____ at (time) _____ in the presence of
   (name) _____ to remove items of clothing, personal adornments, medications used
   exclusively by the Respondent and other items, as follows: _____

☐ 4. Respondent should be ordered to undergo counseling for a period of time to be determined by this court. *(Not available in Emergency Order)*

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS   13D 080423

Case No. 1450 77503

Domestic Violence Cover Sheet                                    (9/28/11) CCDV 0601

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT - DOMESTIC VIOLENCE DIVISION**   13D080423

IN RE:

R   Natasha Broomfield  9/3/78                    NO.  ~~2014DP77503~~
                                PETITIONER              ~~CALENDAR/ROOM 71~~
                                                        ~~TIME 00:00~~
                    AND                                 ~~Order of Protection~~

R'   Lee O. Love          3/23/77                CALENDAR _____99_____
                                RESPONDENT

**DOMESTIC VIOLENCE COVER SHEET**                        35⁰¹

A Domestic Violence Cover Sheet shall accompany the initial pleading in all actions filed in the Domestic Violence Division.
The information contained herein is for administrative purposes only and shall not be introduced into evidence.  Please check
the box designating the category which best describes the action to be filed.

**GENERAL PROCEEDINGS**

A   0007  ☒  Petition for Independent Order of Protection      **FILED** 0101

B   0012  ☐  Petition for Stalking No Contact Order            DEC 1 1 2014

C   0008  ☐  Petition for Civil No Contact Order               **DOROTHY BROWN**
                                                               CLERK OF CIRCUIT COURT
D   0085  ☐  Petition to Register Foreign Judgment

This action ☒ does \ ☐ does not involve a minor child or children.  The parties ☐ have \ ☒ have not previously

filed a divorce or ☒ have \ ☐ have not filed a parentage action between them.  In the event the parties have previously

filed a prior action the action was filed on ____8/30/2013____ and assigned case number

___13D080423___ and initially assigned to Judge ___LOZA, PAMELA E.___

Atty. No.: _____
Name: Natasha Broomfield
Address: 14420 S. Emerald
City/State/Zip: Riverdale IL 60827        ☐ Attorney        ☒ Pro Se
Telephone: _____

MP-B, I, L

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Domestic Violence Cover Sheet          (9/28/11) CCDV 0601

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT - DOMESTIC VIOLENCE DIVISION**

13D080423

IN RE:

R Natasha Broomfield 9|3|78
**PETITIONER**

NO. ~~2014OP77503~~
~~CALENDAR/ROOM 71~~
~~TIME 00:00~~
~~Order of Protection~~

AND

R Lee D. Love 3|23|77
**RESPONDENT**

CALENDAR _____ 99

**DOMESTIC VIOLENCE COVER SHEET**

35⁰¹

A Domestic Violence Cover Sheet shall accompany the initial pleading in all actions filed in the Domestic Violence Division.
The information contained herein is for administrative purposes only and shall not be introduced into evidence. Please check
the box designating the category which best describes the action to be filed.

**GENERAL PROCEEDINGS**

**FILED**

DEC 1 1 2014

**DOROTHY BROWN**
**CLERK OF CIRCUIT COURT**

A 0007 ☒ Petition for Independent Order of Protection

B 0012 ☐ Petition for Stalking No Contact Order

C 0008 ☐ Petition for Civil No Contact Order

D 0085 ☐ Petition to Register Foreign Judgment

This action ☒ does \ ☐ does not involve a minor child or children. The parties ☐ have \ ☒ have not previously

filed a divorce or ☒ have \ ☐ have not filed a parentage action between them. In the event the parties have previously

filed a prior action the action was filed on _____, _____ and assigned case number

_____ and initially assigned to Judge _____

Atty. No.: _____

Name: Natasha Broomfield

Address: 14420 S Emerald

City/State/Zip: Riverdale IL 60827

Telephone: _____

☐ Attorney          ☒ Pro Se

MP-B, I, L

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Emergency Order of Protection: 1 of 3 Pages

(Rev. 7/29/10) CCG N801 A
(This form replaces CCG 96-01)

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

People ex rel. _____

Case No. _____

on behalf of

☐ self and/or on behalf of

**Natasha Broomfield**
Petitioner

**Lee O. Love**
Respondent

☐ Independent Proceeding
☐ Other Civil Proceeding
  (Specify) _____
☐ Criminal Proceeding
☐ Juvenile Proceeding

LEADS NO. _____

| PETITIONER | ADDRESS | CITY/STATE/ZIP |
|---|---|---|
| Natasha Broomfield | 14420 S. Emerald ☐ (Check if omitted pursuant to Statute) | Riverdale IL 60827 |

| RESPONDENT | ADDRESS | CITY/STATE/ZIP |
|---|---|---|
| Lee O. Love | 8435 S. Peoria | Chicago IL 60620 |

| Birthdate 3/23/77 (Required for LEADS) | Sex M | Race Black | Height 5'7 | Weight 300 | Hair Brown | Eyes Brown |
|---|---|---|---|---|---|---|

### EMERGENCY ORDER OF PROTECTION

CRIM CODE ☐ 952   CIVIL CODE ☐ 4553

ANY KNOWING VIOLATION OF ANY ORDER OF PROTECTION FORBIDDING PHYSICAL ABUSE, NEGLECT, EXPLOITATION, HARASSMENT, INTIMIDATION, INTERFERENCE WITH PERSONAL LIBERTY, WILLFUL DEPRIVATION, OR ENTERING OR REMAINING PRESENT AT SPECIFIED PLACES WHEN THE PROTECTED PERSON IS PRESENT OR GRANTING EXCLUSIVE POSSESSION OF THE RESIDENCE OR HOUSEHOLD, PROHIBITING ENTERING OR REMAINING AT THE HOUSEHOLD WHILE UNDER THE INFLUENCE OF ALCOHOL OR DRUGS AND SO CONSTITUTING A THREAT TO THE SAFETY AND WELL-BEING OF ANY PROTECTED PERSON, OR GRANTING A STAY AWAY ORDER, IS A CRIMINAL OFFENSE. GRANT OF EXCLUSIVE POSSESSION OF THE RESIDENCE OR HOUSEHOLD SHALL CONSTITUTE NOTICE FORBIDDING TRESPASS TO LAND. ANY KNOWING VIOLATION OF ANY ORDER AWARDING LEGAL CUSTODY OR PHYSICAL CARE OF A CHILD, OR PROHIBITING REMOVAL OR CONCEALMENT OF A CHILD MAY BE A CLASS 4 FELONY. ANY WILLFUL VIOLATION OF ANY ORDER IS CONTEMPT OF COURT. ANY VIOLATION MAY RESULT IN A FINE OR IMPRISONMENT. STALKING IS A FELONY.

A CHARGE OF VIOLATING THIS ORDER OF PROTECTION (720 ILCS 5/12-30) MAY SUBJECT RESPONDENT TO G.P.S. MONITORING PURSUANT TO 730 ILCS 5/5-6-3.

Any order of protection which would expire on a court holiday shall instead expire at the close of the next court business day. 750 ILCS 60/220 (f)

The following persons are protected by this Order: **Natasha Broomfield, Kaylee Love (4)**

"The minor child/ren" referred to herein are: **Kaylee Love (4)**

The following animals are protected by this Order (Detail the animals by name, type and description)
_____
_____

Date, time and place for further hearing:

Date: **12/29/14**   Time: **9 AM**   **50 W. Washington**
Courtroom/Calendar No.: **CL12/99**
Location: _____

| This Order was issued on: | This Order will be in effect until (not less than 14 nor more than 21 days): |
|---|---|
| Date: **10/11/14**   Time: **3:30 pm** | Date: **10/29/14**   Time: **9 AM** |

### DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Copy Distribution - White: 1. ORIGINAL - COURT FILE   Blue: 2. LEADS   Green: 3. SHERIFF/LAW ENFORCEMENT RETURN
Canary: 4. RESPONDENT   Pink: 5. PETITIONER   Gold: 6. STATE'S ATTORNEY

**Emergency Order of Protection: 2 of 3 Pages**    (This Form replaces CCG 96-02)    (Rev. 1/27/11) CCG N801 B

Any order of protection which would expire on a court holiday shall instead expire at the close of the next court business day. 750 ILCS 60/220 (f)

BASED ON THE FINDINGS OF THIS COURT, ☐ WHICH WERE MADE ORALLY FOR TRANSCRIPTION, OR ☐ WHICH ARE SET OUT IN A SEPARATE INSTRUMENT FILED WITH THE COURT, AND WITH THE COURT HAVING JURISDICTION OF THE SUBJECT MATTER AND OVER ALL NECESSARY PARTIES, IT IS HEREBY ORDERED THAT:

☑ 1. With respect to all Protected Persons, Respondent is prohibited from committing the following:
☑ Physical abuse;  ☑ Harassment;  ☑ Interference with personal liberty;  ☑ Intimidation of a dependent;
☐ Willful deprivation;  ☐ Neglect;  ☐ Exploitation;  ☑ Stalking.

☑ 2. Petitioner is granted exclusive possession of the residence and Respondent shall not enter or remain in the household or premises located at: 14420 S. Emerald Riverdale IL 60827
*[This remedy does not effect title to property]*

☑ 3. ☑ a. Respondent is ordered to stay away from Petitioner and other protected persons, including but not limited to refraining from telephone calls, mail, e-mail, faxes, written notes, and communication through third parties.

☑ b. Respondent is prohibited from entering or remaining at 1850 W. Roosevelt; Calvin C. School 528 E 161st Pl South Holland while any Protected Person is present; and/or

☐ c. Respondent is allowed access to the residence on (date) _____ at (time) _____ in the presence of (name) _____ to remove items of clothing, personal adornments, medications used exclusively by the Respondent and other items, as follows: _____

4. [Remedy not available for Emergency Orders of Protection.]

☐ 5. ☐ a. Petitioner is granted physical care and possession of the minor child/ren; and/or
☐ b. Respondent is ordered to:
☐ return the minor child/ren _____ to the physical care of _____ ; and/or
☐ not remove the minor child/ren _____ from the physical care of Petitioner or _____

6. [Remedy not available for Emergency Orders of Protection.]

☑ 7. ☐ a. Respondent is awarded visitation rights on the following dates and times or under the following conditions or parameters:
[No order shall merely refer to the term "reasonable visitation"]

☐ b. Respondent's visitation is restricted as follows:

☑ c. Respondent's visitation is reserved/denied.
(Petitioner may deny Respondent access to the minor child/ren if, when Respondent arrives for visitation, Respondent is under the influence of drugs or alcohol and constitutes a threat to the safety and well-being of Petitioner or Petitioner's minor child/ren or is behaving in a violent or abusive manner.)

☐ 8. Respondent is prohibited from removing the minor child/ren from Illinois or concealing them within Illinois.

☐ 9. Respondent is ordered to appear in Courtroom/Calendar _____ at _____ on _____ at _____ a.m./p.m., with/without the minor child/ren.

☐ 10. Petitioner is granted exclusive possession of the following personal property and the Respondent is ordered to promptly make available to Petitioner said property that is in Respondent's possession or control, to wit:

*[This remedy does not effect title to property]*

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**    13D080423

Case No. _____

**D.** ☐ There is no other pending court action involving the parties OR

    ☒ there is another pending court action involving the parties in _Child Custody_ Court,

    County of _COOK_ State of _IL_ known as Case No. _____

**E.** ☒ As referred to herein, "the minor child/ren" are _Kaylee Love (4)_
_____

☒ The Court has jurisdiction over the minor child/ren because:

    ☒ **1.** the State of Illinois

       ☒ **a.** is the home state (as defined in the Illinois Uniform Child Custody Jurisdiction Act) of the child/ren at the time of the commencement of this proceeding, or

       ☐ **b.** had been the child/ren's home state within 6 months before commencement of the proceeding and the child is absent from this State because of his/her removal or retention by a person claiming his/her custody or for other reasons, and parent or person acting as parent continues to live in this State;

                         OR

    ☐ **2.** it is in the best interest of the child that a court of this State assume jurisdiction because the child and his/her parents, or the child and at least one contestant, have significant connection with this State, and there is available in this State substantial evidence concerning the child's present or future care, protection, training and personal relationships;

                         OR

    ☐ **3.** the child is physically present in this State and

       ☐ **a.** the child has been abandoned, or

       ☐ **b.** it is necessary in an emergency to protect the child because s/he has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent;

                         OR

    ☐ **4.** it appears that no other state would have jurisdiction under prerequisites substantially in accordance with paragraphs 1, 2 or 3 or another state has declined to exercise jurisdiction on the grounds that this State is the more appropriate forum to determine the custody of the child, and it is in the best interest of the child that this Court assume jurisdiction.

**F.** ☐ No "father and child relationship" (pursuant to the Illinois Parentage Act of 1984) has been established with the following child/ren:
_____

**G.** ☒ The primary caretaker of the minor child/ren is or has been _Natasha Broomfield_

**H.** ☒ Venue in civil proceedings is appropriate because:

    ☒ Petitioner resides in the County of Cook, State of Illinois; OR

    ☒ Respondent resides in the County of Cook, State of Illinois; OR

    ☐ the alleged abuse occurred in the County of Cook, State of Illinois; OR

    ☐ the Petitioner is temporarily located in the County of Cook, State of Illinois, to avoid further abuse, and could not obtain safe, accessible, and adequate temporary housing in the county of his/her residence.

**PETITIONER ALLEGES AS TO RESPONDENT THAT:**

**I.** ☒ the following individuals are alleged to be persons who need to be protected from abuse by Respondent: _____
_Natasha Broomfield , Kaylee Love_

**J.** ☒ Respondent has acted in the following manner towards the Petitioner:
       [State details of incident(s) of abuse (including time and place), as well as effects of incident(s) on Petitioner.]

    Incident(s): _See attachment)_
_____
_____
_____
_____
_____
_____

    Effect(s): _____
_____

_13D080423_

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

      Case No. _1407753_

K. ☒☐ Petitioner should be granted exclusive possession of the residence, the special venue rules of sec. 209(b) of IDVA (applicable only in civil proceedings) having been met, because:

☒ Petitioner has a right to occupancy and Respondent has no right to occupancy **OR**

☐ Both parties have a right to occupancy; and, considering the risk of further abuse by Respondent interfering with the Petitioner's safe and peaceful occupancy, the balance of hardships favors the Petitioner because of the following relevant factors:

☐ Availability, accessibility, cost, safety, adequacy, location and other characteristics of alternative housing for each party and any minors or other dependents; and/or

☐ Effect on each party's employment; and/or

☐ Other factors, as follows: _____

_____

L. ☒ Respondent should be ordered to stay away from Petitioner and the protected persons.
☒ Respondent should be prohibited from entering or remaining present at Petitioner's school, place of employment or (specify)
1850 W. Roosevelt ; Calvin Christian School 528 E 161st Pl  **because:**
☒ Respondent has no right to enter/remain present at such place(s); **OR**   South Holland IL
☐ The balance of hardships favors the Petitioner in prohibiting the Respondent from entering or remaining at such place(s).

M. ☒ The likelihood of future abuse would be minimized by appropriate counseling.

N. ☐ Petitioner should be granted physical care of the minor child/ren or granted other appropriate relief because there exists a danger that the minor child/ren will be:

☐ abused or neglected; and/or

☐ separated in an unwarranted manner from the child/ren's primary caretaker; and/or

☐ unprotected as to his/her/their well-being.

O. ☐ Petitioner should be granted temporary legal custody of the minor child/ren.

P. ☐ The Respondent's visitation with the minor child/ren should be restricted or denied because the Respondent has or is likely to:

☐ abuse or endanger the minor child/ren during visitation; and/or

☐ use visitation as an opportunity to abuse or harass Petitioner or Petitioner's family or household members; and/or

☐ improperly conceal or detain the minor child/ren; and/or

☐ otherwise act in a manner that is not in the best interest of the minor child/ren.

Q. ☐ There exists a danger that the minor child/ren will be removed from this jurisdiction or concealed within the State.

R. ☒ Respondent has knowledge of the whereabouts of, or access to, the minor child/ren.

S. ☐ Petitioner should be granted exclusive possession of the following items of personal property:

_____

**because:**
☐ Petitioner, not Respondent, owns such property; **OR**
☐ sharing the property creates a further risk of abuse or is impractical; the balance of hardships favors temporary possession by Petitioner; and
   ☐ Petitioner and Respondent own the property jointly, or
   ☐ the property is alleged to be marital property and a proceeding has been filed under the IMDMA.

T. ☒ An order should be granted protecting the following items of personal property:
2006 Subaru Tribeca Black

**because:**
☒ Petitioner, not Respondent, owns such property; or
☐ The balance of hardships favors Petitioner, and
   ☐ Petitioner and Respondent own the property jointly, or
   ☐ The property is alleged to be marital property and a proceeding has been filed under the IMDMA.

U. ☐ Respondent be ordered to stay away from the following protected animals. (Detail the animals by name, type and description.): _____

V. ☐ The Petitioner should be granted exclusive possession of the following animals. (Detail the animals by name, type and description.):

_____

**because:**
☐ Petitioner, not Respondent, owns such property; **OR**
☐ sharing the property creates a further risk of abuse or is impractical; the balance of hardships favors temporary possession by Petitioner; and
   ☐ Petitioner and Respondent own the property jointly, or
   ☐ the property is alleged to be marital property and a proceeding has been filed under the IMDMA.

13D080423

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Case No: 14D077503

**Petition: 4 of 5 Pages**                                    (5/26/09) CCG N800 D

W. ☐ Respondent has a legal obligation to support Petitioner and/or the minor child/ren, and Respondent is able to provide such support.

X. ☐ As a direct result of the above described abuse, Petitioner has suffered certain losses, incurred certain expenses, and/or has been provided temporary shelter/counseling services, as follows:

_____

_____

_____

X(1) ☐ There is a threat to the safety and well-being of Petitioner's family or household when Respondent enters or remains on the premises while under the influence of alcohol or drugs.

X(2). ☒ Respondent should be ordered to surrender any and all firearms to the local law enforcement agency. If Respondent is a law enforcement officer, any and all firearms must be surrendered to Respondent's employer.

Y. ☒ Respondent should be denied access to school or other records of the minor child/ren because:

☐ Respondent is or will be prohibited from having contact with the minor child/ren; or

☐ Petitioner's address is omitted pursuant to statute; or

☒ it is necessary to prevent abuse or wrongful removal or concealment of the minor child/ren.

Z. ☒ Allegations for other injunctive relief:

No Contact by any means

_____

AA. ☐ Disclosure of Petitioner's address would risk further abuse to her/him or to another protected person, or such disclosure would reveal the confidential location of a shelter for domestic violence victims.

**Additional Allegations for Emergency Orders Only**

☐ (i) For requested remedies 1, 3, 5, 7, 8, 9, 11, 14, 15, and 17, the harm which that remedy is intended to prevent would be likely to occur if Respondent were given any prior notice, or greater notice than was actually given of Petitioner's efforts to obtain judicial relief.

☐ (ii) For requested remedy 2, the immediate danger of further abuse of Petitioner by Respondent if Petitioner chose or had chosen to remain in the household while Respondent was given any prior notice or greater notice than was actually given, outweighs the hardship to Respondent of an emergency order granting Petitioner exclusive possession of the residence or household.

☐ (iii) For requested remedy 10, improper disposition of the personal property would be likely to occur if Respondent were given any prior notice or greater notice than was actually given of Petitioner's effort to obtain judicial relief, or that Petitioner has an immediate and pressing need for possession of that property.

**REMEDIES REQUESTED**

**PETITIONER REQUESTS THAT THE COURT FIND THAT THE FOLLOWING ARE PROTECTED PERSONS:**

Natasha Broomfield, Kaylee Love (4)

_____

_____

**WHEREFORE, PETITIONER REQUESTS THE ENTRY OF AN ORDER OF PROTECTION SETTING FORTH THE FOLLOWING REMEDIES:**

☒ 1. With respect to Petitioner and other Protected Persons, Respondent should be prohibited from committing the following:

☒ Physical abuse; ☐ Harassment; ☒ Interference with personal liberty; ☒ Intimidation of a dependent;
☐ Willful deprivation; ☐ Neglect; ☐ Exploitation; ☒ Stalking.

☒ 2. Petitioner should be granted exclusive possession of the residence and Respondent should be prohibited from entering or remaining at such premises:

(Address) 14420 S. Emerald Riverdale IL 60827

☒ 3. ☒ a. Respondent should be ordered to stay away from Petitioner and other protected persons; and/or

☒ b. Respondent should be prohibited from entering or remaining at 1850 W. Roosevelt; Calvin C. Scho
528 E 161st Pl South Holland IL _____ while any Protected Person is present; and/or

☐ c. Respondent should be allowed access to the residence on (date) _____ at (time) _____ in the presence of

(name) _____ to remove items of clothing, personal adornments, medications used

exclusively by the Respondent and other items, as follows: _____

☐ 4. Respondent should be ordered to undergo counseling for a period of time to be determined by this court. *(Not available in Emergency Order)* 13D 080423

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Case No. 14507503

Copy Distribution - White: 1. ORIGINAL - COURT FILE  Canary: 2. PETITIONER'S COPY  Pink: 3. RESPONDENT'S COPY

Petition 5 of 5 Pages

(5/26/09) CCG N800 E

☐ 5. ☐ a. Petitioner should be granted physical care and possession of the minor child/ren; and/or
   ☐ b. Respondent should be ordered to:
      ☐ return the minor child/ren _____ to the physical care of
      _____ ; and/or
      ☐ not remove the minor child/ren _____ from
      the physical care of Petitioner or _____

☐ 6. Petitioner should be granted temporary legal custody of the minor child/ren _____
   *(Not available in Emergency Order)*

☑ 7. ☐ a. Respondent should be awarded visitation rights on the following dates and times or under the following conditions or parameters:
   *(No order shall merely refer to the term "reasonable visitation".)*
   _____
   _____

   ☐ b. Respondent's visitation should be restricted as follows:
   _____
   _____

   ☑ c. Respondent's visitation should be denied.

☑ 8. Respondent should be prohibited from removing the minor child/ren from Illinois or concealing them within Illinois.
☑ 9. Respondent should be ordered to appear in this Court with/without the child/ren on a date certain.
☐ 10. Petitioner should be granted exclusive temporary possession of the following personal property and the Respondent should be ordered to deliver to
   Petitioner said property that is in Respondent's possession or control, to wit:
   _____
   _____

☑ 11. Respondent should be ordered not to take, encumber, conceal, damage or otherwise dispose of any of the following real or personal property,
   to wit: interior and exterior of residence
   2006 Subaru Tribeca Black

☐ 12. Respondent should be ordered to pay temporary support for Petitioner and/or the minor child/ren of the parties as follows $ _____
   per _____ , starting _____ payable ☐ through the Clerk of the Circuit Court, or ☐ directly
   to Petitioner. *(Not available in Emergency Order)*

☐ 13. Respondent should be ordered to pay $ _____ respecting losses and expenses within the scope of Sec. 214(b)(13) of the IDVA
   to _____ on or before _____ *(Not available in Emergency Order)*

☐ 14. Respondent should be prohibited from entering or remaining at the household or residence located at _____
   _____ while under
   the influence of alcohol or drugs and so constituting a threat to the safety and well-being of any Protected Person.

☐ 14.5. Respondent must be ordered to surrender any and all firearms to the local law enforcement agency (i.e., police department). If the Respondent is a law
   enforcement officer, any and all firearms must be surrendered to Respondent's employer. *(All surrendered firearms shall remain confiscated for a
   period not to exceed two (2) years.)*

☑ 15. Respondent should be denied access to school or any other records of the minor child/ren and prohibited from inspecting, obtaining or attempting to
   inspect or obtain such records.

☐ 16. Respondent should be ordered to pay $ _____ to the following shelter _____
   on or before _____ *(Not available in Emergency Order)*

☑ 17. Respondent should be further enjoined as follows: No Contact by any means
   _____

_____
Signature of Attorney or State's Attorney                    Signature of Petitioner

UNDER THE PENALTIES OF PERJURY AND AS PROVIDED BY LAW PURSUANT TO SECTION 1-109 OF THE CODE OF CIVIL PROCEDURE, THE UNDER-
SIGNED CERTIFIES THAT THE STATEMENTS SET FORTH IN THIS INSTRUMENT ARE TRUE AND CORRECT, EXCEPT AS TO MATTERS STATED TO BE
ON INFORMATION AND BELIEF AND AS TO SUCH MATTERS THE UNDERSIGNED BELIEVES THE SAME TO BE TRUE.

Dated: 12/11/14                              _____
                                            Signature of Petitioner
Atty. No.: _____
Name: Natasha Bromfield          Attorney (or *Pro Se* Petitioner): _____
Address: 14420 S. Emerald
City/State/Zip: Riverdale IL 60827                    13D 080423
Telephone: _____

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
                                            Case No. _____

Copy Distribution - White: 1. ORIGINAL - COURT FILE  Canary: 2. PETITIONER'S COPY  Pink: 3. RESPONDENT'S COPY

As referred to herein, "the minor child/ren" are ___ Kaylee Love (4) ___

☒ The Court has jurisdiction over the minor child/ren because:

☒ 1. the State of Illinois

    ☒ a. is the home state (as defined in the Illinois Uniform Child Custody Jurisdiction Act) of the child/ren at the time of the commencement of this proceeding, or

    ☐ b. had been the child/ren's home state within 6 months before commencement of the proceeding and the child is absent from this State because of his/her removal or retention by a person claiming his/her custody or for other reasons, and parent or person acting as parent continues to live in this state;

        OR

☐ 2. it is in the best interest of the child that a court of this State assume jurisdiction because the child and his/her parents, or the child and at least one contestant, have significant connection with this State, and there is available in this State substantial evidence concerning the child's present or future care, protection, training and personal relationships;

        OR

☐ 3. the child is physically present in this State and

    ☐ a. the child has been abandoned, or

    ☐ b. it is necessary in an emergency to protect the child because s/he has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent;

        OR

☐ 4. it appears that no other State would have jurisdiction under prerequisites substantially in accordance with paragraphs 1, 2 or 3 or another state has declined to exercise jurisdiction on the grounds that this State is the more appropriate forum to determine the custody of the child, and it is in the best interest of the child that this Court assume jurisdiction.

☐ No "father and child relationship" (pursuant to the Illinois Parentage Act of 1984) has been established with the following child/ren: ___ Natasha Broomfield ___

☒ The primary caretaker of the minor children is or has been ___ Natasha Broomfield , Kaylee Love ___

☒ Venue in civil proceedings is appropriate because:

    ☒ Petitioner resides in the County of Cook, State of Illinois; OR

    ☒ Respondent resides in the County of Cook, State of Illinois; OR

    ☒ the alleged abuse occurred in the County of Cook, State of Illinois; OR

    ☐ the Petitioner is temporarily located in the County of Cook, State of Illinois, to avoid further abuse, and could not obtain safe, accessible, and adequate temporary housing in the county of his/her residence.

PETITIONER ALLEGES AS TO RESPONDENT THAT:

☒ the following individuals are or are alleged to be protected from abuse by Respondent:

___ Natasha Broomfield , Kaylee Love. ___

☒ Respondent has acted in the following manner towards the Petitioner:

Incident(s): ___ See attachment ___
(State details of incident(s) of abuse (including time and place), as well as effects of incident(s) on Petitioner.)

Effect(s): ___

Emergency Order of Protection—aged      (This form replaces CCG 96-01)    (Rev. 1/27/11) CCG N801 C

Any order of protection which would expire on a court holiday shall instead
expire at the close of the next court business day. 750 ILCS 60/220 (f)

Case No. _____

☑ 11. Respondent is prohibited from taking, encumbering, concealing, damaging or otherwise disposing of the following personal property:
interior and exterior of residence
2006 Subaru Tribeca. Black _____, except as explicitly authorized by the Court.

☐ Further, Respondent is prohibited from improperly using the financial or other resources of an aged member of the family or household for the profit or advantage of Respondent or any other person.

☐ 11.5 Petitioner is granted exclusive care, custody or control of the following animals (Detail the animals by name, type and description):

_____

_____

☐ With respect to all protected animals, Respondent is ordered to stay away and to refrain from taking, transferring, encumbering, concealing, harming, or otherwise disposing of the animal(s).

12. [Remedy not available for Emergency Orders of Protection.]

13. [Remedy not available for Emergency Orders of Protection.]

☐ 14. Respondent is prohibited from entering or remaining at the household or residence located at _____

while under the influence of alcohol or drugs and so constituting a threat to the safety and well-being of any Protected Person.

☐ 14.5 See separate Warrant for Seizure Order.

☑ 15. Respondent is denied access to school and/or any other records of the minor child/ren and is prohibited from inspecting, obtaining, or attempting to inspect or obtain such records.

16. [Remedy not available for Emergency Orders of Protection.]

☑ 17. Respondent is further ordered and/or enjoined as follows:
No Contact by any means

☐ 18. The relief requested in paragraph(s) _____ of the petition is (DENIED) (RESERVED), because:

_____

_____

"This Order of Protection is enforceable, even without registration, in all 50 states, the District of Columbia, tribal lands, and the U.S. territories pursuant to the Violence Against Women Act (18 U.S.C. 2265). Violating this Order of Protection may subject the Respondent to federal charges and punishment (18 U.S.C. 2261-2262)."

NOTICE: Upon 2 days notice to Petitioner, or such shorter notice as the Court may prescribe, a Respondent subject to an Emergency Order of Protection issued under the IDVA may appear and petition the Court to re-hear the original or amended petition. Respondent's petition shall be verified and shall allege lack of notice and a meritorious defense.

Atty. No. _____

Attorney (or Pro Se Petitioner) Name: Natasha Broomfield    Date: _____

Address: 14420 S. Emerald

State/City/Zip: Riverdale IL 60827    Judge _____ Judge's No.

Telephone: _____

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Copy Distribution - White: 1. ORIGINAL - COURT FILE Blue: 2. LEADS Green: 3. SHERIFF/LAW ENFORCEMENT RETURN
Canary: 4. RESPONDENT Pink: 5. PETITIONER Gold: 6. STATE'S ATTORNEY

EX
E

Ingalls Memorial Hospital ♦ One Ingalls Drive ♦ Harvey ♦ Illinois ♦ 60426

## Discharge Instructions

**KAYLEE LOVE**
MRN: 01235537
Arrival Date/Time:  09/26/2014  23:31
Provider:  Guneesh Saluja, MD
Primary Care Physician:
PCP Phone Number:

Age/Sex:  4Y/F
Acct No:  2726825

DOB:  12/22/2009

### Visit Information

You were seen in the Harvey Emergency Department.

Arrival Date/Time:           09/26/2014 at 11:31 pm

Your chief complaint was:      S A

Your diagnosis is:            Vaginal Pain, Child Sex Abuse

### Discharge Instructions

**Follow Up Care**
**Follow Up Instance: 1st**
    **1st Provider Follow Up: Provider Name/Group: Savage, Judith MD;**
**Specialty: Pediatrics; Address and Telephone: 16750 South 80th Ave. Ste. D,**
**Tinley Park 60477 7086339000; Instructions: Follow up with your regular Dr, or**
**Dr Savage in the next 24 - 48 hrs.**

**Return to the ED at any time if**
**if child not eating or drinking,**
**not acting normally**
**or any other concern.**

Col
Ex
7

---

Pt Name:   KAYLEE LOVE

Discharge Instructions   Page 1 of 2
MRN:   01235537

Printed By: Slosse
Printed On: 27-Sep-1

Make
60
Rape Kit
VSI
officer  Hubbard

Call medical records monday a copy of her file

*TB Discharge Packet - Print - Individual - Page 1 of 1*

Ingalls Memorial Hospital ♦ One Ingalls Drive ♦ Harvey ♦ Illinois ♦ 60426
## Tracking Board Discharge Report - Excuse Form

**KAYLEE LOVE**  Age/Sex: 4Y/F  DOB: 12/22/2009
MRN: 01235537  Acct No: 2726825
Arrival Date/Time: 09/26/2014 23:31
Provider: Guneesh Saluja, MD
Primary Care Physician:
PCP Phone Number:

### Patient Excuse Note

**Patient Excuse Note**

Comment: Pts dad returned twice to ED today--initially dad requested a copy of the chart and was informed at that time to contact medical records on Monday. The second time, dad states he was sent by Officer Hubbard at Riverdale pd badge #140. Spoke to Officer states he sent pt after speaking to his superior. Informed that a Rape kit wasn't warranted during the previous visit. Informed that a call will be made to DCFS regarding allegation. Dad informed of the above. Also spoke to SANE nurse at South sub who agreed.

**Electronically signed by Krystal Poindexter on 09/27/2014 16:23**

Signature of Physician: _K. Poindexter_ RN, BSN, APCN  e1625  9/27/14          Date/Time: _____

---

Pt Name: KAYLEE LOVE

Tracking Board Discharge Report - Excuse Form  Page 1 of 1
MRN: 01235537

Printed By: Poindexter, I
Printed On: 27-Sep-14

**Culture Urine Results Report**

| | | | |
|---|---|---|---|
| **Pt Name:** | LOVE, KAYLEE | **MRN:** | 01235537 |
| **Pt ID:** | 2014039911 | **Acct No:** | 2726825 |
| **DOB:** | 12/22/2009 | **Age/Sex:** | 4Y/F |
| **Adm DTime:** | 09/26/2014 23:31 | **Atn Dr:** | Stossel, Mark |
| **Nurs Sta:** | | **Rm & Bed:** | |
| **Dx:** | | | |
| **Alrg:** | No Known Allergies, No Known Drug Allergies, No Known Food Allergies | | |

**\*\*\*\* Stat Result \*\*\*\*\***

| | | | |
|---|---|---|---|
| **Order Name:** | Culture Urine | **Coll Dtime:** | 09/27/2014 01:01 |
| | | **Result Status:** | Final Result |

**Specimen Number:** E1270011

**Specimen Name:** Urine

**Specimen Desc:**

Culture Urine

Source: URINE          Collected: 09/27/14 01:01
Site:          Received : 09/27/14 01:01

CULTURE URINE          PRELIM 09/27/1. 09:38
Organism  01  Gram negative bacilli  09/27/14
>100,000 colonies/ml
Identification and Susceptibility to follow.

**Comments**

Requisition Comments:

| | | | |
|---|---|---|---|
| Ordering Dr: | Saluja Guneesh | Order Date/Time: | 09/27/2014 00:21 |
| | | Ord#/Occurrence#: | 20811524/33902814 |

---

| | | | |
|---|---|---|---|
| **Pt Name:** | LOVE, KAYLEE | **MRN:** | 01235537 |
| **Rm/ Bed:** | | Page 1 of 1 | |

Culture Urine Results Report
ORE_0127_1.rpt v1.00
Printed By :Poindexter, Krystal
Printed On: 27-Sep-14 13:26

© 2003-2014 Siemens Medical Solutions USA, Inc. All rights reserved.
Crystal Reports © 2014 Business Objects SA. All rights reserved.

I - 7568177

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
RECOGNIZANCE BOND; CRIMINAL OR QUASI-CRIMINAL

| ORIGIN OF BOND | Bail set by Rule of the Illinois Supreme Court OR | PURPOSE OF BOND |
|---|---|---|
| USING AGENCY NO: | By Judge: BOWDEN DARRON EDWARD | X-TRIAL -APPEAL |

DEFENDANT: YOUR RELEASE ON THIS BOND DOES NOT REQUIRE POSTING OF CASH OR SECURITIES FOR BAIL.

BAIL BOND AMOUNT

$ | | | 2 |0 |0 |0 |0 |xx|  TWENTY THOUSAND AND 00 CENTS      and 00/100

DEFENDANT NAME (Last): LOVE      (First): LEE      (Initial): O

Address: 4435 S PEORIA      Apt No.:      City: CALUMET PARK IL

| COURT COMPLAINT OR INDICTMENT NUMBER | Charge | |
|---|---|---|
| | 720-5/18-1-A | ROBBERY |

CASE #: 14600837401

CONDITIONS OF BOND: The defendant is hereby released on the conditions listed below:

() Appear to answer the charge in court until discharge or final order of court.
() Obey all court orders and process; not leave the state without permission of court; report changes of address to clerk within 24 hours.
() Not commit any criminal offenses while awaiting the final order in this case.
() If on appeal, prosecute the appeal, and surrender to custody if the judgment is affirmed or a new trial is ordered.
() Surrender(725 ILCS 5/110-10(a) (5))OR not possess any firearms or dangerous weapons until final order in this case.
() Not contact or communicate with any complaining witnesses or members of their immediate families, or:
() Not go to the area or premises of:
() Not to indulge   intoxicating liquors or certain drugs, to wit:
() Other conditions:

( ) Undergo alcoholism or drug addition treatment as ordered by the court.
( ) Undergo medical or psychiatric treatment as ordered by the court.
( ) If you are charged with a criminal offense and the victim is a family or household member, you are ordered to refrain from all contact and/or communication with:

_____ for a minimum of 72 hours following release, and further ordered to refrain from entering and/or remaining at the location of:
_____ for a minimum of 72 hours following release.
( ) Reside with parents or in a foster home, attend school or non-residential program for youths, contribute to his or her support at home or in a foster home, observe curfew set by court.
( ) Report to and remain under the pretrial supervision of such agency or third party custodian as ordered by court.

LOST DEFENDANTS:
You are hereby advised that at any time prior to final disposition of the charge you escape from custody or are released on bond and you fail to appear in court when required by the court, your failure to appear would constitute a waiver of your rights to confront the witnesses against you and trial could proceed in your absence. If found guilty, you could be sentenced in your absence.

L DEFENDANTS:
FAILURE TO APPEAR: Failure to appear may result in a warrant for your arrest along with the forfeiture of your bail bond and judgement against you and may result in prosecution for the additional offense of bail jumping. Any sentence imposed for violation of bail bond shall be served consecutive to the sentence imposed for the charge for which bail had been granted and with respect to which the defendant has been convicted.

VIOLATION OF CONDITIONS:
Violation of any of the above conditions of this bond, including the commission of a new criminal offense while awaiting final order here, may result in the issuance of a warrant for your arrest, and the revocation, increase or modification of bond. Any felony offense committed while on bail will result in consecutive sentencing.

DEFENDANT NAMED ABOVE SHALL APPEAR IN THE
CIRCUIT COURT OF COOK COUNTY, ILLINOIS LOCATED AT:
Address: 16501 KEDZIE AVENUE
City, Town or Village: MARKHAM , Illinois
Branch No. 101

on: 01/16/2015 at: 0900 A

I understand and accept the conditions of bond I make in this matter. I hereby certify that I understand the consequences of failure to appear for trial as required.

Defendant's signature  *Lee Love*

Address: 4435 S PEORIA      Apt No.:
City and State: CALUMET PARK IL      Zip: 60628

HOUR:

The above conditions and certification of defendant have been taken, entered into and acknowledged before me. Defendant is hereby released from custody.

| DATE: | Police Officer: _____ | Star No.: _____ | Police Dept No.: _____ |
|---|---|---|---|
| | OR DOROTHY BROWN, CLERK OF CIRCUIT COURT | By: K TAYLOR-KNEELAND Loc./Branch: 0667 | |

| | VERIFIED BY | OFFICE USE |
|---|---|---|
| COPY#: | ATTACH THIS COPY TO THE COMPLAINT AND ARREST REPORT OR TO THE WARRANT AND FORWARD ALL PAPERS TO THE BRANCH OR HEADQUARTERS WHERE PERTINENT CASE IS ASSIGNED. COURT CLERK WILL ATTACH THIS COPY TO COURT FILE. | |

I - 7568177      COURT FILE COPY

I - 7568177

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### RECOGNIZANCE BOND; CRIMINAL OR QUASI-CRIMINAL

| ORIGIN OF BOND | Bail set by Rule of the Illinois Supreme Court OR | PURPOSE OF BOND |
|---|---|---|
| USING AGENCY NO: | by Judge: **BOWDEN DARRON EDWARD** | X-TRIAL -APPEAL |

**DEFENDANT: YOUR RELEASE ON THIS BOND DOES NOT REQUIRE POSTING OF CASH OR SECURITIES FOR BAIL.**

BAIL BOND AMOUNT

$ |2|0|0|0|0|00| **TWENTY THOUSAND AND 00 CENTS** and 00/100

DEFENDANT NAME (Last): **LOVE** (First): **LEE** (Initial): **O**

Address: **8435 S. PEORIA** Apt No.: City: **CALUMET PARK IL**

| COURT COMPLAINT OR INDICTMENT NUMBER | Charge | |
|---|---|---|
| | 720-5/18-1-A | **ROBBERY** |

**CASE #: 14600837401**

CONDITIONS OF BOND: The defendant is hereby released on the conditions listed below:

( ) Appear to answer the charge in court until discharge or final order of court.
( ) Obey all court orders and process; not leave the state without permission of court; report changes of address to clerk within 24 hours.
( ) Not commit any criminal offenses while awaiting the final order in this case.
( ) If on appeal, prosecute the appeal, and surrender to custody if the judgment is affirmed or a new trial is ordered.
( ) Surrender(725 ILCS 5/110-10(a)(5))OR not possess any firearms or dangerous weapons until final order in this case.
( ) Not contact or communicate with any complaining witnesses or members of their immediate families, or:
( ) Not go to the area or premises of: _____
( ) Not to indulge in intoxicating liquors or certain drugs, to wit: _____
( ) Other conditions: _____

( ) Undergo alcoholism or drug addiction treatment as ordered by the court.
( ) Undergo medical or psychiatric treatment as ordered by the court.
( ) If you are charged with a criminal offense and the victim is a family or household member, you are ordered to refrain from all contact and/or communication with: _____
for a minimum of 72 hours following release, and further ordered to refrain from entering and/or remaining at the location of: _____
for a minimum of 72 hours following release.
( ) Reside with parents or in a foster home, attend school or non-residential program for youths, contribute to his or her support at home or in a foster home, observe curfew set by court.
( ) Report to and remain under the pretrial supervision of such agency or third party custodian as ordered by court.

**LOST DEFENDANTS:**
You are hereby advised that at any time prior to final disposition of the charge you escape from custody or are released on bond and you fail to appear in court when required by the court, your failure to appear would constitute a waiver of your rights to confront the witnesses against you and trial could proceed in your absence. If found guilty, you could be sentenced in your absence.

**ALL DEFENDANTS:**
FAILURE TO APPEAR: Failure to appear may result in a warrant for your arrest along with the forfeiture of your bail bond and judgment against you and may result in prosecution for the additional offense of bail jumping. Any sentence imposed for violation of bail bond shall be served consecutive to the sentence imposed for the charge for which bail had been granted and with respect to which the defendant has been convicted.

**VIOLATION OF CONDITIONS:**
Violation of any of the above conditions of this bond, including the commission of a new criminal offense while awaiting final order here, may result in the issuance of a warrant for your arrest, and the revocation, increase or modification of bond. Any felony offense committed while on bail will result in consecutive sentencing.

DEFENDANT NAMED ABOVE SHALL APPEAR IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS LOCATED AT:

Address: **16501 KEDZIE AVENUE**
City, Town or Village: **MARKHAM**, Illinois
In Room No.: **101**
On: **01/16/2015** at: **0900 A**

HOUR:

DATE:

I understand and accept the conditions of bond I make in this matter. I hereby certify that I understand the consequences of failure to appear for trial as required.

Defendant's signature: *Lee Love*
Address: **8435 S. PEORIA** Apt. No.:
City and State: **CALUMET PARK IL** Zip: **60628**

The above conditions and certification of defendant have been taken, entered into and acknowledged before me. Defendant is hereby released from custody.

Police Officer: _____ Star No.: _____ Police Dept No.: _____

OR DOROTHY BROWN, CLERK OF CIRCUIT COURT By: **K TAYLOR-KNEELAND** Loc./Branch: **0667**

VERIFIED BY

OFFICE USE

COPY#:
ATTACH THIS COPY TO THE COMPLAINT AND ARREST REPORT OR TO THE WARRANT AND FORWARD ALL PAPERS TO THE BRANCH OR HEADQUARTERS WHERE PERTINENT CASH IS ASSIGNED. COURT CLERK WILL ATTACH THIS COPY TO COURT FILE.

I - 7568177 **COURT FILE COPY**

Gov
Ex
6

**DOMESTIC VIOLENCE RELATED CONDITIONS**

☑ Comply with all lawful court orders including an Order of Protection

☑ Complete Domestic Violence Program:
    ☐ Defendants sentenced to Probation, as directed by Adult Probation
    ☐ Defendants sentenced to Conditional Discharge or Supervision will complete domestic violence counseling and any other recommendations per the assessment of the Social Service Department, which may include an evaluation and/or treatment for alcohol and drug abuse, mental health, parenting, and sexual abuse.

☐ Modifications, which would impose a financial hardship shall be reviewed by the sentencing court before so ordered.

**SEX OFFENDERS CONDITIONS**

☐ Complete evaluation and treatment recommendation for sex offenders
☐ Register as a sex offender
☐ STD/HIV Testing
☐ **Adult Probation Department Sex Offender Program**
☐ DNA Testing

**RESTITUTION**

☐ Make restitution to _____
    in the amount of $ _____, payable through the Social Service Department or Adult Probation Department at the rate of $ _____ per _____ with final payment due on or before _____.

☑ Other _Ordered to participate in anger management_
_____
_____
_____
_____

**I acknowledge receipt of this Order and agree to abide by the specified conditions. I agree to accept notice by regular mail at the address provided to the monitoring agency and to answer questions asked by the Court related to my behavior. I understand that a failure to comply with the conditions of this order, or refusal to participate, or withdrawal or discharge from a required program plan, or testing will be considered a violation of this Order and will be reported to the Court; and may result in a re-sentencing imposing the maximum penalty as provided for the offense.**

_____

(Defendant's Address)      (City/Town)      (State/Zip)

_____

(Defendant's Date of Birth)      (Defendant's Telephone Number)      (Defendant's Signature)

Dated: _12/17/2015_      Prepared by _____

**ENTERED**
**Sixth Municipal District**
**Circuit Court of Cook County**

**DEC 17 2015**

Associate Judge Luciano Panici - 1830

**ENTERED:**

Dated: _____

Con
EX
H

_____      _____
Judge      Judge's No.

*Note: Bold print specifications require additional written orders*

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

**Copy Distribution - White: 1. ORIGINAL - COURT FILE Green: 2. PROBATION/SOCIAL SERVICE DEPARTMENT**
**Canary: 3. CLERK CCOUNTING Pink: 4. STATE'S ATTORNEY Gold: 5. DEFENDANT**

*13D080423*

# Calumet Park Police Department

### 12409 S Throop St   Calumet Park, IL 60827   708-385-6863

**Incident#: 14-2189**

| STATION COMPLAINT UCR/Offense Code | DESCRIPTION | | INCIDENT # |
|---|---|---|---|
| 0488 (AGGRAVATED DOMESTIC BATTERY) | 4870 | | 14-2189 |
| REPORT TYPE | RELATED CAD # | DOT # | HOW RECEIVED |
| Incident Report | C14-071402 | | |
| WHEN REPORTED | LOCATION OF OFFENSE (HOUSE NO., STREET NAME) | | |
| 12/10/2014 19:21 | 12710 S ASHLAND Ave - 210 CALUMET PARK, IL 60827 | | |
| TIME OF OCCURRENCE | STATUS CODE | | STATUS DATE |
| 12/10/2014 19:19 | | | |

#### NARRATIVES

**PRIMARY NARRATIVE**  *On or about  12/10/14,*

R/Sgt. was dispatched to the parking lot of the Plaza Inn hotel located at 12710 S. Ashland for a report of a domestic battery that had just occurred.  Upon arrival R/Sgt. spoke with the victim,  Natasha A. Broomfield, who explained that she met her ex-husband in the parking lot of the Plaza Inn hotel to pick up her daughter.  Broomfield stated that they commonly meet in a mutually agreed location to pick up or drop off their daughter as proved in the visitation agreement.  Ms. Broomfield stated that when the offender dropped off her daughter, her daughter, Laylee Love got into her vehicle.  Broomfield stated that the offender stated " I need to get something out of her book bag".  When she inquired what he needed, the offender became irate and opened the drivers side door where the victim was sitting and began to punch her several times in the face and shoulder.  The offender then grabbed the book bag off the front seat and opened it and removed the contents of the child's folder.  The offender then grabbed the victims purse which was also sitting on the front seat.  The offender then entered his vehicle with the victims purse and fled north on Ashland.

R/D saw some redness to the left side of the victims face.  The daughter, who was 4 years old was crying and stating "why did my daddy do that".  R/Sgt. did not interview the child at this time.  The victim stated that she had her wallet which contained an unknown amount of USC, Drivers license, credit/debit cars as well as personal paperwork.  Her purse also contained several items of personal belongings.  Chicago PD was notified to go to the last known address for the offender which they did with negative results.  R/Sgt. informed the victim on her domestic rights and to come to this PD on 12/11/2014 to obtain an order of protection packet.  It should be noted that according to the victim, she and the offender have a court case on Friday December 12th 2014 regarding visitation.  The victim does wish to purse charges.

| REPORTING OFFICER | STAR # | APPROVED BY | STAR # |
|---|---|---|---|
| Shefcik, John | 30 | | |

$$\frac{EX}{1}$$

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

PEOPLE OF THE STATE OF ILLINOIS

or

_____

A Municipal Corporation

v.

Lee Love

_____

☒ **Criminal Division** ☐ Municipal District No. _____ Br/Rm _____

Case No.: ~~1566 6003~~ 14600839 4~~5~~

Statute Citation: Dom. Batt. < Class A >

IR No. 1518863　　SID No. 354619 3~~7~~

## SENTENCING ORDER
## SUPERVISION - CONDITIONAL DISCHARGE - PROBATION

IT IS HEREBY ORDERED that the defendant is sentenced to a term of **two** ☒ Year(s) ☐ Month(s) ☐ Day(s)

☐ Supervision ☒ Conditional Discharge ☐ Probation (720 ILCS 550/10, 720 ILCS 570/410, or 720 ILCS 646/70) ☐ Probation

☒ Reporting (All DUI orders are reporting) ☐ Non-Reporting ☐ Limited Reporting (Monitor community service or restitution only)

☒ Scheduled Termination Date 12/17 2017

IT IS FURTHER ORDERED that the defendant shall comply with the conditions as specified below:

### STANDARD CONDITIONS

☒ If reporting is ordered, the defendant shall report immediately to:

☐ Social Service Department for conditional discharge/supervision/community service and pay that department such sum as determined by that department in accordance with the standard probation fee guide. Said fee not to exceed $50.00 per month.

or

☐ Adult Probation Department for probation/community service, comply with Adult Probation's rules and regulations and pay that department such sum as determined by that department in accordance with the standard probation fee guide. Said fee not to exceed $50.00 per month.

☒ Pay all fines, costs, fees, assessments, reimbursements and restitution (if applicable)

☒ Not violate the criminal statute of any jurisdiction

☒ Refrain from possessing a firearm or other dangerous weapons

☒ Notify monitoring agency of change of address

☒ Not leave the State of Illinois without the consent of the court or monitoring agency

☒ Comply with reporting and treatment requirements as determined by the Adult Probation Department assessment. Any treatment requirements not specified elsewhere on this order that would cause a financial hardship shall be reviewed by the court before being imposed.

### DRUG/ALCOHOL RELATED CONDITIONS

☐ Complete drug/alcohol evaluation and treatment recommendation

☐ **Submit to random drug testing**

☐ **Adult Probation Department Intensive Drug Program**

☐ Complete TASC Treatment Program

### DUI RELATED CONDITIONS

☐ DUI Offenders Classified Level A, report immediately to Central States Institute of Addictions and commence the following intervention program within 60 days of this order:

　☐ Minimum　　☐ Moderate　　☐ Significant

☐ DUI Offenders Classified Level B or C, report immediately to: ☐ The Social Service Department,
☐ The Adult Probation Department
and complete a Comprehensive Correctional Intervention Assessment within 30 days, fully comply with the Comprehensive Intervention Plan and commence the following intervention program within 60 days of this order:

　☐ Minimum　☐ Moderate　☐ Significant　☐ High

☐ Attend a Victim Impact Panel

☐ File proof of financial responsibility with the Secretary of State

☐ Surrender driver's license to the Clerk of the Court

☐ Pay all driver's license reinstatement fees

### SPECIAL CONDITIONS

☐ Obtain a GED

☐ **Home Confinement _____ days**

☐ **Adult Probation Department Intensive Probation Supervision**

☐ Perform _____ hours of a community service as directed by the
　☐ Social Service Department Community Service Program
　☐ Sheriff's Work Alternative Program (773) 869-3686
　☐ Adult Probation Department

☐ Avoid contact with _____

☐ Complete mental health evaluation and treatment recommendations

☐ **Adult Probation Department Mental Health Unit**

☐ **Adult Probation Department Gang Unit**

☐ DNA Indexing

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

PEOPLE OF THE STATE OF ILLINOIS

v.

Lee Love

☑ Municipal District/Br. or Rm. 105
or ☐ Criminal Division

Case No. 15CR 60043

Charge Dom. Batt.

Arrest/Indictment Date

Note: Items with a diamond (•) are mandatory per statute.

## ORDER ASSESSING FINES, FEES AND COSTS

This cause coming to be heard before the Court for the assessment of fines, fees, costs, reimbursements and other monetary penalties;

**IT IS HEREBY ORDERED** that assessments in the amount indicated below and a monetary judgment on the Court ordered assessments are entered as follows:

### FINES OFFSET by the $5 per-day pre-sentence incarceration credit pursuant to 725 ILCS 5/110-14(a):

| | | |
|---|---|---|
| Other as ordered by the court: _____ | 3010 | _____ |
| Felony Offense Fine, 730 ILCS 5/5-9-1(a); 730 ILCS 5/5-4.5-50(b) (not to exceed $25,000 or amount specified in offense; $50,000 if corporation) | 2004 | _____ |
| Misdemeanor Offense Fine, 730 ILCS 5/5-9-1(a); 730 ILCS 5/5-4.5-55(e), 60(e), 65(e) (Class A not to exceed $2,500 or amount specified in offense, Class B & C $1,500), | 2005 | _____ |
| Theft/Deceptive Practice Fine, 730 ILCS 5/5-9-1.3 (the greater of $25,000 or twice the value of the property) _____ | 3008 | _____ |
| Theft/Deceptive Practice Fine, 730 ILCS 5/5-9-1.3 (the greater of $25,000 or treble the value of the property if local government or school district and 33C-1-33C4, or 33E-3-33E-18) | 3008 | _____ |
| • Mental Health Court, 55 ILCS 5/5-1101(d-5) _____ | 2012 | ☑ $10 |
| • Youth Diversion/Peer Court, 55 ILCS 5/5-1101(e) _____ | 2014 | ☑ $5 |
| • Drug Court, 55 ILCS 5/5-1101(f) _____ | 2016 | ☑ $5 |
| • Children's Advocacy Center, 55 ILCS 5/5-1101(f-5) _____ | 2017 | ☑ $30 |
| Local Anti-Crime Program Contribution, 730 ILCS 5/5-6-3.1(c)(13) (supervision, not to exceed max. amount of offense fine) _____ | 2001 | _____ |
| • Fine to Fund Juvenile Expungement (ISP/State's Attorney/Clerk), 730 ILCS 5/5-9-1.17 (criminal offense plea/finding of guilty) | 6027 | ☑ $30 |
| • Streetgang Enforcement, 730 ILCS 5/5-9-1.19 (Criminal conviction if streetgang member) (*$95 is fine subject to credit, $5 is fee) | 6029 | ☐ $95+$5* |
| • Serious Traffic Violation, 625 ILCS 5/16-104d (expires 10/13/14) (*$30 is fine subject to credit, $5 if fee) _____ | 6018 | ☐ $30+$5* |
| • False Information to Secretary of State, Title or Registration, 625 ILCS 5/3-712(a) _____ | 6020 | ☐ $500 |
| • False Information to Secretary of State, Military License Plates, 625 ILCS 5/3-712(b) _____ | 6021 | ☐ $1,000 |
| • Traffic Court Supervision Fee, 625 ILCS 5/16-104c ($9.50 is fine subject to credit, $25.50 is fee) _____ | 3012 | ☐ $9.50+$25.50 |
| Uninsured Motor Vehicle Fine, 625 ILCS 5/3-707(c), (c-5) ($501-$1,000; $100 if insured by court date) _____ | 2010 | _____ |
| Registration Suspended for Noninsurance Fine, 625 ILCS 5/3-708 (1st offense $1,000-$2,000, 2nd/subsq.offense $1,000-$2,000) _____ | | |
| • Additional Violation of Parole Fine, 730 ILCS 5/5-9-1-1.20 (*$20 is fine subject to credit, $5 is fee) _____ | 6032 | ☐ $20+$5* |
| • Conservation Police Operations Assistance Fee, 70 ILCS 105/27.3a-1.6 (effective 7/1/2012) _____ | 6034 | ☐ $15 |
| • Disability License Plates or Decal Fine, 625 ILCS 5/11-1301.3 (c-1) _____ | 6035 | ☐ $2500 |

**DUI OFFENSES**

| | | |
|---|---|---|
| • DUI Offense Fine, 625 ILCS 5/11-501(c)(d)(2)(B),(E), (I) and 730 ILCS 5/5-4.5-55(e) | 3013 | _____ |
| Mandatory min. BAC.16 and above: 1st offense $500, 2nd offense $1,250, 3rd offense $2,500, 4th or more offense - $5,000 | | |
| Mandatory min. transport child under 16: 1st offense $1,000, 2nd offense $2,500, 3rd or more offense $25,000 | | |
| Mandatory min. accident bodily harm to child under 16 transported: 1st offense $2,500, 2nd offense - $5,000 | | |
| • DUI Law Enforcement, 1st Offense, 625 ILCS 5/11-501.01(f)(*$350 is fine subject to credit, $400 is fee) | 3006 | ☐ $350+$400* |
| • DUI Law Enforcement, Subsq. Offense, 625 ILCS 5/11-501.01(f)(*$200 is fine subject to credit, $800 is fee) | 3007 | ☐ $200+$800* |
| • Court System, 55 ILCS 5/5-1101(d) (for 2nd and subsq. violations of 11-501 or similar local ordinance) _____ | 3014 | ☐ $100 |
| • Emergency Response Penalty, 625 ILCS 5/16-104a(b), (11-503 or 11-601.5) (separate restitution order required with with name(s) and address(es) of each emergency response agency), 1st offense, $100 per agency _____ | 3016 | _____ |
| 2nd or subsq. offense $500 per agency | 3017 | _____ |
| • Roadside Memorial Fund Fee, Supervision/Conviction of 11-501, 730 ILCS 5/5-9-1.18 (may be waived if full restitution) _____ | 6022 | ☐ $50 |

**DOMESTIC VIOLENCE OFFENSES**

| | | |
|---|---|---|
| • Domestic Violence Fine, 730 ILCS 5/5-9-1.5 _____ | 6008 | ☑ $200 |
| • Protective Order Violation Fine, 730 ILCS 5/5-9-1.16 (not less than $200) _____ | 2019 | _____ |

**CONTROLLED SUBSTANCE/CANNABIS/HYPODERMIC NEEDLES OFFENSES**

| | | |
|---|---|---|
| Controlled Substance Fine, 720 ILCS 570/401 or 402 _____ | 2003 | _____ |
| • Street Value of Seized Drugs Fine, 730 ILCS 5/5-9-1.1(a) _____ | 2021 | _____ |
| • Methamphetamine Street Value of Seized Drugs Fine, 730 ILCS 5/5-9-1.1-5(a) _____ | 2022 | _____ |
| • Methamphetamine Law Enforcement Fund, 730 ILCS 5/5-9-1.1-5(b) _____ | 6016 | ☐ $100 |
| • Drug Traffic Prevention Fund, 730 ILCS 5/5-9-1.1(e) _____ | 6025 | ☐ $25 |
| • Methamphetamine Drug Traffic Prevention Fund, 730 ILCS 5/5-9-1.1-5(c) _____ | 6030 | ☐ $25 |
| • Controlled Substance Fine, 720 ILCS 570/411.2a (Class X $3,000, Class 1 $2,000, Class 2 $1,000 Class 3 or 4 $500, Class A $300, Class B or C $200) _____ | 3002 | _____ |

Order Assessing Fines, Fees and Costs (Rev. 8/9/12) CCG N680

Case No.: 15C6 60043

- • Court System, 55 ILCS 5/5-1101(a) (for violation of 625 ILCS 5/1-100 et seq. other than DUI) _____ 2013 ☐ $5
- • Court System, 55 ILCS 5/5-1101(c) (guilty or supervision 730 ILCS 5/5-9-1)(*See fees below and insert on line*)
  $50 Felony, $25 Class A Misd., $15 Class B *or* C Misd. $10 Petty *or* Business Offense _____ 2018  150
- • Arrestee's Medical Costs Fund, 730 ILCS 125/17 _____ 2015 ☑ $10
- • Probation and Court Services Operations Fee, 705 ILCS 105/27.3a-1.1 _____ 2023 ☑ $10
- Electronic Monitoring Fee 725 ILCS 5/110-10(a)(14.1), (14.2) and (14.3) $30/day max. (assessed upon conviction or acquittal) _____ 2020
- Local Anti-Crime Program Reimbursement, 730 ILCS 5/5-6-3.1(c)(12) (not to exceed max. amount of offense fine) _____ 2006

### DUI OFFENSES
- • Crime Lab DUI Analysis, State, 730 ILCS 5/5-9-1.9 (for each offense in each case where a laboratory analysis occurred) _____ 6002 ☐ $150
- • Crime Lab DUI Analysis, Northeastern (Buffalo Grove, Glencoe, Glenview, Hoffman Estates, Kenilworth, Lincolnwood,
  Northbrook, Northfield, Wheeling, Wilmette, and Winnetka) (for each offense in each case where a laboratory analysis occurred),
  730 ILCS 5/5-9-1.9 _____ 3005 ☐ $150
- • Emergency Response Restitution, 625 ILCS 5/11-501.01(i) (not to exceed $1,000) _____ 3009

### CONTROLLED SUBSTANCE/CANNABIS/HYPODERMIC NEEDLES OFFENSES
- • Crime Lab Drug Analysis, State, 730 ILCS 5/5-9-1.4(b) ($100 per offense) _____ 6001
- • Crime Lab Drug Analysis, Northern, 730 ILCS 5/5-9-1.4(b) ($100 per offense) _____ 3004
- • Controlled Substance Emergency Response Reimbursement, 720 ILCS 570/411.4(b), 1st Offense _____ 3020 ☐ $750
- • Controlled Substance Emergency Response Reimbursement, 720 ILCS 570/411.4(b), Subseq. Offense $1,000 _____ 3021 ☐ $1,000
- Intravenous Transmitted Disease Testing, 730 ILCS 5/5-5-3(h) _____ 2008

### SEX OFFENSES
- Sexually Transmitted Disease Testing Reimbursement, 730 ILCS 5/5-5-3(f) _____ 3009
- Public Community Services Reimbursement, 730 ILCS 5/5-5-6(g) _____ 3011

### BOND FORFEITURE FEES
- • Vacate or Amend Final Orders, 705 ILCS 105/27.2a(w)(1)(G) _____ 1012 ☐ $30
- • Vacate Ex Parte Judgment, 705 ILCS 105/27.2a(w)(1)(I) _____ 1013 ☐ $45
- • Vacate Bond Forfeiture Judgment, 705 ILCS 105/27.2a(w)(1)(J) _____ 1005 ☐ $30
- • Vacate Bond Forfeiture Orders, 705 ILCS 105/27.2a(w)(1)(H) _____ 1004 ☐ $45
- • Vacate SOS Failure to Appeal/Comply Notice, 705 ILCS 105/27.2a(w)(1)(K) _____ 1011 ☐ $50
- • Vacate Bond Forfeiture Recognizance, 55 ILCS 5/4-2002.1(a) _____ 7005 ☐ $20

All fines, fees, assessments, penalties and reimbursements must be paid in full not later than _____

TOTAL: $ 45

**NUMBER OF DAYS SERVED IN CUSTODY:** _____
(Allowable credit toward fine will be calculated)
*Payable through the Clerk of the Circuit Court*

Defendant's Address _____
Street          City          State          Zip

Defendant's Telephone Number ( _____

ENTERED
Sixth Municipal District
Circuit Court of Cook County

Defendant's Signature _____

Dated _____          DEC 17 2015          ENTERED:

Prepared by: _____          Date: _____

Associate Judge Luciano Panici - 1836

Judge          Judge's No.

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Copy Distribution - White: 1. ORIGINAL - COURT FILE  Green: 2. ACCOUNTING DIVISION  Canary: 3. PROBATION/SOCIAL SERVICE  Pink: 4. STATE'S ATTORNEY  Gold: 5. DEFENDANT

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT – DOMESTIC RELATIONS DIVISION

| | | |
|---|---|---|
| NATASHA BROOMFIELD | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 13 D 80423 |
| | ) | |
| LEE OTIES LOVE, JR. | ) | |
| | ) | |
| Respondent. | ) | |

Col
Ex
J

## MOTION TO VACATE AND/OR MODIFY PLENARY ORDER OF PROTECTION ENTERED ON DECEMBER 29, 2014

NOW COMES Respondent, LEE OTIES LOVE, JR. ("LEE"), by and through his attorneys, the Law Offices of Heather A. Widell, and pursuant to Sections 602, 603 and 607 of the Illinois Marriage and Dissolution of Marriage Act (750 ILCS 5/602, 5/603, & 5/607), Sections 103, 224 and 226 of the Illinois Domestic Violence Act of 1986 (750 ILCS 60/103, 60/224 & 60/226), and Section 2-1301 of the Illinois Code of Civil Procedure (735 ILCS 5/2-1301) requests that this Honorable Court vacate the plenary order of protection entered on December 29, 2014 or, in the alternative, modify said order to remove the minor child as a protected party and to allow parenting time and for other relief. In support thereof, LEE states as follows:

## COUNT I: MOTION TO VACATE

1.  This Court has jurisdiction over the parties hereto and the subject matter herein.

2.  On July 14, 2014, this Court entered an Order following a pretrial conference awarding Petitioner "NATASHA BROOMFIELD ("NATASHA") sole legal custody of the parties' minor child, KAYLEE LOVE ("KAYLEE"); directing NATASHA to consult

# IN THE CIRCUIT COURT OF COOK COUNTY ILLINOIS
## DOMESTIC RELATIONS DIVISION

IN RE CUSTODY/VISITATION OF)

              )

Lee Oties Love, Jr.         )

    Petitioner         )

              )

**VS** )

              )    No.13D080423

Natasha Broomfield)

    Respondent     )

**MOTION TO VACATE AND/OR MODIFY PLENARY ORDER OF PROTECTION ENTERED ON DECEMBER 29, 2014**

NOW COMES Respondent, LEE OTIES LOVE, JR. ("LEE"), by and through himself Pro Se, Defending and Petitioning the court in case #13 D 080423, Pursuant to Sections 602, 603 and 607 of the Illinois Marriage and Dissolution of Marriage Act (750 ILCS 5/602, 5/603, & 5/607), Sections 103, 224 and 226 of the Illinois Domestic Violence Act of 1986 (750 ILCS 60/103, 60/224 & 60/226), and Section 2-1301 of the Illinois Code of Civil Procedure (735 ILCS 5/2-1301) requests that this Honorable Court vacate the plenary order of protection entered on December 29, 2014 or, in the alternative, modify said order to remove the minor child as a protected party and to allow parenting time and for other relief. In support thereof, LEE states as follows:

**COUNT I: MOTION TO VACATE**

1.    This Court has jurisdiction over the parties hereto and the subject matter herein.

2.    On July 14, 2014, this Court entered an Order following a pretrial conference awarding Petitioner "NATASHA BROOMFIELD ("NATASHA") sole legal custody of the parties' minor child, KAYLEE LOVE ("KAYLEE"); directing NATASHA to consult with LEE on parenting issues including, but not limited

(1) "Abuse" means physical abuse, harassment, intimidation of a dependent, interference with personal liberty or willful deprivation but does not include reasonable direction of a minor child by a parent or person in loco parentis.

\* \* \*

(3) "Domestic violence" means abuse as defined in paragraph (1).

\* \* \*

(7) "Harassment" means knowing conduct which is not necessary to accomplish a purpose that is reasonable under the circumstances; would cause a reasonable person emotional distress; and does cause emotional distress to the petitioner. Unless the presumption is rebutted by a preponderance of the evidence, the following types of conduct shall be presumed to cause emotional distress:

    i. creating a disturbance at petitioner's place of employment or school;

    ii. repeatedly telephoning petitioner's place of employment, home or residence;

    iii. repeatedly following petitioner about in a public place or places;

    iv. repeatedly keeping petitioner under surveillance by remaining present outside his or her home, school, place of employment, vehicle or other place occupied by petitioner or by peering in petitioner's windows;

    v. improperly concealing a minor child from petitioner, repeatedly threatening to improperly remove a minor child of petitioner's from the jurisdiction or from the physical care of petitioner, repeatedly threatening to conceal a minor child from petitioner, or making a single such threat following an actual or attempted improper removal or concealment, unless respondent was fleeing an incident or pattern of domestic violence; or

    vi. threatening physical force, confinement or restraint on one or more occasions.

\* \* \*

(9) "Interference with personal liberty" means committing or threatening physical abuse, harassment, intimidation or willful deprivation so as to compel another to engage in conduct from which she or he has a right to abstain or to refrain from conduct in which she or he has a right to engage.

(10) "Intimidation of a dependent" means subjecting a person who is dependent because of age, health or disability to participation in or the witnessing of physical force against another or physical confinement or restraint of another which constitutes physical abuse as defined in this Act, regardless of whether the abused person is a family or household member.

\* \* \*

(14) "Physical abuse" included sexual abuse and means any of the following:

to, health, school, and extracurricular activities; and set out a visitation schedule for LEE with KAYLEE for the school year, summer and holidays. (See July 14, 2014 Agreed Order attached hereto as Exhibit A).

3.  On December 29, 2014, the Court entered a Plenary Order of Protection ("Plenary Order") against LEE in this cause finding NATASHA and KAYLEE to be protected persons. (See December 29, 2014 Plenary Order of Protection attached hereto as Exhibit B).

4.  The Plenary Order awarded NATASHA physical possession of KAYLEE and did not include any provisions for visitation between LEE and KAYLEE. However, there is a reserved provision for supervised visitation between LEE and KAYLEE pending LEE's completion of domestic violence counseling at the Center for Domestic Peace or through Metropolitan Family Services.

5.  On January 15, 2015 LEE enrolled in The Salvation Army Family and Community Services Partner Abuse Intervention Program. (See January 15, 2015. Salvation Army Assessment attached hereto as Exhibit C).

6.  On May 12, 2015 LEE enrolled in The Center for Advancing Domestic Peace Domestic Violence Assessment Program. (See May 12, 2015 Advancing Domestic Peace Assessment attached hereto as Exhibit D).

7.  Additionally, LEE has taken courses at his church with his pastor.

8.  The Petition for an Order of Protection ("Petition") filed by NATASHA is fraught with misrepresentations and ought to be vacated. (See December 11, 2014 Petition for Order of Protection attached hereto as Exhibit E).

9.  Section 103 of the Illinois Domestic Violence Act sets out the following definitions, in part, as follows:

STATE OF ILLINOIS )
                )
COUNTY OF COOK )
Case # 13D080423

Ex

K

## AFFIDAVIT

I Lee Oties Love, Jr. being duly sworn on oath states:

1. That I have never committed any domestic relations violations upon my child's mother nor my daughter;

2. The court wants me to admit to a counselor that, I have committed the aforementioned crime in order that, I see my daughter.

3. I am being compelled against my will by Judges Loza, Murphy, Panici to admit to a crime that, I have never committed, I have filed a Complaint against her and other judges before the Judicial Inquiry Board who have criminalized me for speaking against racial injustice levied at me in the courts for speaking up and seeking visitation of my daughter.

4. My attorney has prepared a motion in my defense demonstrating, no domestic act has been perpetrated on my daughter and that my child's mother has fabricated the accounts so as to prevent me from seeking custody of my daughter because of alleged sex abuse allegations on my minor daughter while in her custody.

5.

## FURTHER AFFIANT SAYETH NAUGHT

Under penalties as provided by law pursuant to 735 1265 5\1-109, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters, the undersigned certifies as aforesaid that he verily believes the same to be true.

Lee Oties Love, Jr.

*Lee Oties Love J.

Notary

"OFFICIAL SEAL"
MARTHA HAMILTON
Notary Public, State of Illinois
My Commission Expires 8/24/2018

Subscribed and sworn to before me
07 day of June 2016

Lee Love

v.

No. 13 D 80423

Natasha Bloomfield

EX
L

## ORDER

This matter coming before the court on hearing of mr. Love's motion to Vacate the EOP & Natasha's Petition for a Plenary O.P., Natasha present with counsel, mr. Love, having waived & advised of his right to Counsel & having filed an appearance represented himself Pro/Se, the court having been fully advised after a full hearing with testimony,
It is hereby ordered:

1) A plenary O.P. is granted for 2 years by Seperate order. Mr. Love's Visitation is resevied, & Supervised visitation may be restored only upon petition of the court, & only after mr. Love completes domestic Violence Counseling at the Center for Domestic Peace or through metropolitan family services.

2) The status of 1-8-15 is stricken.

3) a hearing on Bloomfields Petition for Rule for non-payment of Support is set for hearing on 2-25-15 @ 10:00 a.m. Mr. Love has 28 days to file his response.

Atty. No. : 57650

Name : Haid

Atty. for : Bloomfield

Address : 233 S. Wacker Dr, 84th Flr.

City/State/Zip : Chicago IL 60606

Telephone : 312-445-8830

ENTER :

Judge Pamela E. Loza

DEC 29 2014

Circuit Court-2004

Judge                          Judge's No.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

CCG N002-250M-7/26/03 (33480662)

ORIGINAL – COURT FILE

PLENARY ORDERS ONLY

This Order shall remain in effect until:

☑ 1. two years following the date of entry of such Order, such expiration date being _12-29-2016_, or

  such earlier date, as ordered by the Court, such expiration date being _____.

☐ 2. final judgment in conjoined proceeding is rendered.

☐ 3. this Order is modified or vacated (provided such Order is incorporated into the final judgment of another civil proceeding).

☐ 4. termination of any voluntary or involuntary commitment, or until _____ (not to exceed 2 years)

☐ 5. final disposition when a Bond Forfeiture Warrant has issued, or until _____ (not to exceed 2 years)

☐ 6. expiration of any supervision, conditional discharge, probation, periodic imprisonment, parole, or supervised mandatory release, plus 2 years.

☐ 7. expiration of a term of imprisonment set by this Court, plus 2 years.

  Any order of protection which would expire on a court holiday shall instead expire at the close of the next court business day. 750 ILCS 60/220 (f)

NOTICE:  Upon 2 days notice to Petitioner, or such shorter notice as the Court may prescribe, a Respondent subject to an Interim Order of Protection issued under the IDVA may appear and petition the Court to re-hear the original or amended petition. Respondent's petition shall be verified and shall allege lack of notice and a meritorious defense.

EX
M

12-29-14 Dorothy Brown

Atty. No. _5765O_

Attorney (or Pro Se Petitioner)          Pro Se 99500

Name: _WDFLG by Hard Steich_

Address: _233 S. Wacker Dr, 84 FL_

State/City/Zip: _Chicago IL 60606_

Telephone: _312-445-8830_

Date:

Judge Pamela E. Loza

DEC 29 2014

Circuit Court-2004

Judge          Judge's No.

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

I, CLERK OF THE CIRCUIT COURT          Case No. _____

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

People ex rel. _____

_____ **on behalf of**

_____ **self and/or behalf of**

**Natasha Bloomfield**
Petitioner

v.

**Lee Love**
Respondent

RESPONDENT SERVED IN OPEN COURT

Case No. **13 0 80423**

☑ **Independent Proceeding**
☐ **Other Civil Proceeding**
    (Specify) _____
☐ **Criminal Proceeding**
☐ **Juvenile Proceeding**

**LEADS NO.** _____

| PETITIONER **Natasha Bloomfield** | ADDRESS **14420 S. Emerald** ☐ (Check if omitted pursuant to Statute) | CITY/STATE/ZIP **Riverdale IL 60827** |
|---|---|---|
| RESPONDENT **Lee O. Love** | ADDRESS **8435 S. Peoria** | CITY/STATE/ZIP **Chicago IL 60620** |

| Birthdate **3-23-77** (Required for LEADS) | Sex **M** | Race **Black** | Height **5'10"** | Weight **250** | Hair **Brown** | Eyes **Brwn** |
|---|---|---|---|---|---|---|

## ORDER OF PROTECTION

**INTERIM**                                      **PLENARY**
Crim ☐ 953   Civil ☐ 4552          Crim ☐ 954   Civil ☑ 4652

ANY KNOWING VIOLATION OF ANY ORDER OF PROTECTION FORBIDDING PHYSICAL ABUSE, NEGLECT, EXPLOITATION, HARASSMENT, INTIMIDATION, INTERFERENCE WITH PERSONAL LIBERTY, WILLFUL DEPRIVATION, OR ENTERING OR REMAINING PRESENT AT SPECIFIED PLACES WHEN THE PROTECTED PERSON IS PRESENT OR GRANTING EXCLUSIVE POSSESSION OF THE RESIDENCE OR HOUSEHOLD, PROHIBITING ENTERING OR REMAINING AT THE HOUSEHOLD WHILE UNDER THE INFLUENCE OF ALCOHOL OR DRUGS AND SO CONSTITUTING A THREAT TO THE SAFETY AND WELL-BEING OF ANY PRO-TECTED PERSON, OR GRANTING A STAY AWAY ORDER, IS A CRIMINAL OFFENSE. GRANT OF EXCLUSIVE POSSESSION OF THE RESIDENCE OR HOUSEHOLD SHALL CONSTITUTE NOTICE FORBIDDING TRESPASS TO LAND. ANY KNOWING VIOLATION OF ANY ORDER AWARDING LEGAL CUSTODY OR PHYSICAL CARE OF A CHILD, OR PROHIBITING REMOVAL OR CONCEALMENT OF A CHILD MAY BE A CLASS 4 FELONY. ANY WILLFUL VIOLATION OF ANY ORDER IS CONTEMPT OF COURT. ANY VIOLATION MAY RESULT IN A FINE OR IMPRISONMENT. STALKING IS A FELONY.

A CHARGE OF VIOLATING THIS ORDER OF PROTECTION (720 ILCS 5/12-30) MAY SUBJECT RESPONDENT TO G.P.S. MONITORING PURSUANT TO 730 ILCS 5/5-6-3.

Any order of protection which would expire on a court holiday shall instead expire at the close of the next court business day. 750 ILCS 60/220 (f)
*(Definitions of prohibited conduct on reverse)*

The following persons are protected by this Order: **Natasha Bloomfield & Kaylee Love**

"The minor child/ren" referred to herein are: **Kaylee Love**

_____

The following animals are protected by this Order: _____

_____

Date, time and place for further hearing:

Date: _____ Time: _____ Courtroom/Calendar No.: _____
Location: _____

| This Order was issued on: Date: **12-29-14** Time: **1:00 pm** | This Order will be in effect until: ☑ Date: **12-29-16** Time: **1:00 p.m.** ☐ Vacated by court order: ☐ Specified event: |
|---|---|

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

A SEPARATE INSTRUCTION IS PROVIDED WITH JURISDICTION OVER RESPONDENT AND OVER ALL NECESSARY PARTIES, IT IS HEREBY ORDERED THAT:

☑ 1. With respect to all Protected Persons, Respondent is prohibited from committing the following:
☑ Physical abuse; ☑ Harassment; ☑ Interference with personal liberty; ☑ Intimidation of a dependent;
☐ Willful deprivation; ☐ Neglect; ☐ Exploitation; ☑ Stalking.

☑ 2. Petitioner is granted exclusive possession of the residence and Respondent shall not enter or remain in the household or premises located at:
14420 S. Emerald
*[This remedy does not effect title to property]*

☑ 3. ☑ a. Respondent is ordered to stay away from Petitioner and other protected persons, including but not limited to refraining from telephone calls, mail, e-mail, faxes, written notes, and communication through third parties.
☑ b. Respondent is prohibited from entering or remaining at Calvin Christian School (or any school the minor is attending) while any Protected Person is present; and/or
☐ c. Respondent is allowed access to the residence on (date) _____ at (time) _____ in the presence of (name) _____ to remove items of clothing, personal adornments, medications used exclusively by the Respondent and other items, as follows:

☑ 4. Respondent is ordered to undergo counseling at Center for Domestic Peace or Domestic Violence Counseling
for a duration of – Completing counseling program through Metropolitan Family Ser

☐ 5. ☐ a. Petitioner is granted physical care and possession of the minor child/ren; and/or
☐ b. Respondent is ordered to:
☐ Return the minor child/ren _____ to the physical care of _____ ; and/or
☐ Not remove the minor child/ren _____ from the physical care of Petitioner or _____

☐ 6. Petitioner is granted temporary legal custody of the minor child/ren; _____

☐ 7. ☐ a. Respondent is awarded visitation rights on the following dates and times or under the following conditions or parameters:
*[No order shall merely refer to the term "reasonable visitation"]*

☑ b. Respondent's visitation is ~~restricted~~ Reserved as follows:
& Shall be supervised upon further Petition to the Court but only after Mr. have completes domestic violence counseling as set forth in #4 above.
☐ c. Respondent's visitation is denied.
(Petitioner may deny Respondent access to the minor child/ren if, when Respondent arrives for visitation, Respondent is under the influence of drugs or alcohol and constitutes a threat to the safety and well-being of Petitioner or Petitioner's minor child/ren or is behaving in a violent or abusive manner.)

☐ 8. Respondent is prohibited from removing the minor child/ren from Illinois or concealing them within Illinois.
☐ 9. Respondent is ordered to appear in Courtroom/Calendar _____ at _____ on _____ at _____ a.m./p.m, with/without the minor child/ren.
☐ 10. Petitioner is granted exclusive possession of the following personal property and the Respondent is ordered to promptly make available to Petitioner said property that is in Respondent's possession or control, to wit:

*[This remedy does not effect title to property]*

☐ 11. Respondent is prohibited from taking, encumbering, concealing, damaging or otherwise disposing of the following personal property:
_____ except as explicitly authorized by the Court.
☐ Further, Respondent is prohibited from improperly using the financial or other resources of an aged member of the family or household for the point or advantage of Respondent or any other person.

☐ 11.5 Petitioner is granted exclusive care, custody or control of the following animals (Detail the animals by name, type and description.):

☐ With respect to all protected animals, respondent is ordered to stay away and to refrain from taking, transferring, encumbering, concealing, harming, or otherwise disposing of the animal(s).

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Case No. _____

Copy Distribution - White: 1. CLERK OF THE CIRCUIT COURT - ORIGINAL. Blue: 2. LEADS Green: 3. SHERIFF/LAW ENFORCEMENT RETURN
Canary: 4. RESPONDENT Pink: 5. PETITIONER Gold: 6. STATE'S ATTORNEY

☐ 12.  Respondent is ordered to pay temporary support for ☐ Petitioner and/or ☐ the minor child/ren of the parties as follows:

$ _____ per _____, starting _____, payable ☐ through the Clerk of the Circuit Court, or ☐ directly to Petitioner.

☐ 13.  Respondent is ordered to pay $ _____ as actual monetary compensation for loss(es) to _____ on or before _____.

☐ Further, Respondent is ordered to pay court costs in the amount of $ _____ and attorney fees in the amount of $ _____ to _____ in connection with any action to obtain, modify, enforce, appeal or reopen any Order of Protection, on or before _____.

☐ 14.  Respondent is prohibited from entering or remaining at the household or residence located at _____ _____ while under the influence of alcohol or drugs and so constituting a threat to the safety and well-being of any Protected Person.

☒ 14.5  Respondent is ordered to surrender any and all Firearm and Firearm Owner's Identification Card and to the local law enforcement agency (i.e. police department). If the Respondent is a law enforcement officer, any and all firearms must be surrendered to Respondent's employer. (All surrendered firearms shall remain confiscated for a period not to exceed two (2) years.)

☐ 15.  Respondent is denied access to school and/or any other records of the minor child/ren and is prohibited from inspecting, obtaining, or attempting to inspect or obtain such records.

☐ 16.  Respondent is ordered to pay $ _____ to the following shelter _____ on or before _____.

☒ 17.  Respondent is further ordered and/or enjoined as follows:

*filing motions/petitions without first obtaining leave of court.*

☐ 18.  The relief requested in paragraph(s) _____ of the petition is *(DENIED) (RESERVED)*, because:

_____

_____

"This Order of Protection is enforceable, even without registration, in all 50 states, the District of Columbia, tribal lands, and the U.S. territories pursuant to the Violence Against Women Act (18 U.S.C. 2265). Violating this Order of Protection may subject the Respondent to federal charges and punishment (18 U.S.C. 2261-2262). The Respondent may be subject to federal criminal penalties for possessing, transporting, shipping, or receiving any firearm or ammunition under the Gun Control Act (18 U.S.C. 922 (g) (8) and (9))."

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Case No. _____

1 STATE OF ILLINOIS          )
                             )   SS:
2 COUNTY OF C O O K          )

3          IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
           COUNTY DEPARTMENT - DOMESTIC RELATIONS DIVISION
4
  NATASHA BROOMFIELD,          )
5                              )
            Petitioner,        )
6                              )
      -vs-                     )   No.  13 D 80423
7                              )
  LEEOTIS LOVE, JR.,           )
8                              )
            Respondent.        )
9

10          REPORT OF PROCEEDINGS, had at the hearing of the

11 above-entitled cause, before the Honorable PAMELA C. LOZA,

12 Judge of said court, on Monday, the 29th day of December,

13 2014, at the Richard J. Daley Center, Room CL-12.

14 PRESENT:

15                    Mr. Joshua Haid
                      Appeared on behalf of the Petitioner;
16
                      The Respondent, having appeared pro se.
17

18

19

20

21
   Katrina E. Alexander, CSR
22 Official Court Reporter
   69 West Washington Street
23 Suite 900
   Chicago, IL 60602
24 CSR No. 084-003174


                              1

1    THE COURT:  This is Love versus Broomfield.  This is

2 case number 13 D 80423.  Everybody please identify

3 yourselves for the record.

4    MR. HAID:  Joshua Haid, H-a-i-d on behalf of Natasha

5 Broomfield, B-r-o-o-m-f-i-e-l-d, 13 D 80423.  The order of

6 petition that was filed in the above-captioned case and

7 consolidated onto your docket.  This is up today for a

8 hearing.  Natasha Broomfield is present in court.

9    THE COURT:  State your name.

10    MR. LOVE:  My name is Leeoties Love, Jr.

11    THE COURT:  Mr. Love, I believe you filed a Motion to

12 Vacate the Emergency Order of Protection, is that correct?

13    MR. LOVE:  Yes.

14    THE COURT:  May I please have a copy of it?

15    MR. LOVE:  Yes.

16    MR. HAID:  Judge, as you are aware --

17    THE COURT:  Just a second please.  Mr. Love, do you

18 understand that -- I know you are aware that on December

19 19th, you were arrested and charged with the offense of

20 domestic battery, is that correct?

21    MR. LOVE:  Yes.

22    THE COURT:  Do you understand that that's a Class A

23 misdemeanor?

24    MR. LOVE:  Yes.

2

1    THE COURT: And that it's punishable by up to 364 days

2 in the Cook County Department of Corrections or any lesser

3 offense, do you understand that?

4    MR. LOVE: Yes.

5    THE COURT: That's a criminal offense. Also, prior to

6 that date and on --

7    MR. HAID: Judge, if I may.

8    THE COURT: Just one second.

9    MR. HAID: There was another charge of domestic

10 battery or domestic theft, I think.

11    THE COURT: So, there were two counts on the

12 complaint. And that also, you were charged on the order of

13 protection -- was it a criminal order of protection?

14    MR. HAID: No, Judge, a civil.

15    THE COURT: All right. And that was entered on

16 December 11th, 2014, is that correct?

17    MR. LOVE: Yes.

18    THE COURT: And you were served with that previously?

19    MR. LOVE: Yes.

20    THE COURT: And that was entered at 555 West Harrison,

21 and it was consolidated to my call, correct, Mr. Love?

22    MR. LOVE: Yes, Your Honor. To be perfectly clear, it

23 says that Natasha Broomfield and my daughter Katie Love,

24 and it says 12-29-2014 at 9:00 a.m., at 50 West Washington.

3

1     THE COURT:  All right.  So, this is up today for a

2 hearing.  You understand, Mr. Love that because you are

3 charged with a criminal offense, anything you do or say

4 today can be used against you in a court of law.  Do you

5 understand that?

6     MR. LOVE:  Yes.  But may I ask a question?

7     THE COURT:  Let me further advise you that there is a

8 court reporter here and she is taking down everything that

9 you say.  That means that Mr. Haid will take the transcript

10 if you say anything that could be inculpatory and he can

11 take that and it will be used against you in the criminal

12 prosecution of this case, of the domestic battery case.

13 Furthermore, if you wish a continuance to obtain an

14 attorney, I will so grant you a continuance.

15     MR. LOVE:  Okay.  With the continuance, Your Honor,

16 will that vacate the order of protection?

17     THE COURT:  No, it will not.  If you proceed to a

18 hearing today -- I will give you your options.  You may

19 proceed to a hearing today on your Motion to Vacate, or

20 this Motion to Vacate will be entered and continued to a

21 further date, and I will allow you time to consult with an

22 attorney.

23     MR. LOVE:  I want to --

24     THE COURT:  Are you suggesting the latter?

4

1    MR. LOVE: My understanding is that when I didn't have

2 an order of protection to see my daughter, I couldn't see

3 my daughter. And then allegedly what she is saying in

4 court today, which I got an I-bond on my own recognizance

5 stating that what she stated in court are not true, so that

6 means that I missed the days that a court order from you

7 and now this.

8    THE COURT: Sir, the child is listed as a protected

9 party as we sit here today. So, you are entitled to a full

10 hearing. However, I will tell you this: Whatever you do

11 or say today can be used against you in the criminal case.

12 You can proceed today, but I am suggesting that you may

13 want to have your criminal attorney come in and represent

14 you on this matter. If I find that it is without proper

15 cause, I could grant your motion, but I could also not

16 grant your motion. I am making some suggestions, but I am

17 not giving you any legal advice, and you can say or do

18 whatever you want.

19    MR. LOVE: I want to get this over with today.

20    THE COURT: All right.

21    MR. LOVE: I want to defend myself and prove it.

22    THE COURT: Do you have the O.P? What you gave me is

23 not it, Mr. Haid.

24    MR. HAID: Yes.

5

1      THE COURT:  Both parties raise your right hands,

2 please.

3                          (Witnesses sworn.)

4      THE COURT:  Proceed.

5      MR. HAID:  I would like to call Mr. Love as an adverse

6 witness.

7      THE COURT:  All right.  Proceed.

8                LEEOTIES LOVE,

9 called as an adverse witness herein, having been first

10 duly sworn, was examined and testified as follows:

11                EXAMINATION

12                BY MR. HAID:

13     Q.   Please state your name and spell your name?

14     A.   LeeOties Love, L-e-e-O-t-i-e-s L-o-v-e, Jr.

15     Q.   Do you have a daughter?

16     A.   Yes, I do.

17     Q.   What's your daughter's name?

18     A.   Kaley Love.

19     Q.   How old is your daughter?

20     A.   Five-years-old.

21     Q.   You have a visitation agreement and pick-up and

22 drop-offs happen at a McDonald's, correct?

23     A.   Yes.  At 127th and Ashland, in Calumet Park.

24     Q.   Is that the address where you pick her up at?

1    A.    Yes, by court order.

2    Q.    State that again the address, please.

3    A.    127th and Ashland in Calumet Park, Illinois.

4    Q.    Now, on December 10, 2014, you went and dropped

5 off Kaley to Natasha, correct?

6    A.    On December 10th, I dropped off my daughter Kaley

7 to my child's mother in the parking lot of McDonald's in

8 Calumet Park, which is court-ordered stated.

9    Q.    And with that, you included her backpack, correct?

10    A.    Yes, I did, because I have visitation for my

11 daughter --

12       THE COURT:   Just answer the question, sir.

13 BY MR. HAID:

14    Q.    At the McDonald's, everything went smoothly in the

15 beginning at the pick-up/drop-off, right?

16    A.    Yes.   I dropped off my daughter --

17    Q.    All right.   So, you first dropped her off and

18 Kaley got into Natasha's car and you went back into your

19 car and Natasha went back into her car, correct?

20    A.    I dropped my --

21    Q.    Is that correct, sir?

22    A.    She went back to the car and I went back to my

23 car, yes.

24    Q.    So Kaley went into Natasha's car?

7

1    A.    In her possession.

2    Q.    In the back passenger's side seat, correct?

3    A.    First of all --

4        THE COURT:  It's a yes or no, sir.  You will get your
5 turn.  Just answer the question.

6        THE WITNESS:  I handed my daughter to her, I didn't
7 put her in the car, okay.

8        THE COURT:  Okay.  Fine.

9 BY MR. HAID:

10   Q.    Was she ultimately in the back right seat?

11   A.    I passed my daughter to my child's mother.  I have
12 no control of where she was.

13       THE COURT:  Do you know where she ended up?

14 BY MR. HAID:

15   Q.    Did she enter in the back right seat?

16   A.    After the door was closed, I don't know where she
17 was.

18       THE COURT:  All right.  Ask the next question.  The
19 answer will stand.

20 BY MR. HAID:

21   Q.    Now, there was something left that you wanted in
22 the backpack, right, that caused you to flash your lights
23 when she started to pull away, correct?  Is that correct?

24   A.    No.

8

1  Q.  You flashed your lights so she would pull back
2 over, is that correct?

3  A.  No.

4  Q.  So, your testimony is you weren't flashing your
5 lights and there was no reason why she pulled over again a
6 second time, correct?

7  A.  Correct.

8  Q.  But she did pull over, correct?

9  A.  I have no knowledge of that, because I gave her my
10 child so what do I need to have her --

11  THE COURT:  Sir, you just need to answer the question,
12 please.

13  THE WITNESS:  No.

14  THE COURT:  Thank you.

15 BY MR. HAID:

16  Q.  After Natasha started pulling away and had
17 actually gotten out in the street, you had flashed your
18 lights and she pulled over again and you pulled over with
19 her, correct?  Isn't that true, you both pulled over again
20 after the drop-off, right?

21  A.  I had to pull over to get out of the McDonald's
22 parking lot, yes.

23  Q.  So you pulled over right where her car was,
24 correct?

9

1    A.    At the McDonald's parking lot?

2    Q.    Yes.

3    A.    To hand her my daughter, yes.

4    Q.    Afterwards.  We're talking about afterwards.  You
5 pulled over again, correct?

6    A.    No, sir.

7    Q.    Okay.  So, she, in fact, pulled over and you
8 pulled over and you wanted something out of Kaley's
9 backpack, correct?

10    A.    No.

11    Q.    You, in fact, demanded to see the backpack again?

12    A.    No.

13    Q.    You got out to the side of the car.  You, in fact,
14 opened her car door where Kaley was sitting demanding her
15 backpack and Natasha was still in the car, correct?

16    A.    No.

17    Q.    You didn't find the backpack in the back of the
18 car because it was in the front of the car, so you then
19 opened up the front of Natasha's door, isn't that correct?

20    A.    No.

21    Q.    The backpack you were looking for was in the front
22 seat, wasn't it?

23    A.    I don't know.

24    Q.    Sir, what was in the backpack that you wanted?

10

1    A.   I didn't open it up.  I don't know.

2    Q.   You hit her, in fact, to get the backpack --

3    THE COURT:  Who is her?

4 BY MR. HAID:

5    Q.   You hit Natasha because you were struggling over

6 the backpack that you were trying to wrestle away from her

7 hands, is that correct?

8    A.   No.

9    Q.   You told her if she didn't give you the backpack

10 that you would take her purse, isn't that right?

11    A.   No.

12    Q.   And then you left with her purse, correct?

13    A.   No.

14    Q.   All right.  You were charged with domestic

15 robbery, correct?

16    A.   Allegedly.

17    Q.   You were charged with that.  The police arrested

18 you and put you in handcuffs, right?

19    A.   Yes, a week later.

20    Q.   And you were charged with domestic assault,

21 correct?

22    A.   Yes.

23    Q.   And you were charged with having her purse and her

24 wallet?

11

1    A.    No, no, because the State's Attorney said that her

2 purse was found.

3         THE HAID:  Objection.  Hearsay.

4         THE COURT:  Sustained, and stricken.  Continue.

5 BY MR. HAID:

6    Q.    What did you do with her purse, sir?

7    A.    I didn't have her purse.

8      MR. HAID:  Nothing further of this witness.

9         THE COURT:  Do you want to say anything in

10 rehabilitation?

11        MR. LOVE:  Yes.

12        THE COURT:  As with regard to the questions that were

13 asked to you.  You can't make a statement about everything,

14 but you can only respond to the questions that Mr. Haid

15 made of you, okay?

16        MR. LOVE:  Yes.

17        THE COURT:  It's called rehabilitation.

18        MR. LOVE:  Yes.

19        THE COURT:  Proceed.

20        MR. LOVE:  For 11 months --

21        THE COURT:  Sir, no.  Only the questions regarding the

22 drop-off on 12-10-2014.  I don't need anything 11 months

23 prior.  Only the incident.

24        MR. LOVE:  Okay.  I was there present at 7:00 o'clock

12

1 to drop of my child like I do weekly and bi-weekly at

2 McDonald's.  I got my child out of the car and handed her

3 over and said "Daddy loves you," and then placed her in

4 Natasha's hand.  I did not open her car door or physically

5 strike her.  Now, the question that I have for counsel is

6 that --

7     THE COURT:  Sir, you don't get to ask questions.  All

8 I need is regarding those questions and your response.

9     MR. LOVE:  I will get to the last two questions.

10     THE COURT:  Okay.  But you don't get to ask counsel

11 questions, or get to make a statement.

12     MR. LOVE:  All right.  Second of all, when I got

13 incarcerated the State's Attorney said that --

14     MR. HAID:  Objection.

15     THE COURT:  Whatever the State's Attorney said is

16 hearsay and is not admissible.

17     MR. LOVE:  Okay.  The police report alleged that I hit

18 her seven times in the face.  As you see her in the

19 courtroom now that if I hit her seven times in the face,

20 evidently she would be swollen or be in a coma or she would

21 have a doctor's statement or have pictures.  I'm 280

22 pounds.

23     MR. HAID:  Objection.  Judge, I would ask to strike

24 what the police report says because it's hearsay and it

13

1 mischaracterize the testimony.

2      THE COURT: Right now, he hasn't asked to introduce
3 the police report, so I am overruling your objection
4 because he is making statements, okay.

5      MR. LOVE: Also, Your Honor, I would like to add on
6 Wednesday when this allegedly happened, my child's mother
7 had a telephone number to get in touch with me. But on
8 Wednesday this happened, Thursday and Friday, 72 hours. If
9 I physically beat her and punched her seven times in the
10 face, wouldn't you file a police report to come and get me
11 because you know where I stay? Then on top of that, I
12 might add that --

13      MR. HAID: Objection, Judge. She did file a police
14 report the same day and she has no control over going to
15 get him.

16      THE COURT: All right. Continue.

17      MR. LOVE: Then on top of that, Your Honor, I would
18 like to enter that it's suppose to be a 72-hour rule from
19 my understanding if you commit a crime or anything like
20 that. Why is it that I get locked up in the Markham
21 courthouse when I sued her for doing my taxes? You mean to
22 tell me a week and a half of me going about my business and
23 doing what I am suppose to do, and then all of a sudden I
24 get incarcerated after I get a judgment and I have that

14

1 here, Your Honor.

2      MR. HAID:  Objection.  Outside the scope.

3      THE COURT:  Sustained.

4      MR. HAID:  Move to strike.

5      THE COURT:  Stricken.

6      MR. LOVE:  So, what I am saying is that why isn't

7 there any pictures of that happening?  Why is it only he

8 say/she say?  I got investigated at the police department.

9 Why isn't there's no pictures or she's not swollen or

10 anything like that?  Ironically, it happens before court on

11 December 12th and then I get incarcerated after December

12 18th.  I find that kind of odd, Your Honor.  Because if I

13 hit somebody seven times, and believe me, it will show.

14 First of all, I am under investigation for fighting for

15 custody of my child, so I know the rules and regulations.

16      THE COURT:  All right.  You don't have any recross, do

17 you?

18      MR. HAID:  No.

19      THE COURT:  Call your next witness, please.

20      MR. HAID:  I call Natasha Broomfield.

21      THE COURT:  All right.

22           NATASHA BROOMFIELD,

23 called as a witness herein, having been first duly sworn,

24 was examined and testified as follows:

15

1                EXAMINATION

2                BY MR. HAID:

3    Q.   Natasha, I would like to direct your attention to

4 December 10, 2014.

5    A.   Yes.

6    Q.   You had an exchange between you and Mr. Love of

7 your daughter on that day?

8    A.   That's correct.

9    Q.   Can you describe how that began?  Where did you

10 first go to meet?

11    A.   We met in the parking lot at McDonald's on 127th

12 and Ashland where we normally do our drop-off.

13    Q.   And so you both pulled into the parking lot, is

14 that what happened?

15    A.   Well, most of the times I am there first and he

16 pulls a couple cars down from me.

17    Q.   Is that what happened on this date?

18    A.   That's what happened on that date.

19    Q.   So, after he pulled into the parking lot what

20 happened next?

21    A.   After he pulled into the parking lot we did the

22 exchange like we normally do, Kaley, he hugged her and she

23 gets in the car; strap in and we go.

24    Q.   So, what happened on December 10th?

1     A.    That's exactly what happened.

2     Q.    Okay.  And who put on that strap in the car?

3     A.    I did.

4     Q.    Where was she sitting?

5     A.    She sits on the passenger, back passenger side in
6 her car seat.

7     THE COURT:  On the left side?

8     THE WITNESS:  Rear passenger's side.

9     THE COURT:  Rear right?

10     THE WITNESS:  Yes.

11     THE COURT:  All right.

12 BY MR. HAID:

13     Q.    Was anyone else with you that day?

14     A.    No one else was with me on that day.

15     Q.    So after you buckled Kaley in the car, did you get
16 into the driver's seat?

17     A.    I got in the driver's seat.

18     Q.    And what, if anything, happened next?

19     A.    After which -- because we were on 127th which runs
20 east and west, we went west, or we went west on 127th
21 Street and -- actually east on 127th Street.

22     Q.    So you pulled out of the parking lot?

23     A.    We pulled out going east.

24     Q.    Was Mr. Love in his car at that time?

17

1    A.    He was in his car at that time.

2    Q.    What, if anything, happened next?

3    A.    As he was going through the parking lot I could

4 see him going kind of fast, so when I turned to go south on

5 Ashland he flicked his lights at me.

6    Q.    You mean he flashed his bright lights at you?

7    A.    He flashed his bright lights, like, pull over.

8    Q.    Did he honk his horn?

9    A.    He honked his horn, as well.

10    Q.    So did you respond to that?

11    A.    Yes.  We passed McDonald's and we went right into

12 the next parking lot which is the Plaza Inn which is

13 located right next to McDonald's.

14    Q.    Why did you pull over?

15    A.    Because he flashed his lights and honked so I

16 thought she left something because he did pick her up from

17 school on Wednesday.  So I thought maybe he got some papers

18 or something that he needed to hand off to me.

19    Q.    Okay.  So when you pulled into the Plaza parking

20 lot, what did Mr. Love do?

21    A.    He pulled in next to me and I rolled down the

22 window and he got out --

23    Q.    You rolled down what window?

24    A.    I rolled down my passenger window.

18

1    Q.    Passenger front or back window?

2    A.    The passenger front window.

3    Q.    And what happened?

4    A.    Mr. Love said I left something in her book bag and

5 he said, "Kaley, I need your book bag.  He opened up the

6 back passenger door.

7    Q.    He opened up which door?

8    A.    The back passenger door.

9    Q.    Where was the book bag?

10   A.    It was on the front seat with me.

11   Q.    What did he say to you, if anything?

12   A.    Well, he was like, "I need to get it."  I said I

13 can give you whatever you need out of the book bag.  So he

14 came over to the front and he opened up the passenger door.

15   Q.    That's the front right passenger door?

16   A.    Front right door.

17   Q.    That's across from you?

18   A.    Across from me.

19   Q.    Did he close the back door?

20   A.    He did not close the back door.

21   Q.    All right.  So what happened next?

22    MR. LOVE:  Objection.

23    THE COURT:  What's the basis?

24    MR. LOVE:  Because she said I opened up two doors and

19

1 the front door, and she said the book bag was in the front

2 seat. How can I do all three of them --

3     THE COURT: If that's the basis of your objection,

4 it's overruled, so you may continue.

5     THE WITNESS: So he opened up the door and he tried to

6 get the book bag from me and he started to hit me because

7 he said I picked the right day to "F" with him.

8 BY MR. HAID:

9     Q. What did he exactly say to you?

10     A. He said I picked the right day to fuck with me.

11     MR. LOVE: Objection.

12     THE COURT: What's the basis of the objection?

13     MR. LOVE: Because I did not hit her or I didn't have

14 physical contact with her.

15     THE COURT: If that's the basis of your objection, it

16 is overruled.

17     MR. LOVE: And she is lying.

18     THE COURT: You will get your chance to cross examine

19 her, sir.

20 BY MR. HAID:

21     Q. So, were you holding the bag or what was the

22 situation with the bag?

23     A. I had the bag in my hand. I said I will hand you

24 whatever you need. He started to hit me, hit me.

1    Q.    Hold on a second.  Are you still in your seat?

2    A.    I am still in my seat.

3    Q.    Where is he positioned with respect to you?

4    A.    He was like, inside of the car on the passenger's
5 side.  He is inside of the car.

6    Q.    Are his feet out of the car?

7    A.    His feet is out and his torso is in the car, yes.

8    Q.    Where are his hands?

9    A.    Hitting me in the car.  He was, like, give me the
10 purse and he is standing and trying to get me and get the
11 book bag.

12    Q.    Where was he hitting you?

13    A.    In my arm and face.

14    MR. LOVE:  Objection.

15    THE COURT:  Overruled.  What portion of his body hit
16 what portion of your body?

17    THE WITNESS:  His fist.

18    THE COURT:  Which right fist?

19    THE WITNESS:  His right fist.

20    THE COURT:  Hit what portion of your body?

21    THE WITNESS:  My arm and my face.

22    THE COURT:  Which arm?

23    THE WITNESS:  My right arm.

24    THE COURT:  What part of your right arm?

1    THE WITNESS:  The top shoulder up in here.

2    MR. HAID:  Upper arm?

3    THE WITNESS:  Upper arm.

4    THE COURT:  And what other portion?

5    THE WITNESS:  Just like on my face, towards my jaw.

6    THE COURT:  Your right jaw?

7    THE WITNESS:  Yes.

8 BY MR. HAID:

9    Q.   Were they solid hits or not solid hits?

10    A.   They were solid hits.

11    Q.   Were you still holding the bag at this point?

12    A.   I was still holding the bag at this point.

13    Q.   When he started hitting you, what, if anything,

14 did you do?

15    A.   I was trying to get out of the car, so I got out

16 of the car to get away from the hits.

17    Q.   So you went out your car door?

18    A.   I went out my door.

19    Q.   Did you take the book bag with you?

20    A.   Yes.

21    Q.   What did he do or say at that point?

22    A.   He said since you want to play with me, I'll

23 taking your fucking purse.  So he got my purse and he got

24 in his car and he left.

22

1   Q.   So when you got out of the car, what was the

2 purpose of you getting out of the car?

3   A.   To get away from him hitting me and trying to call

4 the police.

5   Q.   Did you try to call the police?

6   A.   I did call the police.

7   Q.   Did you call the police at that exact time?

8   A.   At that exact time.

9   Q.   How long did you stay in the parking lot?

10   A.   I stayed there maybe another 20 to 30 minutes

11 after the officer took the report.

12   THE COURT:  Did your daughter say anything to you

13 during this incident?

14   THE WITNESS:  Yes.  My daughter was crying, very

15 scared.

16   THE COURT:  Was she still in the car?

17   THE WITNESS:  She was still in the car, but when I

18 turned back around she was in the front seat and she was

19 crying and screaming.

20 BY MR. HAID:

21   Q.   When you say you turned back around, at what point

22 was this?  What do you mean?

23   A.   After I got out of the car, I was trying to get

24 him to give me my purse, so when I turned back around she

23

1 was in the front seat of the car standing there because she

2 got out of her seat, and she was standing there and she was

3 crying.

4     Q.    Did she say anything to you?

5     A.    Yes.  She said she couldn't believe it.

6     THE COURT:  What did she exactly say?

7     THE WITNESS:  She said, "Momma, I can't believe that

8 my daddy this."  And I got her out of the car and I

9 consoled her.

10 BY MR. HAID:

11    Q.    Were the police there at that point?

12    A.    They were not there at that point.  It probably

13 took them another five to 10 minutes to get there.

14    Q.    Did you file a police report?

15    A.    I did.

16    Q.    To your knowledge, was Mr. Love arrested?

17    A.    Yes, he was arrested last Thursday.

18    Q.    Did the police give you instructions for things to

19 do?

20    THE COURT:  That's hearsay, Counsel.

21    MR. HAID:  Actually, Judge, it was just going not to

22 prove the truth of the matter asserted but just to go to

23 the context of why she filed an O.P.

24    MR. LOVE:  Objection.

24

1      THE COURT:  You don't need to go there.

2      MR. HAID:  Okay.

3 BY MR. HAID:

4      Q.   What was in your purse?

5      A.   My life.  My wallet, my I.D.'s and my debit card,

6 personal papers.

7      Q.   Do you have any of that today?

8      MR. LOVE:  Objection.

9      THE WITNESS:  I had to reorder my debit card and I had

10 to close out my account because I don't know where he threw

11 my purse.

12      MR. LOVE:  Objection.

13      THE COURT:  What the objection?

14      MR. LOVE:  Falsifying information.

15      THE COURT:  Overruled.

16 BY MR. HAID:

17      Q.   Did you get a new driver's license?

18      A.   I got a State I.D.

19      MR. LOVE:  Objection.

20      THE COURT:  Overruled.

21 BY MR. HAID:

22      Q.   And you had to actually go through and cancel your

23 credit cards?

24      A.   I had to actually cancel every credit card.

1    MR. LOVE:  Objection.

2    THE COURT:  Overruled.

3 BY MR. HAID:

4    Q.    Did you have any money in there?

5    A.    Yes, I had about $125 in there.

6    MR. LOVE:  Objection.

7    THE COURT:  Overruled.

8 BY MR. HAID:

9    Q.    What kind of purse was it in?

10   A.    It was a black Christen Marino purse.  It was

11 black with a gold little trinket on it.

12   Q.    What kind of wallet was that?

13   A.    It was a black wallet.

14   MR. LOVE:  Objection.

15   THE COURT:  What's the basis?

16   MR. LOVE:  Falsifying information.

17   THE COURT:  Sir, you can cross examine her.  Objection

18 overruled.

19 BY MR. HAID:

20   Q.    Has Mr. Love ever threatened you in the past

21 before?

22   A.    Yes, he has.

23   Q.    Was there any time that he threatened you in

24 September of this year?

26

1      A.    Yes.

2      MR. LOVE:   Objection.

3      THE COURT:   Basis?

4      MR. LOVE:   Assassinating my candor.

5      THE COURT:   What?

6      MR. LOVE:   Assassinating my candor.

7      THE COURT:   Overruled.

8  BY MR. HAID:

9      Q.    In September of this year, how did he threaten

10 you?

11     A.    He alleged that my nephews had sexually assaulted

12 my daughter.  And he called me on the phone and threatened

13 to beat and basically to beat and kill me if he found out

14 that if they had touched her between her legs.

15     MR. LOVE:   Objection.

16     THE COURT:   Basis?

17     MR. LOVE:   There is no document stating this.

18     THE COURT:   Overruled.

19 BY MR. HAID:

20     Q.    Did he file a DCFS case about this?

21     A.    Yes, he did.

22     Q.    Did you get a response from DCFS?

23     A.    Yes, but it was unfounded.

24     Q.    Do you have that report with you?

1        MR. LOVE:  Objection.

2        THE COURT:  Basis?

3        MR. LOVE:  It's two different claims from DCFS.

4        THE COURT:  Overruled.

5        MR. LOVE:  All right.

6  BY MR. HAID:

7        Q.   Is this the unfounded letter you received from

8  DCFS regarding the sexual abuse?

9        A.   Yes.

10       THE COURT:  That is marked as Petitioner's Exhibit

11  Number 1, for identification.  Sir, you will get a chance

12  to cross examine.  Show it to Mr. Love, please.

13       MR. HAID:  I will mark this as Petitioner's Exhibit

14  number 1.

15  BY MR. HAID:

16       Q.   Is this a true and accurate copy of the letter you

17  received from DCFS?

18       A.   Yes.

19       Q.   Is this in fact the original letter you received

20  from DCFS?

21       A.   Yes.

22       MR. HAID:  Judge, I move this into evidence.

23       THE COURT:  Any objection for it to be admitted into

24  evidence?

1        MR. LOVE:  Objection.

2        THE COURT:  What's the basis of the objection?

3        MR. LOVE:  Because with my documentation I don't have

4   the same letter.  Mine states the obvious.

5        THE COURT:  This is a letter from --

6        MR. LOVE:  I have that too.  If I can show you.

7        THE COURT:  This is a report dated -- the letter is

8   dated December 15th regarding SCR Number 2144639A case name

9   Marquel Hill report date 9-28-2014.  Dear Natasha

10  Broomfield, you were previously notified that the

11  Department of Children and Family Services was

12  investigating a report of suspected child abuse or neglect

13  in the fulfillment of its duties under the Abuse and

14  Neglected Child Reporting Act 325 ILCS 5/1FA.  While you

15  are not blamed as the person responsible for the child

16  abuse and neglect, you are being notified of the final

17  finding of the investigation because you are the parent or

18  guardian of the person responsible for the child/victim's

19  welfare.

20       After a thorough investigation, DCFS has determined

21  the report to be unfounded.  This means that credible

22  evidence of child abuse and neglect was not found during

23  this investigation.  This does not necessarily mean that an

24  incident did not occur.  An incident may have occurred but

29

1 the evidence did not raise to the level required to

2 indicate abuse and neglect as indicated by state law and

3 DCFS administrative rule. DCFS will maintain a copy of

4 this investigative report for a period of one to three

5 years depending on the specific allegations. That was

6 investigated in accordance with the provisions of the Abuse

7 and Neglected Child Reporting Act, the State's Central

8 Register is confidential under state law and is not

9 available to the general public. That will be admitted

10 into evidence. Thank you.

11     MR. LOVE: Will you please admit this in evidence, as

12 well?

13     THE COURT: You will get your chance.

14     Petitioner's Exhibit Number 1 is admitted into

15 evidence. Next.

16                         (Whereupon, Petitioner's Exhibit #1

17                          was admitted into evidence.)

18 BY MR. HAID:

19     Q.   And so in relation -- this sexual abuse allegation

20 was not even something against you, it was against some

21 other children, is that correct?

22     A.   My nephew.

23     Q.   Nonetheless, he threatened to kill you as a result

24 of that?

30

1    A.    Yes.

2    Q.    Now, were there other times when he's been abusive

3  to you, not physically but verbally?

4    A.    Yes.

5    Q.    Okay.  Describe the type of --

6    THE COURT:  I need dates, counsel.  I will need a

7  foundation.

8    MR. HAID:  Sure.

9  BY MR. HAID:

10    Q.    Did an incident occur at a drop-off on July 4,

11  2014?

12    MR. LOVE:  Objection.

13    THE COURT:  Basis of the objection?

14    MR. LOVE:  No information founded.

15    THE COURT:  Overruled.

16  BY MR. HAID:

17    Q.    Describe what happened on July 4, 2014?

18    A.    On July 4, 2014, we were making the exchange at

19  the Riverdale police station.  My daughter had been

20  complaining about her stomach hurting and I didn't --

21    THE COURT:  Which police station?

22    THE WITNESS:  The Riverdale Police Station, the first

23  drop-off.  I didn't want her to miss her visitation with

24  her dad, so I still ended up talking her to the police

1 station.  When she got out of the car she said mommy my

2 stomach is still hurting, and I consoled her.  He came over

3 like shoved me away and was like trying to take Kaley out

4 my hand.  In fact, he did take Kaley out of my hand.

5     MR. LOVE:  Objection.  Let the record reflect that my

6 attorney at the time showed you footage of her fighting me

7 in front of the police station on July 4th.

8     THE COURT:  Overruled.  Continue.

9     THE WITNESS:  So he's trying to get her and there was

10 back and forth and I am trying to keep her, you know,

11 trying to tell him I am just trying to console her to make

12 sure she is okay, but he didn't want to hear that.  So

13 because he is stronger than me he ended up getting her away

14 from me.

15     MR. LOVE:  Objection.

16     THE COURT:  Basis of the objection?

17     MR. LOVE:  Because my lawyer showed you footage of her

18 fighting with me on the 4th of July, and this was already

19 ordered.

20     THE COURT:  Overruled.  Continue.

21     THE WITNESS:  So, at the end of the day he was a lot

22 stronger than me and he ended up getting her away from me.

23     MR. LOVE:  Objection.

24     THE COURT:  Overruled.

32

1 BY MR. HAID:

2    Q.    Did he call you any names?

3    A.    Porch monkey, a bitch and everything else.

4    MR. LOVE:  Objection.  It was my date to see my child.

5 That's why we were at the Riverdale Police Station.

6    THE COURT:  I know that.

7    MR. LOVE:  So how was that possible?

8    THE COURT:  Any other questions, counsel?

9    MR. HAID:  Just briefly.

10 BY MR. HAID:

11    Q.    Has there been times when Mr. Love has tried to

12 say that you have not let him participate in school events?

13    A.    Yes.

14    THE COURT:  What does this have to do with the O.P.?

15    MR. LOVE:  Objection.

16    THE COURT:  This is an O.P.

17    MR. HAID:  I will withdraw that.  Nothing further.

18    THE COURT:  Cross examination.  Now, you get to ask

19 her questions regarding specifically what he asked her.

20 BY MR. LOVE:

21    Q.    Was I present, Kaley's father, for dropping off at

22 McDonald's allegedly at the right time and right place?

23    A.    Yes.

24    Q.    Is Calumet Park Police station two minutes away

1  from the McDonald's parking lot on 127th and Ashland?

2      A.    Maybe ten minutes.

3      MR. LOVE:  Your Honor, I would like the court to know

4  that the Calumet Park Police Station is on 124th.

5      THE COURT:  Sir, you don't get to make statements.

6  You get to ask questions right now.  It's called cross

7  examination.

8  BY MR. LOVE:

9      Q.    Do we have a parenting agreement entered by Judge

10  Loza since October 2013?

11     A.    Yes.

12     Q.    Am I the petitioner in this case --

13     THE COURT:  It doesn't matter?

14     THE WITNESS:  Yes, you are.

15  BY MR. LOVE:

16     Q.    Do I pick up Kaley from school weekly and

17  bi-weekly?

18     A.    Yes, you do.

19     MR. HAID:  Objection.

20     THE COURT:  Overruled.

21     Q.    Is that the reason why I met you?

22     A.    Yes.

23     Q.    How long have you been meeting you with our child

24  at McDonald's?

34

1    A.    Since the judge put the order in place, I think

2 the court order was in place since July.

3    Q.    I notice that you said under oath that I hit you

4 seven times with my hand, is that correct?

5    A.    Yes, several.

6    Q.    Well, why don't you have any damages or

7 photographs for court today to prove that instead of he

8 say/she said.  Why didn't you have that proof?  Since I

9 weigh 280 pounds.

10    A.    I didn't take any pictures.

11    Q.    Allegedly, you should have it if I hit you seven

12 times.

13    MR. HAID:  Objection.

14    THE COURT:  Sustained.  Next question.

15 BY MR. LOVE:

16    Q.    Why didn't you take any --

17    MR. HAID:  Objection.  Asked and answered.

18    THE COURT:  Sustained.

19 BY MR. LOVE:

20    Q.    Now, you said that I pulled you over after the

21 initial drop-off at McDonald's?

22    A.    Yes, you do.

23    Q.    After all of the other drop-offs, have I ever

24 pulled you over?

35

1    A.    No, that's why I was surprised why you would be

2 honking and flicking your lights.

3    Q.    You said that you left the McDonald's parking lot

4 eastbound, correct?

5    A.    Yes.

6    Q.    And don't I always pull at the end of the

7 McDonald's parking lot where I can get on the expressways

8 because you know I live on 8435 South Peoria to go the

9 opposite way of you on the expressway?

10    A.    Yes, exactly.  Yes, you do.

11    Q.    So you are saying in court today for 11 months I

12 did that but just all of a sudden you have Kaley's book bag

13 and her so there is no reason for me to even talk to you

14 any more?

15    A.    No, you picked her up from school so if there is

16 any documents that had been given to you from school and I

17 thought maybe she left something in the car with you,

18 that's the only reason why I pulled over.

19    Q.    When I gave you Kaley at 7:00 o'clock, did Kaley

20 have her book bag on her back like she normally does?

21    A.    Yes.

22    Q.    Did you put Kaley in the car?

23    A.    Yes, I did.

24    Q.    And you proceed to drive off eastbound, the

36

1 opposite way, correct?

2    A.    Yes.

3    Q.    So if you drop off the opposite way of me, how is

4 it we met a block away at the Plaza Inn?

5        THE COURT:  One question at a time.  You may respond.

6        THE WITNESS:  You didn't do that this time.  This time

7 you went right towards eastbound on Ashland, that's what

8 you did this particular time.  Sometimes you do go that

9 way.

10 BY MR. LOVE:

11    Q.    If I went eastbound on Ashland that would mean I

12 would be going --

13        THE COURT:  Eastbound on Ashland.

14        MR. LOVE:  The opposite way.

15        THE WITNESS:  Halsted is east.

16 BY MR. LOVE:

17    Q.    If you proceeded eastbound --

18        THE COURT:  She already answered the question.  Ask

19 another question.

20        MR. LOVE:  Okay.

21 BY MR. LOVE:

22    Q.    When I usually drop off Kaley to you, don't I

23 always say, "Daddy loves you," and put her in your care and

24 I never opened the door, correct?

37

1    A.    Right.

2    Q.    So the next question I do have is you stated that

3 it took the police 35 minutes to come?

4    A.    No, I didn't say that.

5    Q.    For a four-block radius?

6    A.    I said I was there in the parking lot for 30

7 minutes.

8    Q.    I would also like to ask that you stated that I

9 opened up your back door on the side where my daughter is

10 on, the right passenger seat and I got Kaley's bookbag, but

11 you just testified under oath that when I gave Kaley to you

12 in your care that she had the backpack on her back?

13    A.    Repeat that again.

14    Q.    When I gave Kaley to you, you stated I always say

15 I love you and daddy loves you and put her in your care and

16 I never opened up your car door.  What I am asking you is

17 if that's the case and you stated under oath that Kaley had

18 her book bag on her back, so what was the reason why I

19 would open up her back door if she had everything and after

20 11 months we were doing the same thing?

21    A.    She is there in the back seat so why wouldn't you

22 open up the door?

23    Q.    But just stated under oath --

24       THE COURT:  Sir, allow her to answer the question,

38

1 please.  Answer the question.

2 THE WITNESS:  That's where she was sitting.  That's

3 the door she gets in and he knows she got in with her back

4 pack, so that's where she was seated.

5 THE COURT:  Ask another question.  Don't argue with

6 her.  She made her point and you made your point so ask

7 another question.

8 BY MR. LOVE:

9 Q.  Ms. Broomfield, I would also like to ask you too

10 as well is you stated in the order of protection that I am

11 violence towards my daughter, I harass my daughter and you

12 stated that my daughter said to you, mommy, I don't know

13 why daddy physically attacked you.  You said that under

14 oath.  My question to you is how is that possible when you

15 were going eastbound on Ashland and I was going the

16 opposite way?  How could we even meet?

17 MR. HAID:  Objection.  Asked and answered.

18 MR. LOVE:  This is getting into the meat and potatoes.

19 THE COURT:  I don't need to hear meat and potatoes.

20 Answer the question if he was driving how did he attack

21 your daughter, allegedly.

22 THE WITNESS:  He didn't attack my daughter he attacked

23 me.  What he did was instead of him going because the way

24 the parking lot is on the -- McDonald's goes sideways by

39

1 the parking lot is east and west on 127th Street.  So it's

2 in front -- the McDonald's is here and the parking lot is

3 here.  127th Street is the street that's right there.  So

4 what he did was when he pulled out this time he went the

5 same way.  I went out of the parking lot.

6     THE COURT:  You made a right turn.

7     THE WITNESS:  I made a right turn and Mr. Love went

8 through the parking lot going right.  So when I made my

9 right turn on Ashland he was at the stop on 127th Street,

10 the parking lot to exit the parking lot and he was sitting

11 right there.  So when I turned, he was flicking his lights

12 and blowing.  So I kept going past the McDonald's parking

13 lot and I couldn't go back in because he was there.  So I

14 went right to the next parking lot which is the Plaza Inn

15 and he pulled over like right next to me.

16     THE COURT:  You got your question.

17 BY MR. LOVE:

18     Q.  Ms. Broomfield, you stated that I park always at

19 the end of the McDonald's parking lot, correct?

20     MR. HAID:  Objection.  That mischaracterize the

21 testimony.  She said he usually comes in the parking --

22     MR. LOVE:  The reason I asked.

23     THE COURT:  The answer may stand.  It depends on where

24 other cars are parked.  Next question.

40

1 BY MR. LOVE:

2     Q.    Ms. Broomfield, when I leave the McDonald's

3 parking lot, it's two ways to get out of the McDonald's

4 parking lot, and one way to come in, correct?

5     A.    There is three ways.

6     Q.    Okay.  But the question that I am asking you,

7 Ms. Broomfield, is the two ways that you can come on the

8 left or right is ongoing traffic, correct, so you can only

9 go out one way, correct.  It's ongoing traffic you will

10 have and traffic and there is a sign that says you cannot

11 pull in, correct?

12     MR. HAID:  Objection.

13     THE COURT:  Rephrase the question.  Even I don't

14 understand it.

15 BY MR. LOVE:

16     Q.    McDonald's parking lot it's a parking lot like

17 every McDonald's parking lot.  You can either enter from

18 the right or the left.  In the middle, it's where ongoing

19 traffic comes is.  So evidently, going in the middle you

20 cannot enter.

21     MR. HAID:  Objection.

22     THE COURT:  Sustained.  I don't know what "evidently"

23 mean.  Next question.

24     MR. LOVE:  The question I am asking Your Honor is if I

41

1 park at the end of the parking lot, Your Honor, I don't

2 have to make a right or left I am just going straight on

3 the expressway, which is two seconds from the light.

4     THE COURT: That's not her testimony. Her testimony

5 is that you often go the other way straight on the

6 expression way; but specifically, this time you failed to

7 do that and you turned right eastbound on Ashland as she

8 went eastbound on Ashland. So that's her testimony. It's

9 not what you did every other time, it's what you did on

10 December 10, 2014. Ask another question.

11 BY MR. LOVE:

12     Q.    Ms. Broomfield, do you know where I stay?

13     A.    Yes.

14     Q.    Okay. So, if you know where I stay, Ms.

15 Broomfield, why didn't you have the police contact me or

16 arrest me if I hit you?

17     MR. HAID: Objection.

18     THE COURT: Sustained. Next question.

19 BY MR. LOVE:

20     Q.    Ms. Broomfield --

21     THE COURT: She doesn't control the police department.

22 BY MR. LOVE:

23     Q.    You made a police report at Calumet Park?

24     A.    Yes.

42

1    Q.    Ms. Broomfield, do I stay in Calumet Park?

2    A.    No.

3    Q.    Do I meet you on 127th and Ashland?

4    A.    Yes.

5    Q.    Ms. Broomfield, will you state for the record

6 where I stay?

7         THE COURT:  What?

8         MR. HAID:  Objection.

9         MR. LOVE:  I am asking her to state where I stay.

10 What's my address?  We have a kid together.  She knows

11 where I stay.

12        THE COURT:  How is that germane to this order of

13 protection?

14        MR. LOVE:  Because if I got served with the order of

15 protection, so evidently she knows where I stay, so why

16 wouldn't she call the Chicago Police if I hit her seven

17 times in the face and come to get me.

18        THE COURT:  Sustained.  It's the jurisdiction of the

19 Calumet City Police because the offense allegedly occurred

20 there.  Calumet City Police has jurisdiction not the

21 Chicago Police.

22        MR. LOVE:  So with all of the other reports I have why

23 didn't she do it that day?

24        THE COURT:  I don't know.

43

1      MR. LOVE:  It's just a coincidence?

2      THE COURT:  Sir, do you have any other questions at

3 this point?

4      MR. LOVE:  Yes.

5 BY MR. LOVE:

6      Q.   Ms. Broomfield, allegedly this happened after the

7 school drop-off on Wednesday.  Why did it take the police,

8 or you to have me to be retained a week and a half later?

9      MR. HAID:  Same objection.

10     THE COURT:  Sustained.  It's the police that

11 effectuates the arrest.  It's not her.  She can't tell the

12 police to go and arrest this guy.

13 BY MR. LOVE:

14     Q.   Ms. Broomfield, you made a report with the police,

15 correct?

16     A.   Yes.

17     THE COURT:  Do you have a copy of the complaint?

18     MR. HAID:  No.

19 BY MR. LOVE:

20     Q.   The police interviewed you?

21     A.   Yes.

22     Q.   Where did the police interview you at; did they

23 interview you at the scene?

24     A.   At the scene.

44

1    Q.    So you are telling us that Officer Willoughby

2 didn't interview you?

3    A.    No, it was Sergeant Silvichy.

4    Q.    Under oath you are saying that's not true?

5    A.    Willoughby did not come to the scene.  He did not.

6    Q.    What I am asking under oath is did you get

7 investigated or interviewed by Detective Willoughby?

8    A.    Yes, I did.

9    Q.    You just stated under oath that you didn't.

10    THE COURT:  The answer may stand.  Next question.

11 BY MR. LOVE:

12    Q.    Did you file or did your attorney file an order of

13 protection and did you tell them that you had a case

14 pending at 50 West Washington for over a year.  Did you

15 know that?

16    A.    Yes I did.

17    Q.    So, if you knew that, and you actually had two

18 cases pending, and I am the petitioner in both cases, is

19 that correct?

20    A.    I don't know of any.

21    Q.    So, I am not the petitioner of two different

22 cases?

23    THE COURT:  Sir, you have only one case pending with

24 this court.

45

1    MR. LOVE:  I don't have a case pending in Markham?

2 The reason why I am saying that to show cause that my

3 child's mother she alleges these charges the reason why I

4 am the petitioner --

5    THE COURT:  Sustained.  She only have one paternity

6 action pending and that's in front of me.  That's another

7 criminal case pending and that's different.

8    MR. LOVE:  But I have to put that in consideration for

9 you so you know the truth of why we are here.

10    THE COURT:  I am aware that you are the petitioner.

11    MR. LOVE:  Okay.

12    THE COURT:  I am also aware that this court ordered

13 that you can't file anything without asking for court

14 permission.  So continue.

15 BY MR. LOVE:

16    Q.  Ms. Broomfield, do I participate in my child's

17 life?

18    MR. HAID:  Objection.

19    THE COURT:  That has nothing to do with this order of

20 protection.

21 BY MR. LOVE:

22    Q.  Ms. Broomfield, you allegedly said that I hit you,

23 I cursed you out in front of our daughter, snatched you out

24 of the seat, and my torso was to the left, on your driver's

46

1 side, but you said in court -- is that true?

2     MR. HAID: Objection. That mischaracterize the

3 testimony.

4     THE COURT: Sustained. She testified that you didn't

5 snatch her out of the seat, that your foot or your feet

6 were outside the car on the front right passenger's side

7 but your body was turned and you were hitting her with your

8 fist, with your right hand above on the right shoulder and

9 right jaw.

10     MR. LOVE: Exactly.

11     THE WITNESS: Yes.

12     MR. LOVE: The reason why I stated that, Your Honor,

13 if this is possible --

14     MR. HAID: Objection, Your Honor.

15     THE COURT: Sir, you get to make your statement at the

16 end.

17 BY MR. LOVE:

18     Q. Ms. Broomfield, did I open your car door on the

19 driver's side?

20     A. No.

21     Q. Ms. Broomfield, did you say in court that I opened

22 your car door?

23     A. On the passenger's side, not the driver's side.

24     Q. Ms. Broomfield, so what you're saying in court is

47

1 that I hit you from the back passenger's side in your face

2 without opening the door?

3     A.   No.  I said you opened up the passenger door.

4     THE COURT:  Is that the front or the rear?

5     THE WITNESS:  The front.  He opened up the rear first

6 and --

7     MR. LOVE:  Objection.

8     THE WITNESS:  The backpack was in front with me and

9 then he opened up the front passenger's door.

10     MR. LOVE:  Your Honor, you are sitting here just look

11 I did.  She said I opened up the front door.

12     THE COURT:  The front passenger door.

13     MR. LOVE:  The front driver's door.  Then she is

14 stating right now --

15     MR. HAID:  Objection.  That's not a question.

16     THE COURT:  Ask another question or don't.

17 BY MR. LOVE:

18     Q.   Ms. Broomfield, what type of car do you have?

19     A.   A black Subaru Tribeca.

20     Q.   Ms. Broomfield, is a black Tribeca a truck or a

21 car?

22     A.   It's a truck.

23     Q.   Didn't you just state in court that you have a

24 car?

48

1    A.    It's a truck.

2     THE COURT:  Is it a SUV?

3     MR. HAID:  It's a crossover, I believe, Judge.

4     THE COURT:  This is kind of a --

5     MS. HAID:  It's a crossover.

6    ·THE COURT:  It's a car/truck.

7 BY MR. LOVE:

8     Q.    Ms. Broomfield, are you presently of sound mind in

9 court today?

10    A.    Yes.

11    MR. LOVE:  I have no further questions.

12    THE COURT:  Do you have any redirect?

13    MR. HAID:  No, Judge.

14    THE COURT:  I didn't think so.  You're up.  Do you

15 have any witnesses?

16    MR. HAID:  No more witnesses.

17    THE COURT:  The petitioner rest.

18    MR. HAID:  Yes.

19    THE COURT:  Sir, would you like to make a statement?

20    ·MR. LOVE:  Yes, I would, Your Honor.

21    MR. HAID:  Judge, before he does that, just for the

22 record to clarify, does he have any other witnesses?

23    THE COURT:  Do you have any other witnesses?

24    MR. HAID:  No, I don't.

49

1    THE COURT: He's up. Do you have any other witnesses

2 you want to call today?

3    MR. LOVE: No.

4    THE COURT: All right. Then you may make a statement,

5 sir.

6    MR. LOVE: All right.

7    THE COURT: You're up.

8    MR. LOVE: Judge Loza, I petitioned the court last

9 year solely for love and respect for my daughter. My

10 child's mother and me parted ways, but we are both

11 responsible and civil for our child. The reason why I have

12 been coming to court and petitioning the court is because I

13 care for my daughter, and I fear for my daughter's life.

14    As far as medical neglect, me and my child's mother

15 interfering and not letting me see my child which I also

16 fought so hard for weekly and bi-weekly, and my child's

17 mother not letting me see my child. I have numerous police

18 reports stating that my child's mother is being spiteful

19 and vindictive, and that's why I always have police escorts

20 to her house. Since day one, I have been fighting her in

21 everything like this.

22    MR. HAID: Objection, there is no proof whatsoever.

23    MR. LOVE: Your Honor, I have proof of burden right

24 here. The reason why we are here, Your Honor, is before

1 the order of protection, Thanksgiving and Christmas, a

2 court order for me to see my child and I was not able to

3 see my child. Your Honor, I don't understand this. I have

4 e-mails to my child's mother to show that I am putting

5 forth a good faith to see my child, to take care of my

6 child. My child's mother and I fight for her being

7 allergic to cats and dogs.

8     MR. HAID: Objection.

9     THE COURT: Overruled.

10     MR. LOVE: She has an Epi-pen and that is also a

11 problem. I have moved on with my life, Your Honor, and I

12 missed out on four weeks of visitation, before the order of

13 protection. Also, too, she has had two weeks of vacation,

14 and I haven't had not one vacation. Then on top of that,

15 now I come to court for the order of protection. I never

16 physically abused my child or my daughter. I just want to

17 raise my daughter. My daughter loves me and she is on the

18 honor roll because I take time with my daughter. You have

19 seen the home study test, as well as that, and I have all

20 the proofs of me being a good father and taking care of my

21 child.

22     The reason why I came here to fight this is because

23 these allegations against me are not true, and I miss my

24 daughter and I want to vacate this order of protection so I

1 can see my daughter and go on with my life. It's important

2 that my child has her father. I took an oath to raise my

3 child, and that's been in my family for over 70 years. I

4 have that report in court, as well. I am here so I can see

5 my child and raise my child. And that's what I am suppose

6 to do, and that's what I took an oath to do. And I would

7 ask you to look at my proof and look at my evidence.

8     THE COURT: This is not a hearing for custody, this is

9 just on the order of protection.

10    MR. LOVE: But if you look on here too it's another

11 motion filed for today.

12    THE COURT: You did not ask leave of court. I am

13 allowing you to file your Motion to Vacate because, one,

14 the O.P. is set for today and you have a right under the

15 statute to file your O.P. and have a hearing within 72

16 hours on the Motion to Vacate. So you don't need leave of

17 court to do that. But because you have been overly burden-

18 some and litigious to the court, I had previously entered

19 an order requiring you to ask leave of court prior to

20 filing civil matters. You did not do that, and we have a

21 court date coming up in January.

22    MR. HAID: January 8th.

23    MR. LOVE: I didn't know anything about that.

24    MR. HAID: It was when we were here the last time.

1     THE COURT:  I will check it out but I have to get out

2 of here first.

3     MR. HAID:  January 8th, Your Honor.

4     THE COURT:  So we are just hearing the O.P. today.

5 The other one will be dealt with on the next court date.

6 Anything else on the O.P.?

7     MR. LOVE:  I would like to say something else.

8     THE COURT:  Regarding this O.P.?

9     MR. LOVE:  Yes.  I would like for you to take into

10 consideration that you have kids and I have kids and I

11 missed my child's 5th birthdate, and I will never get that

12 back.  I missed Christmas and I will never get that back.

13 And she's been in the world five years and four Christmases

14 I have had and birthdays --

15     THE COURT:  Okay.  Anything else?

16     MR. LOVE:  That's it.

17     THE COURT:  Do you have any cross?

18     MR. HAID:  No, Judge, no cross.

19     THE COURT:  Do you have any other witnesses?

20     MR. LOVE:  No.

21     THE COURT:  Do you rest, sir?

22     MR. LOVE:  Yes, Your Honor.

23     THE COURT:  Closing argument.  Any closing arguments?

24     MR. LOVE:  Yes.

1     THE COURT:  Just a second.  Give me a second.  There

2  is a specific order that I have to take things in, Mr.

3  Love.  Although you are the petitioner in the case-in-chief

4  you are the respondent in the O.P.

5       MR. LOVE:  This is not a laughing matter to me.

6       THE COURT:  That's why you go second.  Any closing

7  argument, counsel?

8       MR. HAID:  Just briefly, Your Honor.

9       Ms. Broomfield has met her burden in this case and

10  she has shown by a preponderance of the evidence that she's

11  been assaulted and she's been battered and she's had her

12  purse stolen from underneath her and her child.  This man

13  is a scary guy.  And he is the kind of guy who is

14  controlling and he walks into court and you have the option

15  of seeing him.  When he leaves here he is completely out of

16  control.  He files DCFS reports on top of DCFS reports and

17  police reports on top of police reports because he's

18  literally out of control.  This is a step toward his

19  complete loss of control outside of this courtroom.  He

20  battered my client and he has threatened my client in the

21  past, and things are only progressing and getting worse.

22  This happened in front of my client and her child.

23       My client had thought this was any old day just like

24  she testified too.  She pulled over because she thought

54

1 that he still had stuff in the book bag or had stuff in the

2 car that was relevant to her daughter. This guy is a real

3 threat. And an order of protection would be appropriate

4 here for both her and her child. And his claims of his

5 desire to participate are so absolutely ridiculous from

6 someone who has not paid child support in nine months and

7 who has been nothing but an obstructionist here in court,

8 and who has now taken the next step and who has been

9 arrested and she deserves the protection of this court.

10 Nothing further.

11     THE COURT: You can make your closing argument.

12     MR. LOVE: Yes, I want to say that my child means the

13 world to me and that I take pride in being her father. I

14 take pride in taking care of my daughter. I take pride in

15 taking care of my daughter and raising her. I take pride

16 in going to her school and picking her up from school,

17 which since day one, I was able to pick her up and drop off

18 my daughter. Since I was the petitioner in this case and

19 now I can't do that. I look forward to the time that I do

20 have with my daughter which I have to fight for in 11

21 months to show you candor and show my love and respect for

22 my daughter.

23     I would also like to point out the reason why I took

24 my daughter to Ingalls Hospital is because my daughter told

55

1 me what happened.

2     THE COURT:  Sir, that's not in front of us today.

3 That was unfounded by DCFS.

4     MR. LOVE:  Also, Your Honor, he stated that I don't

5 work and I don't pay child support, and basically, I am a

6 deadbeat dad.  I have the proof of burden here.  And also,

7 Your Honor, when I was unlawfully arrested a week and a

8 half later, I lost my job because I couldn't make a phone

9 call when I was arrested.  And also, finally, I would like

10 to ask that I regain my visitation because I need to be in

11 my child's life.  And the only emotional and physical issue

12 with my child is she didn't have her father in her life,

13 and I look forward to my child not being like that and me

14 raising my child.  We both have to be consenting adults.

15 Me having visitation, weekly and bi-weekly.  And also me

16 speaking with my child on the phone, and that's the reason

17 why I filed the police reports because of what's going on,

18 and I am in fear of my child's life.

19     We are suppose to be consenting adults and the

20 meaning that my child's mother didn't even put me on the

21 emergency forms for me to see my child.  Evidently, if she

22 cannot pick her up I should be able to pick up my child and

23 it should not be a stepfather, her sister or her girl

24 friend, Pam.  I should be able to pick up my child and I

56

1 respect my child and I love my child.  That's the reason I

2 filed the emergency motion after court on December 12th

3 because Christmas and visitation is important for me to see

4 my child.  I ask you to judge me by my character and my

5 physical statement today because I am a good dad and I am

6 not going to allow anybody to keep me from my child.

7      THE COURT:  Okay.  You don't have any final rebuttal,

8 do you?

9      MR. HAID:  Well, judging by his character it will be

10 excellent because this guy is dangerous.  Nothing further.

11      MR. LOVE:  Your Honor --

12      THE COURT:  It's my turn now.

13      MR. LOVE:  Okay.

14      THE COURT:  You know, the Court has listened to the

15 evidence.  I am familiar with the parties.  I am familiar

16 more than I want to be with the parties, probably.  We have

17 done home studies and there has been pleadings upon

18 pleadings, upon pleadings.  The Court has not only listened

19 to the evidence, and when the Court listens to evidence,

20 the Court listens to the details of the evidence, because

21 in the details is the devil, as we always say.  So, I look

22 to the exactness and the details to see that everything is

23 consistent.  The Court also looks to the credibility of the

24 parties.

1    · The whole purpose of the Domestic Violence Act is that

2    you don't need to show bruises.  You don't need to show

3    pictures.  You don't need to have somebody to have a bruise

4    or a black eye in order for there to be physical abuse.

5    Abuse is not only physical, abuse is verbal, abuse is

6    emotional, abuse is stalking.  Abuse is anything that

7    specifically makes the person become afraid, intimidated,

8    neglected and abused.

9        The Court has jurisdiction over this case, and this

10   case has been continued for almost a period of two years,

11   at least a year and a half.  The Court has considered the

12   nature, frequency, severity and pattern and the

13   consequences of this and the likelihood and danger of

14   future abuse.  This Court specifically last week was in

15   Boston on a seminar on Fatherhood and Violence.

16       The Court specifically finds in this case that your

17   actions, Mr. Love, unless prohibited, would likely cause

18   irreparable harm.  The Court finds it very telling that

19   your beautiful daughter was crying and upset saying, "Why

20   did my daddy hit my mommy?" Were almost her exact words.

21   She was upset.  While you may not like Ms. Broomfield, your

22   actions hurt your daughter.  If you think that striking her

23   primary care giver, hitting her primary care giver in the

24   presence of her did not cause harm to your daughter, you

1 are sadly mistaken.

2      So, the Court finds it necessary to grant a

3 preliminary order of protection.  The Court finds that you

4 did so by a preponderance of the evidence, the petitioner

5 has proven her case-in-chief in that you punched and hit

6 the petitioner, Ms. Natasha Broomfield, and that you did it

7 to hurt her, and that your actions in the presence of your

8 daughter were harmful and abusive to your daughter.

9      The Court will therefore enter a plenary order of

10 protection naming Natasha Broomfield and the minor child,

11 Kaley, as a protected party.  The Court will reserve the

12 issue of visitation.  The Court will order you to domestic

13 violence counseling through Metropolitan Family Services.

14 After you complete that, you will be entitled to supervised

15 visitation until I say so.  I want you to have a

16 relationship with your daughter.  But I want you to get

17 some domestic violence counseling first so that you learn

18 to control your temper.  I do not want you to not see your

19 daughter.  I want you to learn, and I want you to be in

20 your daughter's life.  I think it is absolutely important

21 that you are in your daughter's life on a steady basis.

22 But I want you to get some counseling first because this

23 cannot continue.

24      And as much as I often disagree with Mr. Haid, I will

. 59

1 agree with this:  That the domestic violence in this case,

2 that the violence in this case has increased.  And what was

3 verbal has become increased.  It appears by a preponderance

4 of the evidence that it has increased.  And we know that

5 domestic violence increases over time.  I am going to nip

6 this in the bud.  You will attend domestic violence

7 counseling, I believe with Metropolitan Family Services or

8 there's -- I will get you the name.

9      MR. LOVE:  I have something to say.

10      THE COURT:  It's a men's program, and it's on, I

11 think -- I will get the information right now and come out.

12 And I want you to go to that group session.

13      MR. HAID:  Through Metropolitan Family Services?

14      THE COURT:  Yes.  I was really impressed with the

15 services.  And then he will have visitation.  This is a

16 two-year O.P.  That's my order.

17      MR. LOVE:  I am trying to understand what you're

18 saying.  So you are saying to me that --

19      THE COURT:  Just a second.  It will be a box 1,

20 physical abuse, harassment, interference with personal

21 liberty, intimidation, stalking.  She is granted in box 2,

22 exclusive possession of her residence at 14420 South

23 Emerald in Riverdale, Illinois.  He is prohibited and he is

24 to stay away from the petitioner and the minor child.  He

60

1  is prohibited from remaining at 1850 West Roosevelt or

2  Calvin C. School at 528 East 161st Place, South Holland,

3  Illinois, until further order of court.  His visitation is

4  restricted -- is reserved and restricted as he will not be

5  able to have any visitation until he has satisfactorily

6  completed the domestic violence counseling.

7      MR. HAID:  This is not an automatic trigger.  He has

8  to come back up?

9      THE COURT:  He has to come back but that will be my

10 order two years from today's date.

11     MR. HAID:  Judge, two preliminary matters, just

12 background on other matters.  This was originally up and we

13 have a petition for rule and that is really the only thing

14 pending before this court aside from his Motion to Vacate.

15 The Motion to Vacate is denied today?

16     THE COURT:  The Motion to Vacate is denied.

17     MR. LOVE:  Let me get this straight.

18     THE COURT:  Just a second.

19     MR. LOVE:  The reason we set this for a status because

20 he didn't have counsel.  We would like to get a date for a

21 rule.  So that hearing needs to happen and the only reason

22 we have that status is because he needed counsel.  So since

23 he has filed his appearance this can go to a hearing and we

24 can theoretically get some things wrapped up.

61

1     THE COURT:  The hearing on the rule will be set.

2     MR. HAID:  We will strike the 8th day and get the

3 hearing date.

4     THE COURT:  February 26th?

5     MR. HAID:  I am out of town on the 26th, can we have

6 the 25th?

7     THE COURT:  Sure.

8     MR. HAID:  At what time?

9     THE COURT:  10:00 a.m.  Sir, you filed an appearance

10 and you representing yourself.  The rule is already issued,

11 and I have to advise you as long as I have a court reporter

12 here that if you do not show just cause why you should not

13 be held in indirect civil contempt which is your failure to

14 pay child support, you could be committed to the Cook

15 County Department of Corrections until such time as you

16 purge yourself of that contempt.  Now, you have to show

17 just cause why you should not be held in contempt of court.

18 So that is the standard.  Everybody sit down and draft the

19 orders.  I'll get you the information right now.

20     MR. LOVE:  May I ask you a question.  I just asked you

21 a question.

22     THE COURT:  Yes, sir.

23     MR. LOVE:  Let me get this straight:  I have been

24 seeing my daughter --

1    THE COURT:  Sir, that's my order.  Have a seat right

2 now.

3    MR. LOVE:  I don't want my rights then no more.  If I

4 can't see my daughter I don't want to see her anymore.  Are

5 you going to take my rights away from me?

6    THE COURT:  I am not taking your rights away from you,

7 sir.  Have a seat.

8    MR. LOVE:  I don't want to see my daughter.

9    THE COURT:  Have a seat.

10                              (Which were all proceedings had

11                               in the above-entitled cause.)

12

13

14

15

16

17

18

19

20

21

22

23

24

1 STATE OF ILLINOIS      )
                         )  SS:
2 COUNTY OF C O O K      )

3         IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
          COUNTY DEPARTMENT - DOMESTIC RELATIONS DIVISION

4

5         I, KATRINA E. ALEXANDER, an Official Court

6 Reporter for the Circuit Court of Cook County, Illinois, do

7 hereby certify that I reported in shorthand the proceedings

8 had in the above-entitled cause; that I, thereafter, caused

9 the foregoing to be transcribed into typewriting, which I

10 hereby certify to be a true and accurate transcript of the

11 proceedings had before the Honorable Pamela C. Loza, Judge

12 of said court.

13

14

15                                    Official Court Reporter
                                      CSR No. 084-003174
16

17 Dated this 21st day

18 of May        , 2015.

19

20

21

22

23

24

                              64



EX
O



**Illinois Department of**

# DCFS

**Children & Family Services**

**Pat Quinn**
Governor

**Bobbie Gregg**
Acting Director

## NOTIFICATION OF A SUSPECTED CHILD ABUSE AND/OR NEGLECT DOCUMENT

**Name:** Broomfield, Natasha
**Address:** 14420 S Emerald Ave
Riverdale, IL 60827-2617

**Date:** 04/07/2014
**SCR No:** 2118016-A

The Department of Children and Family Services has received a report of suspected abuse and/or neglect of the following children:

Love, Kaylee

The reported abuse or neglect is alleged to have involved the following acts/omissions (allegations):

Medical Neglect

**The purpose of the Department's investigation is to keep children safe. In most cases where child abuse or neglect are found, the Department will try to help families to improve their ability to protect children. This often involves obtaining social and other services for the family. In addition to obtaining services, the Department has the authority to take protective custody of children, if necessary to keep children safe, and may also involve the police and Juvenile Court.**

You need to know:

## THE INVESTIGATIVE PROCESS

1. The Department is required by a law called the Abused and Neglected Child Reporting Act, 325 ILCS 5/1 et seq., to conduct investigations into allegations of child abuse and neglect.

2. Within 60 days of the date of the report, unless there is good cause to take more time, the Department must complete its investigation.

3. During the course of the investigation, an investigator is required to interview certain witnesses, depending on the type of child abuse and neglect that is alleged and to **request an interview with you** as part of the investigation into these allegations.

4. You can refuse to be interviewed, however, if you refuse, your refusal could affect the outcome of the investigation and could be used against you.

5. You can give the investigator the names of other people who know what happened or who may have information about what happened. The investigator will contact at least two of these people.

6. The investigator will give you a brochure that more thoroughly explains the Department's investigative process. Department rules and further information can be found on the Department's website at



DOING THE MOST GOOD℠

FAMILY AND COMMUNITY SERVICES
www.salarmychicago.org/family

André Cox
General

Paul R. Seiler
Territorial Commander

Ralph Bukiewicz
Lt. Colonel
Divisional Commander

Stephen Lepse, LCSW
Director

January 21, 2015

Officer Lillian Jackson
Cook County Adult Probation
16501 South Kedzie
Markham, Illinois 60428

Dear Officer Jackson,

This letter is to confirm that Mr. Lee Oties Love attended his screening assessment appointment for The Salvation Army Family and Community Services Partner Abuse Intervention Program on 1/15/15. According to Mr. Love, he has never engaged in any abusive or controlling behaviors towards any intimate partner in his history of relationships. He is therefore not eligible to be admitted into the program. This is not to say that Mr. Love has never engaged in abusive or controlling behaviors towards a partner nor is it to say that he could not benefit from participating in the program. It is to say that based on his self-report, he does not meet the eligibility requirements to participate in the program. If further information becomes available, Mr. Love's eligibility can be re-assessed. If you have any questions, please feel free to contact me at (847) 392-0265.

Sincerely,

Joel Paez, MA
PAIP Co-facilitator

Cc: Lee Oties Love

Ex
P

THE SALVATION ARMY FAMILY SERVICES DIVISION CONFIDENTIAL ... USE ONLY YOU MAY NOT BE DUPLICATED OR USED OR ANY OTHER PURPOS



845 W. 69th Street
Chicago, Illinois 60621-1709
Phone: 773.382.4601
Fax: 773.382.4649

1616 N. Arlington Heights Road
Arlington Heights, IL 60004-3963
Phone - 847.392.0265
Fax - 847.392.0274

4800 Marine Drive
Chicago, Illinois 60640-4297
Phone: 773.275.6233
Fax: 773.275.6286

609 W. Dempster
Des Plaines, IL 60016-2651
Phone - 847.981.9113
Fax - 847.981.9116

5045 W. 47th Street
Chicago, Illinois 60638-2038
Phone: 773.735.6773
Fax: 773.735.6713

Order            (Rev. 02/24/05) CCG N002

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

*Lee Love*

~~PEOPLE OF THE STATE OF ILLINOIS~~

Judge Pamela E. Loza

v.

JAN 04 2017

Circuit Court-2004

No. 13 D 80423

*Natasha Broomfield*

CAC 99

7701
4234P

### ORDER

This matter coming before the court for hearing, both parties present 4357D w/ a counsel, the court having been fully advised, the court finding Mr. Love failed to provide a job diary, lease (signed), or few financial 4217 disclosure, It is hereby ordered:    2-3-17 10:00 A.m.

1) Within 14 days, Mr. Love shall tender to Respondent's counsel (A) a full & complete job diary (B) a complete financial disclosure (C) a [includes pay stubs & w2] copy of any other documents he intends to use at the hearing; & (d) a copy of that his signed lease. failure to provide any of the above shall result in an adverse inference finding at the hearing.

2) Petitioner has 14 days to respond to petition for fees filed 12-30-16.

3) Petitioner represented in court that he was working but had to quit his job b/c of his ~~parenting classes~~ court ordered anger management classes.

4) Respondent has leave to take the minor on vacation with her, in Mr. Love's parenting time is restored to ~~4-15-17 to 4-23-17~~.

5) all matters previously set for ~~4/10 day~~ hearing & the petition in 2 supra, are set for final hearing date on 2-3-17 at 10:00am.

Attorney No.: 57650

Name: WDFLG

Atty. for: Δ

Address: 233 S. Wacker Dr., 84th Flr

City/State/Zip: Chicago IL 60606

Telephone: 312-445-8850

ENTERED:

Dated: _____

_Pamela_ _____ Judge

Judge's No.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
DOMESTIC RELATIONS DIVISION

Illinois Department of Healthcare and Family Services ex rel.,

_Ree Shane_

[ ] Petitioner / [ ] Counter-Respondent,

Docket No.: _13D08043 3_

-vs-

_Natasha Broomfield_

[ ] Respondent / [ ] Counter-Petitioner.

IV-D No.: C _____

Cal. No.: _99._

EX R

## RETURN OF BODY ATTACHMENT ORDER

**THIS MATTER** coming before the court on the return of a Body Attachment Order entered earlier by the court; the court having jurisdiction and the parties being advised in the premises:

**THE COURT FINDS:**

[X] _Petitioner voluntarily appeared & warrant of 3/29/2017 is quashed_

**IT IS HEREBY ORDERED:**

1. [X] The Body Attachment Order known as Sheriff's Attachment/Warrant No. _March 29_, 20 _17_ is hereby vacated and/or recalled. entered on _____

   [X] Hearing on all matters pending before this court are continued to _May 31_, 20 _17_ at _930_ a.m./p.m., located at:

   [X] **DALEY CENTER:** 50 WEST WASHINGTON, CHICAGO, ILLINOIS 60602, ROOM _3009_
   [ ] **DISTRICT 2:** 5600 OLD ORCHARD ROAD, SKOKIE, ILLINOIS
   [ ] **DISTRICT 3:** 2121 EUCLID, ROLLING MEADOWS, ILLINOIS
   [ ] **DISTRICT 4:** 1500 MAYBROOK DRIVE, MAYWOOD, ILLINOIS
   [ ] **DISTRICT 5:** 10220 S. 76TH AVENUE, BRIDGEVIEW, ILLINOIS
   [ ] **DISTRICT 6:** 16501 S. KEDZIE PARKWAY, MARKHAM, ILLINOIS

2. [X] Respondent/Obligor is to be released from the custody of the Cook County Sheriff's Department on this Warrant/Body Attachment ONLY.

3. [X] Respondent or Counter-Respondent must appear on the next court date or a Body Attachment Order shall issue.

4. [ ] The escrow of $ _____ deposited shall be sent immediately from the Clerk of the Circuit Court Bond Department to the Office of the Clerk of the Circuit Court, Child Support Division, Richard J. Daley Center, 50 West Washington Street, Room LL01, Chicago, Illinois 60602, to be applied toward child support arrears.

5. [X] Other _Petitioner represents so he is starting tomorrow and he must pay his child support obligation. Both parties must appear at next court date_ _____

Dated: [X] _____

**KIMBERLY M. FOXX # 17052**
**State's Attorney of Cook County**

By: _____
Assistant State's Attorney, _____
28 North Clark Street, Suite 500
Chicago, Illinois 60602
(312) 345-2200
sao.csed@cookcountyil.gov

SAO 400-27 [Rev. 12/16]

ENTERED:

Judge Pamela E. Loza

APR 17 2017

**JUDGE'S SIGNATURE**

Circuit Court-2004

**JUDGE'S NO.**

I HEREBY CERTIFY THE ABOVE TO BE CORRECT
DOROTHY BROWN APR 17 2017
CLERK OF THE CIRCUIT COURT OF COOK COUNTY, IL

This order is the command of the Circuit Court and violation thereof is subject to the penalty of the law.

**ORDER 1 OF 2**

```
1                    JUNE 17TH, 2017
                  MAGDALENA PEREZ, CSR
2                 Official Court Reporter
                Circuit Court of Cook County
3                69 West Washington Street
                   Chicago, Il. 60602
4                    (312) 603-8400

5    TO: Lee Oties Love
     (773) 783-5691
6

7    Nathasha Broomfield vs. Lee Oties Love
     No. 13 D 080423
8
          Report of Proceedings had before Judge Pamela
9    Loza

10   On July 5th, 2017

11   Original transcript 20 Pages @ 3.15

12        AMOUNT DUE: $63.00

13
          RECEIVED: _____
14

15

16

17

18

19

20

21

22

23

24
```

PAID JUL 20 2017

1  STATE OF ILLINOIS      )
                          )  SS:
2  COUNTY OF COOK         )

3
   IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS COUNTY
4      COUNTY DEPARTMENT- DOMESTIC RELATIONS DIVISION

5  NATASHA BROOMFIELD,    )
                          )
6         Petitioner,     )
                          )
7         vs.             )  No. 13 D 080423
                          )
8  LEE OTIES LOVE,        )
                          )  .
9         Respondent,     )
                          )
10

11                      REPORT OF PROCEEDINGS had at the

12  hearing of the above-entitled cause before the Honorable

13  PAMELA LOZA, on the 5th day of July, A.D., 2017.

14  PRESENT:

15              MR. LEEOTIS LOVE, the Respondent,
                appeared pro se.
16

17

18

19

20

21
    REPORTED BY;
22
    Magdalena Perez, CSR 084-004569
23  Official Court Reporter
    69 West Washington, Suite 900
24  Domestic Relations Division
    Chicago, Illinois 60602

1

1    THE COURT:  Good morning.  This is Love vs.

2  Broomfield.  There's a warrant for your arrest currently

3  pending.

4    MR. LOVE:  First of all --

5    THE COURT:  Sir, a writ issued on 05/31/2017 for a

6  $500 C bond for your failure to show up in court.

7    MR. LOVE:  This is when you squashed(sic) the

8  warrant.

9    THE COURT:  I know.  That was the prior one.  You

10  weren't here.  You were suppose to be here.

11    MR. LOVE:  I got no court date to come.

12    THE COURT:  Yeah, you did.  Because you were here

13  on the court date.  What am I going to do with you?

14    MR. LOVE:  Judge, look --

15    THE COURT:  What am I going to do with

16  you, Mr. Love?

17    MR. LOVE:  Judge Loza, if I could speak?

18    THE COURT:  You always do.

19    MR. LOVE:  Yes.  The reason why I'm here is

20  because January 4th you reinstated my visitation.

21    THE COURT:  Yes.

22    MR. LOVE:  Court order.

23    THE COURT:  Yes.

24    MR. LOVE:  Haven't seen my daughter since.  I

1   haven't seen my daughter.  Every time I go to see my

2   daughter, which my child's mother, Ms. Broomfield, knows,

3   I get Riverdale(phonetic) police officer's to escort me to

4   her house.  They won't do nothing because they say that my

5   court order is not signed by you.

6          THE COURT:  Well, I signed the original, sir.

7          MR. LOVE:  Well, October 21st --

8          THE COURT:  Excuse me, dear.  Okay.  You can

9   always go to the clerk's office and get a certified copy.

10  But you will not get a copy of my signature for many

11  reasons.  People tend to copy it.  I don't like that.

12         MR. LOVE:  You signed this one.

13         THE COURT:  That's right.

14         MR. LOVE:  Your Honor, the reason why I'm here

15  since 2013 is I --

16         THE COURT:  Did you file a pleading?  Is there

17  something that you filed today that you can give me?

18         MR. LOVE:  Yes, I did.

19         THE COURT:  Okay.  Can I please have a copy of

20  that, Mr. Love?  Thank you, dear.  Because I have not seen

21  it today.  Oh, this is interesting.  Just a second.

22                         (A brief pause.)

23         THE COURT:  Okay.  This is up for SOJ for cause;

24  is that correct?

```
 1          MR. LOVE:  Petition to show cause.  Yes.

 2          THE COURT:  You want to disqualify me as the

 3  judge, right?

 4          MR. LOVE:  Yes.

 5          THE COURT:  Okay.  So --

 6          MR. LOVE:  And also --

 7          THE COURT:  Okay.  So this will get sent to Judge

 8  Dickler for hearing.  Not a problem.

 9          MR. LOVE:  Okay.  And then also too is that I

10  don't understand since 2013 I've been showing you police

11  reports of parent interference and you haven't did nothing

12  about it.  I still haven't seen my child.  I did

13  everything you told me to do.  That's violating my rights.

14          THE COURT:  Okay.  I can enter the rule against

15  Natasha Broomfield for her failure to allow parenting

16  time.  But right now I can't do that because you filed the

17  petition to have me dismissed for cause, okay.  Now I

18  would note that you already filed a 383 motion with the

19  Supreme Court, which was denied.  Which you alleged that I

20  was guilty of treason, okay.  But now you filed this and

21  now this has to go to Judge Dickler for reassignment to

22  another judge.  I can't do anything.  I would have -- If

23  you wanted to proceed on that, that will be fine.  If you

24  want, I can do that.  If you want to proceed on the rule
```

1   to have Ms. Broomfield held in contempt, I can do that and

2   I would enter the rule against her because it's a verified

3   pleading, sir.  Absolutely I --

4           MR. LOVE:  Four years.

5           THE COURT:  Sir, I am telling you what I would do,

6   ut you filed an SOJ for cause so as long as that's pending

7   I can't do anything.  Furthermore, you weren't here in

8   court.  You were ordered to be here.  So how are you doing

9   on the payment of the child support?  Because I think you

10  gave her a check for $1.15.  Not so good, okay.

11          MR. LOVE:  I have proof that I take care of my

12  daughter.  I keep receipts.

13          THE COURT:  Sir, there is an order for child

14  support.  You have to pay the child support, okay?

15          MR. LOVE:  Yes.

16          THE COURT:  Okay.  So --

17          MR. LOVE:  I'm paying my child support and I

18  have --

19          THE COURT:  Let me see how you're paying your

20  child support, please, Mr. Love.

21          MR. LOVE:  Your Honor, I don't have the money

22  orders with me.  I came to file that today.

23          THE COURT:  Okay.

24          MR. LOVE:  But I have receipts of that.  But what

5

1    I'm saying to you is that --

2              THE COURT:  Well?

3              MR. LOVE:  What I'm saying is this:  I'm not a bad

4    guy which you know.  I done spent $65,000 in your

5    courtroom for lawyer's.  I want to see my child.  You

6    asked me take these parenting class.  I took the parenting

7    class.  I did everything you wanted and I'm still not

8    seeing my child.

9              THE COURT:  Sir, I could enter the order against

10   Ms. Broomfield and order her to be here.  I can do that.

11   I can do that, okay.

12             MR. LOVE:  But you need to understand my

13   frustration because first of all I'm not seeing my child.

14             THE COURT:  I understand that you're frustrated.

15             MR. LOVE:  I've been telling you that since 2013.

16   That's four years.  Look what's going on in Chicago.

17   Senseless kids getting killed and stuff like that.  I

18   don't even know where my child goes to school at.

19             THE COURT:  There was an order of protection

20   entered against you for two years.  Your child was part of

21   the protected parties because the Court found that the

22   physical abuse occurred in her presence and I ordered you

23   to attend domestic violence classes, which you for a long

24   period of time you didn't exactly do as expeditiously as

1     possible.

2          MR. LOVE:  And why is that, your Honor?  Because

3     they wouldn't --

4          THE COURT:  It was a court order --

5          MR. LOVE:  -- and I had no criminal background or

6     nothing like that.

7          THE COURT:  Sir, it was a court order.  You chose

8     not to follow that court order for a significant period of

9     time.  That is -- I'm glad you did.

10          MR. LOVE:  I have that court order right here.

11          THE COURT:  Sir, listen to me.  I am trying to

12     help you.  Right now the sheriff's can take you away,

13     okay.  You filed a substitution of judge for cause.

14     Technically I can't rule on anything.  What do you want me

15     to do?  My hands are barred.  The rule says that I have to

16     now take this matter to the presiding judge for hearing on

17     the petition for SOJ.  I don't even know if I can quash it

18     is my issue.  I don't know if they can't -- if they have

19     to not take you in custody because I can't do anything.

20          MR. LOVE:  Your Honor --

21          THE COURT:  So you filed two motions.  One is --

22          MR. LOVE:  Part one and part two.

23          THE COURT:  Excuse me.  Part one and part two.

24     Part one is the SOJ for cause.  Part two is the petition

1    for rule.  If you choose to withdraw the SOJ for cause, I

2    can quash the warrant for your arrest and you can proceed

3    to Judge Dickler for -- Strike that.

4           I can enter the rule.  She could be served and we

5    can have a hearing.  And if the Court finds that she's in

6    contempt, I can take the appropriate action.  If you want

7    your hearing on the SOJ for cause, I can't issue the order

8    quashing the warrant for your arrest.  I'm trying to help

9    you here.  I'm trying to help you, Mr. Love.  What do you

10   want to do here?  Do you want to dismiss the SOJ for cause

11   and proceed one the petition to have Ms. Broomfield held

12   in direct civil contempt?

13          MR. LOVE:  Yes.

14          THE COURT:  Good choice.  Okay.  I'll enter an

15   order quashing the warrant.

16          MR. LOVE:  I need to say something.

17          THE COURT:  Say something, Mr. Love.

18          MR. LOVE:  I don't understand why it's so hard.  I

19   mean is it something against me or -- but we all know the

20   truth.  All I want to do is see my child and be in my

21   child's life.  What's so hard about that?  What you think

22   I have right for?  I'm not a slave.  What is so hard?  Why

23   can't you see what's gone for the last four years that she

24   won't let me see my child.

1        THE COURT: I'm not even going to go there, sir.

2        MR. LOVE: I want to be able to see my child

3  today --

4        THE COURT: Sir --

5        MR. LOVE: Judge Loza. I don't want to argue or

6  nothing like that. I just want you to understand what I'm

7  saying because --

8        THE COURT: And I get that.

9        MR. LOVE: -- evidently it's not registering or --

10       THE COURT: Oh, no. It most surely is

11  registering, sir. Do you have a copy --

12       MR. LOVE: I'm not a bad guy. I want to be a

13  father to my child.

14       THE COURT: Sir, do you have a copy of the order

15  for the parenting time?

16       MR. LOVE: No, I don't, your Honor.

17       THE COURT: Can you pull up the order of January

18  giving him parenting time, please?

19       MR. LOVE: I can tell you what it is because I got

20  it memorized.

21       THE COURT: I'm sure you do. Tell me, but I have

22  to check it out just cause.

23       MR. LOVE: No problem.

24       THE COURT: But give it to me. Tell me what it

1    is.

2          MR. LOVE: Okay. During the school year it's

3    every Monday from 3:00 to 6:00 p.m. after school. Every

4    Wednesday from 3:00 to 7:00 after school. And I have

5    biweekly overnights on Friday from 3:00 p.m. to Sunday at

6    7:00 p.m. All holidays, 4th of July --

7          THE COURT: Just a second. Alternate weekends

8    from when, Friday at what time?

9          MR. LOVE: Overnight. From 3:00 p.m. after school

10    to Sunday at 7:00 p.m. Now all of the holidays, which you

11    know -- I have a 12 page parenting plan. I just didn't

12    bring it with me today. I just came to file what I was

13    suppose to do. Also, too after school is out, which

14    school has been out since May 31st --

15          THE COURT: Okay. Just a second. This is not the

16    right order. Did we ever order parenting time for him?

17          MR. LOVE: There is no order that has the days,

18    the odds and evens and stuff. I have that at home. It's

19    suppose to be attached to that right there.

20          THE COURT: This isn't attached to it, dear.

21          MR. LOVE: No, what I'm saying --

22          THE COURT: Do you have anything with his

23    parenting time, please?

24          MR. LOVE: And spring break.

1          THE COURT:  Just one second.  You set this date.

2    Why are you even here today?  Because I'm sorry.  It's my

3    mistake.  But this court date is set for July --

4          MR. LOVE:  Yeah.  I came in to ask what do I need

5    to do for these last four years to see my child because

6    evidently I can't see my child.  That's why I came up here

7    to see you.  I'm surely not running from you.

8          THE COURT:  No, I know that.  I know.

9          MR. LOVE:  I want to see my child and be in my

10   child's life because my child's mother --

11         THE COURT:  Well, I'm glad you did --

12         MR. LOVE:  -- your friend won't let me see her.

13         THE COURT:  -- because now we're vacating the

14   warrant for your arrest.  So that's a good thing.  Okay.

15         MR. LOVE:  I didn't even know nothing about that.

16         THE COURT:  You're lucky the sheriff didn't pick

17   you up.

18         MR. LOVE:  For something I can't and didn't know

19   about.  Yeah.

20         THE COURT:  This is the warrant.  Here.

21         THE CLERK:  (Inaudible).

22         MR. LOVE:  10/21/2013.  October 21st, 2013.  I

23   remember because you gave me just Monday from 3:00 to 7:00

24   and I petitioned the Court for a whole year every two

1    weeks.  Remember that?  And then you gave me more.  I got

2    everything up here.

3            THE COURT:  When was the last time you saw her?

4            MR. LOVE:  Two years ago.  Two years plus now.  We

5    both know that my child mother knows and has the rights.

6    I've been keeping her in court for four years petitioning.

7    She knows all this, but you know she gets away with it.

8    How can she get away with it?  I done petitioned the Court

9    four straight years the same thing.  Four different

10   lawyer's the same thing.  Parenting interference

11   violation, police reports.  You have them.  40 police

12   reports each one you get from the police department is $5.

13   You add the child support.  I had that $200 in child

14   support too.

15           THE COURT:  It also has temporary child support of

16   $96 biweekly.

17           MR. LOVE:  We both know that.  You entered that.

18   And, you know, I've been paying child support.  Paying

19   tuition and stuff like that, but she still won't let me

20   see my child.

21           THE COURT:  Okay.  You entered the quash aren't,

22   right?

23           THE WITNESS:  Why isn't there a warrant issued for

24   her?

1          THE COURT:  Because she wasn't found in contempt
2     of court.
3          MR. LOVE:  Oh, wow.
4          THE COURT:  You filed a petition because I just
5     can't just cant do it, but now --
6          MR. LOVE:  The last four years.
7          THE COURT:  Excuse me.  The last two years --
8          MR. LOVE:  The last four years.
9          THE COURT:  Sir, I'm not even going to go there.
10    But you filed a petition.  I'm going to issue the -- I
11    can't.  It's set for July 24th, isn't it?  Isn't set for
12    July 24th on that petition?
13         MR. LOVE:  But the thing I just want you to
14    understand and I'm not trying to -- but, I mean, you have
15    to understand by being a parent what I'm going through.
16    Since January 4th I still haven't seen my child.  So she's
17    guilty on all counts.  You can't get around that.  And to
18    show you I don't want to fight and get into it with her
19    with my her, where I'm the bigger person, I get a police
20    escort over there.  She knows I'm suppose to see my child.
21    That's the only reason I'm there.  I'm the petitioner.
22         THE COURT:  Did you ever think that maybe you
23    don't want to go with a police escort every time you see
24    Kaylee or you go to see Kaylee?

1        MR. LOVE: Oh, really? So she can lie on me like

2   she dropped two tears in a bucket like she did to you or

3   flash a (Inaudible) to you and say that I punched her and

4   hit and she had no physical evidence, no medical records,

5   no nothing. I'm 280 pounds.

6        THE COURT: Sir, I've been doing this for a long

7   time.

8        MR. LOVE: I see. I just want my justice. To see

9   my child. And I'm not bending for nobody. I'm not going

10  anywhere until I get my rights.

11       THE COURT: Sir, raise your right hand.

12               (Respondent sworn.)

13       THE COURT: Sir, do you want to withdraw your

14  petition for SOJ for cause.

15       MR. LOVE: What is SOJ for cause? What does that

16  mean?

17       THE COURT: A petition for substitution of judge

18  for cause. Do you want to withdraw that?

19       MR. LOVE: Yes. I also want to know --

20       THE COURT: Just a second, please.

21       MR. LOVE: I would like a body attachment for my

22  child's mother.

23       THE COURT: So this is the way this plays out --

24       MR. LOVE: Because this has been happening too

1    many times.

2         THE COURT:  All right.  Sir, it's called due

3    process.  So this is the way this works, you file a

4    petition for indirect civil contempt, which you did.  It's

5    up for presentment next time on July 24th because that's

6    when you're going to notice it up because that's what the

7    motion says.  At that time the Court because it's a

8    verified petition can issue a rule against Ms. Broomfield.

9    And at that time the burden shifts to her to show just

10   cause why she should not be held in direct contempt.  The

11   court can hear it instanter or perhaps give it a date.  I

12   don't know yet.  At that time the burden shifts to her.

13   If I find that she has not just cause, I can give her the

14   appropriate sanctions.  Okay.  That's how this works.  I

15   can't give her an order today because it's called due

16   process.  I would give the same thing to you, which I gave

17   to you when you didn't pay the child support.  So that's

18   how that's working.

19        MR. LOVE:  Judge Loza, I near had over 10 of

20   theses same motions so you know she's guilty of that.  You

21   know I have police reports.

22        THE COURT:  I can't just presuppose.  I don't know

23   the answer.  It's called due process.  I'm telling you

24   everything I can to help you.

1          MR. LOVE:  Why does she get away with murder?

2   Why?  You know I haven't seen my child.  So I'm just

3   suppose to still wait, wait, wait?  What did I fight for?

4   What did I spend --

5          THE COURT:  Sir, if you notice in the order today

6   I also said in the order that the order of October 13th,

7   2015, or whatever the date is, 2013 October, that order is

8   going to be attached and it remains in full force and

9   effect.  You can go and you can pick up your child that's

10  the best I can do.

11         MR. LOVE:  Say that again.  I didn't hear you.

12         THE COURT:  You can go and pick up your child

13  pursuant to the terms of the parenting agreement.

14         MR. LOVE:  Right now?

15         THE COURT:  Sir, whatever the order says in it --

16         MR. LOVE:  I'm just trying to understand you,

17  ma'am.

18         THE COURT:  When you have parenting time according

19  to that order.  Okay.  That's the order.  Thank you.

20         MR. LOVE:  She's suppose to be with me every day

21  spend the night and everything.

22         THE COURT:  That's not what this order says.

23  Okay.  It says you get Monday's and Wednesday's and

24  alternate weekends.

17

1        MR. LOVE: That's when there's school. School is

2  out. What I'm saying there's two more pages that you

3  don't have that I have at home. The parenting agreement.

4        THE COURT: I have this. Okay. So thank you.

5  That's the best that was given to me today. Thank you.

6  You have parenting time on Wednesday. Enjoy.

7        MR. LOVE: And also too I want what I said on

8  record I want a copy of that too.

9        THE COURT: You can pay for it.

10        MR. LOVE: Okay. Well, I want that. I need

11  information to do that.

12        THE COURT: All right. She'll give you the

13  information today. Not a problem.

14        MR. LOVE: And also too I need a copy of -- I

15  asked the clerk for a copy of the warrant.

16        THE COURT: Absolutely. Keep it with you in your

17  wallet for six months.

18        MR. LOVE: All right. And I want the original. I

19  want that too that's what I'm saying.

20        THE COURT: You don't get the original. You don't

21  get my signature hard copy, sir. No way no how.

22        MR. LOVE: So the police officer's not going to do

23  nothing to her. Okay. (Inaudible) a civil.

24        THE COURT: Sir, please. Excuse me. Can I help

1   you?  Would you like to go to the lower level and get a
2   certified copy?  Not a problem.  You're just not suppose
3   to have my signature.  I don't know why you had it, but
4   you're not suppose to have my signature.  You can go down
5   to the lower level and you can get a certified copy of
6   that.  Not a problem.  It's your right.  Have a seat,
7   please.
8                      (Conclusion of today's proceedings.)
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

```
 1    STATE OF ILLINOIS   )
                          )
 2    COUNTY OF COOK      )
```

 3          IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
            COUNTY DEPARTMENT - DOMESTIC RELATIONS DIVISION

 4

 5                I, MAGDALENA PEREZ, C.S.R., an Official

 6    Court Reporter for the Circuit Court of Cook County,

 7    County Department, Domestic Relations Division, do

 8    hereby certify that I reported in shorthand the

 9    proceedings had at the hearing of the above-entitled

10    cause before the Honorable Pamela Loza, and that I

11    thereafter caused the foregoing to be transcribed into

12    typewriting, which I hereby certify to be a true and

13    correct transcript of the proceedings had as previously

14    aforesaid.

15

16

17

18                        _____
                          MAGDALENA PEREZ, C.S.R.
19                        Official Court Reporter
                          Illinois C.S.R. #084-004569

20

21

22

23    Dated this 19th, day of
      July, A.D., 2017.
24

                                 20
```